UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 15-12939-LTS |
| SAVIN HILL FAMILY CHIROPRACTIC, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTIONS FOR REAL ESTATE
AND TRUSTEE PROCESS ATTACHMENTS

July 21, 2015

SOROKIN, J.

      Metropolitan seeks real estate and trustee process attachments to secure funds it asserts it will obtain from the final judgment on its claims of fraud and violation of Chapter 93A. In order to prevail, Metropolitan must establish: 1) a reasonable likelihood that it will recover a judgment 2) in an amount equal to or greater than the amount of the attachment, and 3) in excess of any liability insurance available to satisfy the judgment. Metro. Prop. & Cas. Ins. Co. v. Boston Reg'l Physical Therapy, Inc., 550 F. Supp. 2d 199, 201 (D. Mass. 2008); Latorraca v. Centennial Technologies Inc., 583 F. Supp. 2d 208, 211 (D. Mass. 2008) aff'd sub nom. Latorraca v. Taniki Fin. Corp., 393 F. App'x 730 (1st Cir. 2010). In general, Metropolitan alleges a scheme to defraud it by fraudulent billing practices of two chiropractic entities, their owners, certain employees, and various related individuals. Insofar as Metropolitan contends, as it appeared to do during the motion hearing, that it may prevail against all defendants with a general allegation

of conspiracy without making a showing that each defendant knowingly participated in the alleged fraud, the Court disagrees.  See, e.g., Boston Reg'l Physical Therapy, Inc., 550 F. Supp. 2d at 201 (holding that conspiracy under Massachusetts law requires, inter alia, showing either a "joint agreement to deceive" or "an agreement . . . to do a wrongful act" either of which requires knowing participation in the conspiracy by each defendant alleged to be a member of the conspiracy).

Metropolitan has met its burden of proof, and the Motion, Doc. No. 18, ALLOWED as to Savin Hill Family Chiropractic, Logan Chiropractic, Metro Coach, and the owners of the chiropractic entities, Tony Ramos and Kenneth Ramos.  The allowance of this Motion is subject to the following two conditions.  First, after the above-named Defendants appear in this action, they may seek to dissolve the attachments or otherwise seek reconsideration of the Court's Order (which has been rendered without the benefit of a response from those defendants though they were served and had an opportunity, albeit brief, to respond) subject to opposition from the Plaintiff.  Second, though this Order does not specifically so provide, the parties are encouraged to negotiate reasonable exceptions for ordinary and reasonable expenditures of the entities and individuals.

Insofar as Plaintiff seeks real estate and trustee process attachments against the remaining defendants, the Motion remains under advisement.

                          SO ORDERED.

                            /s/ Leo T. Sorokin
                          Leo T. Sorokin
                          United States District Judge