UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 15-12939-LTS |
| SAVIN HILL FAMILY CHIROPRACTIC, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

SECOND ORDER ON MOTION FOR REAL ESTATE
AND TRUSTEE PROCESS ATTACHMENTS

July 22, 2015

SOROKIN, J.

The Court incorporates herein its prior partial ruling on Metropolitan's Motion for Real Estate and Trustee Process Attachments, Doc. No. 32.  That Motion remains pending against several defendants.

The Motion is ALLOWED as to Defendant Richard McGovern.  McGovern was the Chiropractor of Record, Doc. No. 13-1 ¶¶ 30, 37, making him responsible for the entities' compliance with the laws of the Commonwealth and all of the regulations issued by the governing board of registration of chiropractors.  Mass. Gen. Laws c. 112, § 94A; 233 Mass. Code Regs. 5.03.  Given the nature of the billing fraud alleged by Metropolitan and supported by the affidavits it submits, Metropolitan has established a likelihood of success as to McGovern. However, the trustee process attachment shall exclude reasonable and ordinary expenses, a matter in the first instance the parties shall seek to resolve among themselves.

The Motion is ALLOWED as to Defendants Brandy Soto and Heger Asenjo, and William Hernandez.  In light of the evidence submitted regarding their illegal referrals, Metropolitan has established a likelihood of success.  However, the trustee process attachment shall exclude reasonable and ordinary expenses, a matter in the first instance the parties shall seek to resolve among themselves.

The Motion is DENIED WITHOUT PREJUDICE as to the remaining chiropractor and so-called chiropractic assistant defendants.  Without more detailed information, either as to the particular role an individual served (in the fraud or at one of the entities) or the individual's knowing participation in the fraud, Metropolitan has not made the necessary showing to obtain the relief it seeks.  While the specific evidence submitted supports a reasonable likelihood of success against the entities, among others, it does not necessarily support such a finding against any particular medical provider defendant.  See, e.g., Doc. No. 13-1 ¶ 143, at 34 (making assertion that patient R.C. denied interaction with or seeing a licensed chiropractor at every visit and that R.C.'s statement contradicted the medical records provided by Defendant-entity but failing to identify the chiropractor or other individual responsible for generating the documents or bills arising from these visits).[1]  In these circumstances, the more sweeping statements offered as evidence, see Doc. No. 13-1 ¶¶ 115-39, are insufficient.  The Court denies the Motion without prejudice because the evidence currently before the Court, coupled with additional evidence or more detail, might establish a reasonable likelihood of success.

SO ORDERED.

   /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[1]  Metropolitan does submit one such piece of specific evidence, Doc. No. 13-1 ¶ 143, at 34-35 (entry referring to patient C.F.), but that entry, standing alone, is insufficient to support the necessary inference of involvement in the alleged fraud in light of the totality of the evidence.