UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:15-CV-12939-LTS

METROPOLITAN PROPERTY AND )
CASUALTY INSURANCE COMPANY, )
et als., )
    Plaintiffs, )
)
    v. )
)
SAVIN HILL FAMILY CHIROPRACTIC, INC., )
et al., )
    Defendants. )

**PLAINTIFFS, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY AND THE COMMERCE INSURANCE COMPANY'S OPPOSITION TO JEFFREY S. GLASSMAN AND LAW OFFICES OF JEFFREY S. GLASSMAN, LLC'S SPECIAL MOTION TO DISMISS ALL STATE LAW CLAIMS AGAINST THEM AND FOR AN AWARD OF ATTORNEY'S FEES AND EXPENSES**

**I.   INTRODUCTION**

NOW COME the Plaintiffs, Metropolitan Property and Casualty Insurance Company ("Metropolitan") and The Commerce Insurance Company ("Commerce"), in the above-captioned action, and hereby submit their Opposition to the Defendants, Jeffrey S. Glassman ("Glassman") and Law Offices of Jeffrey S. Glassman, LLC's ("Glassman Law Office")(collectively "the Glassman Defendants") Special Motion to Dismiss all State Law Claims against them and for an award of attorney's fees and expenses ("Special Motion") (Doc. Nos. 344-346), and respectfully request that this Honorable Court deny the Glassman Defendants' Special Motion under M.G.L. c. 231, §59H ("the Massachusetts Anti-SLAPP Statute").

As reasons therefore, the Plaintiffs state that the Glassman Defendants have not only failed to meet their burden of proof under the anti-SLAPP Statute, but have intentionally omitted the entirety of the standard setting forth the Glassman Defendants' burden of proof, knowing that

they cannot satisfy the actual burden, and thus, the Second Amended Complaint ("SAC") (Doc. No. 304) is not subject to dismissal under the Anti-SLAPP Statute. More specifically, the Glassman Defendants intentionally and improperly assert that their initial burden is limited to only a, "threshold showing that the claim[s] against [them are] 'based on' [Glassman's] petitioning activity." See Special Motion at pp. 6 and 10. However, the Glassman Defendants' version and interpretation of the standard does not comport with the law governing their burden of proof. Indeed, under clear and unambiguous Massachusetts law, the Glassman Defendants bear the initial burden of "demonstrating that the activity at issue is 'petitioning' activity <u>within</u> the purview of the anti-SLAPP statute <u>and</u> that **<u>the claims in the litigation are 'based on' the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities</u>**." Fabre v. Walton, 436 Mass. 517, 522 (2002); quoting, Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 167-168 (1998) (emphasis supplied) (internal quotations omitted). The Glassman Defendants' intentional omission of the totality of the legal standard, reflects their failure to properly plead that what would ultimately be the basis for the denial of their Motion as the Plaintiffs' SAC is clearly not violative of this standard.

Analyzing the Plaintiffs' SAC using the actual burden of proof under the Anti-SLAPP Statute, it is clear that the Glassman Defendants cannot meet their initial burden of proof as the vast majority of the activity giving rise to the Plaintiffs' Massachusetts state law claims against them are not based at all on petitioning activity. The Plaintiffs' SAC sets forth numerous particular factual allegations regarding the Glassman Defendants direct involvement, knowledge of, and participation in the Defendants' complex scheme to defraud the Plaintiffs of insurance benefits, including, but not limited to: the longstanding illicit and illegal referral relationship by and between the Glassman Defendants themselves as well as with the Defendants, Savin Hill

Family Chiropractic, Inc. ("Savin Hill") and Logan Chiropractic, Inc. ("Logan Chiro") (collectively "Clinic Defendants"), which is facilitated by employing the Defendants, Brandy Soto ("Soto"), an owner of the Clinic Defendants, and Heger Asenjo ("Asenjo") under the fictitious titles of paralegal a/k/a "traveling paralegal" to disguise the fact that they are runners, as defined by M.G.L. c. 221, §43 and M.G.L. c. 266, §111C, for the Glassman Defendants and the Clinic Defendants; the improper and unlawful solicitation and recruitment of Metropolitan and Commerce claimants to seek unwarranted, unlicensed, predetermined, unnecessary and unreasonable chiropractic treatment ("fraudulent treatment practices") at the Clinic Defendants; the Glassman Defendants' employee's active participation in the development and implementation of the fraudulent treatment practice and protocol administered to Metropolitan and Commerce claimants at the Clinic Defendants; their employees, Soto and Asenjo's knowing and willful participation in the preparation and/or completion of patient in-take forms and other medical records from the Clinic Defendants; and, their knowing and willful submission of fraudulent claims for Personal Injury Protection ("PIP") and Bodily Injury ("BI") benefits. The Glassman Defendants' Special Motion completely ignores the allegations in the SAC as plead in detail by the Plaintiffs, because such activity is clearly not "petitioning activity" under the purview of the Anti-SLAPP Statute, thereby requiring the Court's denial of the Glassman Defendants' Special Motion.

It is undisputed that the Plaintiffs have plead "non-petitioning" activities which do not fall within the Anti-SLAPP Statute. In fact, the State Law Claims, in large part, sound in fraud, deceit, conspiracy, bad faith and statutory violations. Furthermore, the intentional and knowing submission of fraudulent insurance claims are not and should not be protected, "petitioning activities" under the Anti-SLAPP Statute because the intent of the Statute is to protect citizens'

first amendment rights, not prevent litigation of fraud cases. See People ex rel. Fire Ins. Exch. v. Anapol, 211 Cal. App. 4th 809, 829–30 (2012); Kobrin v. Gastfriend, 443 Mass. 327, 332–333 (2005). Moreover, the allegations relating to the Glassman Defendants' submission and prosecution of fraudulent insurance claims on behalf of Metropolitan and Commerce claimants are a portion of the activities that give rise to the Plaintiffs' state law claims set forth in the SAC, and thus, said claims are not 'based on' the Glassman Defendants' "petitioning activities alone." Duracraft, supra, at 167-168. Therefore, because the vast majority of the Glassman Defendants' activities alleged in the SAC are not "petitioning activities" under the Anti-SLAPP Statute and the claims in this litigation are not "based on…petitioning activities alone and have…[a] substantial basis other than or in addition to the petitioning activities," the Glassman Defendants have failed to satisfy their burden of proof under the Anti-SLAPP Statute as a matter of law. Id. Accordingly, the Glassman Defendants' Special Motion under the Anti-SLAPP Statute should be denied.

## II. REVELANT FACTUAL ALLEGATIONS

This action arises out of the Plaintiffs' claims, *inter alia,* that the Glassman Defendants, as well as all of their co-conspirator Defendants, intentionally, knowingly, willfully and actively participated in a fraudulent scheme designed to wrongfully obtain insurance benefits from the Plaintiffs based upon the Clinic Defendants' fraudulent chiropractic records and bills. The SAC provides an overview of the Defendants' involvement in a systematic fraud scheme designed to wrongfully obtain monetary payments, through the submission of false and inflated insurance claims, from Metropolitan and Commerce, as well as the role each Defendant and/or group of Defendants, including the Glassman Defendants, play within the Defendants' comprehensive organizational structure utilized to accomplish their conspirital scheme to defraud the Plaintiffs.

See SAC, at ¶¶1-39. The SAC then provides no less than 415 particular factual allegations describing, in great detail, the organization structure of the fraud scheme, the specific roles and activities committed by the Defendants, including the Glassman Defendants, in furtherance of the conspiracy to defraud the Plaintiffs. Id. at ¶¶40-454. The Defendants' activities described over these 415 allegations provide the factual and legal basis for which the State Law Claims arise. Despite the numerous detailed allegations establishing the Glassman Defendants' intentional involvement, knowledge of, and participation in the Defendants' scheme to defraud the Plaintiffs of insurance benefits, the Glassman Defendants' Special Motion as well as the Declaration of Glassman Law Office's employee, Michael D'Isola, Esq., submitted in support thereof, falsely assert that the factual allegations pertaining to the Glassman Defendants appear in only four (4) Paragraphs of the SAC, ¶¶310-312 and 356. By doing so, the Glassman Defendants' attempt to limit their involvement in the Defendants' fraudulent scheme to the submission and prosecution of fraudulent insurance claims so as to fall within the Anti-SLAPP State and seek dismissal of this lawsuit. Such a position is wholly without merit, and represents, another attempt by the Glassman Defendants to ignore the totality of this case in an effort to improperly circumvent their liability for their improper and illegal activities by filing pleadings they know to be only partially, if at all, accurate.

Indeed, the SAC contains numerous allegations describing the intrinsic and illicit relationship between Glassman Law Office and the Clinic Defendants, the Glassman Defendants' illegal and improper referral relationship with their own employees and with the Clinic Defendants in furtherance of the scheme, the unlawful solicitation and recruitment of Metropolitan and Commerce claimants, their and/or Glassman Law Office's employees direct participation in the preparation and completion of fraudulent patient in-take forms and medical

records on behalf of their clients and the Plaintiffs' claimants, Glassman Law Office's employee, Soto's direct and active participation in the development and implementation of the Clinic Defendants' fraudulent treatment practices and billing protocols, their intentional submission of fraudulent claims based on the Clinic Defendants' fraudulent chiropractic records and bills, their prosecution of such fraudulent claims, and the financial gain for such activities. Id. at ¶¶40-62, 70-79, 88-98, 163-301, 310-312 and "Exhibits A through C." Clearly, these allegations go well beyond the claimed four (4) "operative" paragraphs the Glassman Defendants would like the Court to believe.

In further support of this Opposition and more specifically, the SAC alleges the following activities of the Glassman Defendants in furtherance of the Defendants' fraudulent scheme to wrongfully obtain insurance benefits from Metropolitan and Commerce:

- The Glassman Defendants employ Soto and Asenjo under the fictitious title of paralegal a/k/a "traveling paralegal" to disguise the fact that they compensate Soto and Asenjo for their illegal and improper referrals and roles as "runners," as defined by M.G.L. c. 221, §43, and M.G.L. c. 266, §111C, between the Glassman Defendants and the Clinic Defendants, as well as Soto's execution of a purported agreement, affidavit and/or document to purportedly protect and/or absolve the Glassman Defendants from the same illegal conduct they employ him to engage in (¶¶47-48, 170-171, 199-201);

- The Glassman Defendants and their employees, Soto and Asenjo's identification, recruitment, meeting and solicitation of Metropolitan and Commerce claimants inside Savin Hill and Logan Chiro, at their homes, places of business and other locations; Soto paying for claimants recruited and/or solicited on behalf of the law firm; Soto, Asenjo and the Glassman Law Office maintaining referral sources and/or contacts employed by the Boston Medical Center that provide them with claimants' names and contact information; obtaining Boston Police Reports and then contacting the parties listed on the police reports; soliciting and/or recruiting the Plaintiffs claimants to leave their treating medical providers in order to treat at the Clinic Defendants; and, soliciting and/or recruiting the Plaintiffs claimants to leave their current attorneys or law firms in order to be represented by the Glassman Defendants, including Glassman personally (¶¶163-208);

- The Glassman Defendants' knowledge of their employee, Soto's role as an owner of the Clinic Defendants, and his direct and active participation in the

development and implementation of the Clinic Defendants' fraudulent treatment practices and billing protocols, as well as the Glassman Defendants' employees' active participation in the preparation and completion of patient in-take forms and medical records on behalf of their clients and the Plaintiffs claimants (¶¶178,189, 221-225, Exhibit "A"); and,

- The Glassman Defendants knowing and intentional submission and prosecution of fraudulent insurance claims on behalf of Metropolitan and Commerce claimants that received the Clinic Defendants' fraudulent treatment program, the Glassman Defendants' knowledge of the fraudulent treatment practices and billing protocols, and the financial gain realized by the Glassman Defendants' activities in furtherance of the fraudulent scheme (¶¶277-312, Exhibit "A").

Similar to the Glassman Defendants' prior conduct in this litigation, it is clear that they have intentionally avoided even acknowledging that these allegations are plead within the four corners of the SAC, in their Special Motion knowing that they are fatal to their baseless position that the SAC is based solely on petitioning activities. Their omission of these allegations is likely an explanation for the Glassman Defendants' omission of the entire standard governing their initial burden of proof under the Anti-SLAPP Statute, as it is equally fatal to their Special Motion.

### III. LEGAL ARGUMENT

#### A. Special Motion To Dismiss Under Anti-SLAPP Statute Standard

The Massachusetts anti-SLAPP statute provides, in part, that:

> *In any case in which a party asserts that the civil claims… against said party are based on said party's exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss.*

M.G.L. c. 231, § 59H. "The typical mischief that the legislation intended to remedy was lawsuits directed at individual citizens of modest means for speaking publicly against development projects." Duracraft, supra, at 161-162. "SLAPP suits have been characterized as generally meritless suits brought by large private interests to deter

common citizens from exercising their political or legal rights or to punish them for doing so." Id. quoting, Wilcox v. Superior Court, 27 Cal.App.4th 809, 816–817 (1994), citing Pring, SLAPPs: Strategic Lawsuits Against Public Participation, 7 Pace Envtl. L.Rev. 3, 5–6, 9 (1989).

"The objective of SLAPP suits is not to win them, but to use litigation to intimidate opponents' exercise of rights of petitioning and speech." Id. However, the Supreme Judicial Court of Massachusetts has recognize that, "because the Massachusetts anti-SLAPP statute "makes no provision for a plaintiff to show that its own claims are not frivolous, the statute could be misused to allow motions for expedited dismissal of nonfrivolous claims in contravention of the Legislature's intent." In re Discipline of Attorney, 442 Mass. 660, 673–74 (2004). As such, the Supreme Judicial Court adopted the two-prong test set forth in Duracraft to ensure that the Anti-SLAPP Statute was consistent with the Legislature's intent. The two-prong test requires the Glassman Defendants to satisfy the initial burden by establishing that: (1) "the activity at issue is petitioning activity within the purview of the anti-SLAPP statute and that the claims in the litigation are based on the petitioning activities alone," and (2) that the activities at issue "have no substantial basis other than or in addition to the petitioning activities." Duracraft, supra, at 167-168. Here, the Glassman Defendants' Special Motion not only fails to acknowledge this standard, but falls woefully short of satisfy this two-prong test. To allow this Special Motion as plead would allow for the submission of false insurance claims by the Glassman Defendants and potentially other firms and lawyers, by simply claiming that the submission of such false claims under the guise of petitioning activity. For this and other reasons, public policy warrants the denial of the Glassman Defendants' Motion.

Only after the moving party has satisfied its burden of proof under the Anti-SLAPP Statute does the burden shift to the non-moving party to prove that: "(1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party." M.G.L. c. 231, §59H; Duracraft, supra, at 168. Because the Glassman Defendants have not and cannot satisfy their initial burden of proof under the Anti-SLAPP Statute, the burden of proof has not shifted to the Plaintiffs. Even assuming *arguendo* that the Glassman Defendants' actions (i.e. the knowing and intentional prosecution of fraudulent claims on behalf of Metropolitan and Commerce claimants, based upon fraudulent chiropractic records and bills that are the result of fraudulent treatment practices and billing protocols developed and implemented, in part, by the Glassman Defendants' employee, Soto) could possibly be construed as petitioning activities, said fraudulent activities and conduct is clearly devoid of any reasonable factual support or any arguable basis in law, and has caused actual injury to the Plaintiffs as is properly plead in the SAC (¶¶417-454).

    **B.**    **The Glassman Defendants Have Failed To Satisfy Their Burden of Proof under the Anti-SLAPP Statute**

The Plaintiffs' State Law Claims against the Glassman Defendants are not based on the petitioning activities of the Glassman Defendants alone and have a substantial basis other than or in addition to the limited petitioning activities described in the SAC. Petitioning activity is defined under the statute as including, "any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding..." M.G.L. c. 231, §59H.

"SLAPP suits target people for reporting violations of law, writing to government officials, attending public hearings, testifying before government bodies, circulating petitions for signature, lobbying for legislation, campaigning in initiative or referendum elections, filing agency protests or appeals, being parties in law-reform lawsuits, and engaging in peaceful boycotts and demonstrations." Duracraft, supra, at 161-162; quoting, Pring, supra at 5. Although attorneys can enjoy the protections of the Anti-SLAPP Statute, an attorney may not claim the protection of the anti-SLAPP statute for publishing statements … in hopes of, attracting potential clients" and "statements of a commercial nature" are not protected under the purview of the anti-SLAPP Statute. Cadle Co. v. Schlichtmann, 448 Mass. 242, 252–54 (2007). Indeed, attorneys are protected when sued for "voicing the positions of a petitioning client," however, the Supreme Judicial Court has rejected the Glassman Defendants' argument that "all statements in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding," are petitioning activity. Id., quoting, Global NAPS, Inc. v. Verizon New England, Inc., 63 Mass.App.Ct. 600 (2005); see also, Kobrin v. Gastfriend, supra at 332, 821 N.E.2d 60 ("[T]he statute is designed to protect overtures to the government by parties petitioning in their status as citizens.). The commission of insurance fraud under the pretext of lawyering is not protected petitioning activity under the purview of the Anti-SLAPP Statute.

In this case, the allegations giving rise to the Plaintiffs' State Law Claims against the Glassman Defendants are not based on their alleged petitioning activities alone. Indeed, none of the following activities are petitioning activities protected under the Anti-SLAPP Statute: the Glassman Defendants and their employee-paralegal Defendants' illicit and illegal recruit and solicitation of Metropolitan and Commerce claimants; the Glassman Defendants' illegal and

improper referral relationship with the Clinic Defendants; their employees direct and active participation in the development of the fraudulent treatment practices and billing protocols administered at the Clinic Defendants; or, their employees' direct and active participation in the completion and preparation of fraudulent patient in-take forms and medical records on behalf of Metropolitan and Commerce claimants treating at the Clinic Defendants. These activities alone require the denial of the Special Motion as they are not petitioning activities and they provide a substantial basis other than the limited, if any, petitioning activities alleged in the SAC.

Moreover, in California, another state with an Anti-SLAPP Statute and one that was specifically addressed by the Supreme Judicial Court in developing the two-prong test set forth in Duracraft, the mere submission of an insurance claim "cannot be transformed from a simple claim for payment submitted in the usual course of business into protected prelitigation conduct solely on the basis of the subjective intent of the attorney submitting the claim." People ex rel. Fire Ins. Exch. v. Anapol, 211 Cal. App. 4th 809, 829–30 (2012); People ex rel. 20th Century Ins. Co. v. Building Permit Consultants, Inc., 86 Cal.App.4th 280 (2000). Indeed, the California Appellate Court held in Anapol that the anti-SLAPP statute did not apply to a suit alleging that attorneys submitted false insurance claims. Furthermore, anti-SLAPP Statutes are not intended to protect tortious or illegal conduct or speech. Bible & Gospel Trust v. Twinam, 2009 WL 1707524 (D.Vt. 2009).

Here, neither the Glassman Defendants' submission of fraudulent insurance claims based on the Clinic Defendants' fraudulent chiropractic records and bills, nor the Glassman Defendants and/or their employees, Soto and Asenjo's illicit and illegal recruitment, solicitation and runner activities constitute petitioning activities protected under the Anti-SLAPP Statute. However, said activities are integral components of the Defendants' complex fraud scheme, and thus

precisely why they are pled in the SAC and ignored by the Glassman Defendants in their Special Motion. Moreover, the Plaintiffs 'state law claims against the Glassman Defendants do not arise out of the fact that the Glassman Defendants represent Metropolitan and Commerce claimants in the submission and prosecution of insurance claims, but instead, as a result of their direct participation and involvement in the Defendants fraudulent scheme to improperly obtain insurance benefits from the Plaintiffs based on fraudulent chiropractic records and bills from Savin Hill and Logan Chiro. Indeed, one of the Glassman Defendants' counsel advised Plaintiffs' counsel that with regard to Metropolitan and Commerce claimants, whose claims are unrelated to the allegations in this case, business is to be conducted in its normal and usual course, and thus, that the Plaintiffs and their undersigned counsel are permitted to communicate directly with the Glassman Defendants and their employees on unrelated claims. Accordingly, Attorney D'Isola's subjective opinion that "the Plaintiffs have brought their claims against the Glassman Law Office and Glassman in retaliation for the work we do petitioning on behalf of clients...,as well as to impose a chilling effect on those petitioning efforts" is not only without any basis in law or fact, but insufficient to convert the Glassman Defendants submission of insurance claims on behalf of Metropolitan and Commerce claimants, who treated at Savin Hill or Logan Chiro, into petitioning activity within purview of the Anti-SLAPP Statute, and thereby similarly fatal to the Glassman Defendants' Special Motion.

    The Plaintiffs' State Law Claims relating to the Glassman Defendants' purported petitioning activity, if any, do have a substantial basis other than and in addition to the alleged petitioning activities, and thus, the Special Motion must be denied. The Massachusetts Supreme Judicial Court added the second prong of the two-prong test to prevent plaintiffs from misusing

the Anti-SLAPP Statute. In <u>In re Discipline of Attorney</u>, 442 Mass. 660, 673-674 (2004), the Court held that:

> we recognize that, because the Massachusetts anti-SLAPP statute "makes no provision for a plaintiff to show that its own claims are not frivolous," <u>Duracraft Corp. v. Holmes Prods. Corp., supra</u> at 165, 691 N.E.2d 935, the statute could be misused to allow motions for expedited dismissal of nonfrivolous claims in contravention of the Legislature's intent. To address this concern, we adopted a construction of the statute that would prevent dismissal of suits raising "meritorious claims with a substantial basis other than or in addition to the petitioning activities implicated." <u>Id.</u> at 167, 691 N.E.2d 935.

Courts in other Anti-SLAPP jurisdictions that only require the moving party to show the underlying activity is petitioning activity to satisfy the initial burden and have not implemented the more stringent two prong test that governs Massachusetts Anti-SLAPP Motions, have nonetheless found that petitioning activity alone is insufficient for dismissal under Anti-SLAPP, and that "one party's protected activity may have triggered the other party's cause of action does not necessarily mean the cause of action arose from the protected activity." <u>Friends of Moon Creek v. Diamond Lake Improvement, Ass'n, Inc.</u>, No. CV-13-0396-JLQ, 2014 WL 11514264, at *3–4 (E.D. Wash. Sept. 22, 2014); quoting, <u>City of Seattle v. Egan</u>, 179 Wash.App. 333, 341 (2014). Thus, the mere fact that the Plaintiffs allege that the Glassman Defendants prosecute fraudulent insurance claims as part of the Defendants' fraudulent scheme does not mean the Plaintiffs lack a substantial basis for their claims other than or in addition to the Glassman Defendants purported petitioning activity. In <u>Friends of Moon Creek</u>, the Court analyzed an insurance fraud case similar to this action and held:

> <u>In Allstate Ins. Co. v. Tacoma Therapy</u>, 2014 WL 1494100 (W.D. Wash. 2014), Allstate filed suit alleging that defendants had conspired to obtain insurance payments for medical services that were either not medically necessary or not actually performed.

13

> Defendants counterclaimed for conspiracy, defamation, and tortious interference, and Allstate moved to strike the counterclaims based on the Anti- SLAPP statute. Even though the district court found that all the counterclaims were based solely on the fact that Allstate [ ] filed this lawsuit, it found the Anti-SLAPP statute did not apply because the counterclaims were not based on an action involving public participation and petition. The court found Allstate's actions were more in the nature of a private dispute and there is also no First Amendment issue in this case. Despite the district court having found that all the counterclaims were based solely on Allstate's filing of a lawsuit (a First Amendment protected activity), something more is required.

Id.

Although litigation does sometime ensue after the submission of said claims, that alone does not mean the Plaintiffs do not have a substantial basis other than the Glassman Defendants' purported petitioning activities. Simply put, the Plaintiffs claims against the Glassman Defendants would exist even if none of their activities resulted in litigation. Moreover, it is the Plaintiffs' position that the submission of fraudulent claims by the Glassman Defendants on behalf of Metropolitan and Commerce claimants does not even constitute petitioning activities under the purview of the Anti-SLAPP Statute. For all of the above reasons, the Glassman Defendants have utterly failed to satisfy their initial burden of proof under the Anti-SLAPP Statute, and thus, their Special Motion must be denied.

### IV. **CONCLUSION**

Based on the foregoing analysis, the Plaintiffs, Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company respectfully request that this Honorable Court deny the Glassman Defendants' Special Motion to Dismiss, pursuant to M.G.L. c. 231, §59H, as they have not and cannot meet their initial burden of proof that the activities giving rise to the Plaintiffs' State Law Claims against them are based on their petitioning activities alone and have no other substantial basis other than or in addition to their limited

petitioning activities. The Plaintiffs request any other relief this Honorable Court deems fair and just.

### REQUEST FOR ORAL ARGUMENT

                Respectfully submitted,
                By the Plaintiffs,
                Metropolitan Property and Casualty
                Insurance Company, and
                The Commerce Insurance Company,
                By their attorneys,

                /s/ Glenda H. Ganem
                Glenda H. Ganem
                BBO No. 564374
                gganem@mhg-pc.com
                Peter R. Houston
                phouston@mhg-pc.com
                BBO No. 681915
                Timothy J. Donovan
                BBO No. 686655
                tdonovan@mhg-pc.com
                McGovern, Houston & Ganem, P.C.
                21 Merchants Row, 4th Floor
                Boston, MA 02109
                (617) 723-1444

Date:   October 18, 2016

### LOCAL RULE 7.1(a)(2) COMPLIANCE

I, Glenda H. Ganem, Esq., attorney for the Plaintiffs, Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company, hereby certify that Plaintiffs' counsel conferred with relevant Defendants' counsel and attempted in good faith to narrow or resolve the issues of the present motion.

                /s/ Glenda H. Ganem
                Glenda H. Ganem, Esq.

Date:   October 18, 2016

## **CERTIFICATE OF SERVICE**

 I, Glenda H. Ganem, Esq., attorney for the Plaintiffs, Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and/or served in compliance with the Fed.R.Civ.P.

            /s/ Glenda H. Ganem
            Glenda H. Ganem, Esq.

Date: October 18, 2016