UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY and THE COMMERCE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>SAVIN HILL FAMILY CHIROPRACTIC, INC., et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 15-12939-LTS |

ORDER ON MOTION FOR CONTEMPT (DOC. NO. 417)

January 20, 2017

SOROKIN, J.

Plaintiffs moved for equitable relief, civil contempt, and sanctions against Defendants for selling equipment to a third party, removing funds from a clinic bank account, and revoking assignments of benefits that Defendants had obtained from patients and reassigning the rights to pursue claims for nonpayment of medical bills back to patients. The Motion is DENIED.

The party moving for a finding of civil contempt bears the burden to "establish (1) that the alleged contemnor had notice that he was within the order's ambit; (2) that the order was clear and unambiguous; (3) that the alleged contemnor had the ability to comply; and (4) that the order was indeed violated." United States v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005) (quotation marks and citations omitted). Plaintiffs' showing does not meet that threshold.

As to the medical equipment, Plaintiffs fail to cite any portion of the Court's orders that even reaches this equipment. The first of the Court's orders stated that "Metropolitan seeks real

estate and trustee process attachments." Doc. No. 32 at 1. Real estate attachments and trustee process on bank accounts plainly to do not encompass tangible personal property such as the medical equipment. Certainly, the motion for attachment did also refer to "goods, effects, and/or credits" of the Defendants, Doc. No. 18 at 1, and the Court's orders did allow the Plaintiffs' motion as to the Defendants at issue here, Doc. Nos. 32, 66 & 79. However, the Court recalls no discussion at the time of the hearing regarding attachments on anything other than real estate or bank accounts, the Court's Order plainly described the motion as seeking to reach only real property and bank accounts and Plaintiffs' motion papers fail to cite, to address, or to argue that the "goods" language of the motion became part of an unambiguous order entitling them to the imposition of contempt. Accordingly, the Motion is DENIED as to the sale of the medical equipment.

In its argument that the Court should impose sanctions because of the empty Hanscom FCU bank account, Plaintiffs have provided nothing suggesting that the account was drained in an attempt to dodge the Court's attachment order. As Defendants point out, "Plaintiffs do not account for the likelihood that those funds would have dissipated in the normal course of business during the past year." Doc. No. 430 at 8. The Motion is DENIED as to the Hanscom FCU account.

Defendants obtained revocations of the "irrevocable" assignments of benefits forms signed by claimants and reassigned their rights to payment to the Glassman Defendants. Plaintiffs claim that this action violated the Court's order. Again, Plaintiffs rely on conclusory statements that are insufficient to establish a basis for contempt. They have not pointed to any terms of the Court's orders prohibiting that action. The Motion is DENIED as to the assignments of benefits.

Plaintiffs also seek sanctions for bad faith conduct due to the allegedly fraudulent transfers of the assignments. As Plaintiffs acknowledge, a separate suit under Mass. Gen. Laws ch. 109A is required to obtain relief for a fraudulent transfer. Plaintiffs states the "the Court should find all revocations and reassignments in favor of the Glassman Defendants' clients voidable fraudulent transfers, and award sanctions for the Participating Defendants' bad faith conduct in fraudulently transferring assets in order to facilitate the filing the [sic] PIP Actions purportedly on behalf of Metropolitan, Commerce, and other insurance carriers' claimants." Doc. No. 418 at 18. Essentially, Plaintiffs are asking the Court to find a violation of Chapter 109A (even though this is not the proper action for a Chapter 109A claim) and then find that violation to be bad faith conduct sufficient for sanctions. The Court will leave the analysis of any Chapter 109A claim to a future litigation that properly raises the issue. In this case, Plaintiffs have not stated a sufficient basis for a finding of bad faith. The Motion for Sanctions is DENIED.

The Court will hold the Rule 16 scheduling conference on February 9, 2017, at 3:30 p.m. The Motions to Dismiss remain pending before Magistrate Judge Dein.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge