UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| METROPOLITAN PROPERTY AND ) <br> CASUALTY INSURANCE COMPANY and ) <br> THE COMMERCE INSURANCE COMPANY, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> SAVIN HILL FAMILY CHIROPRACTIC, INC., ) <br> et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> NO.  15-12939-LTS |

# MEMORANDUM OF DECISION AND
# ORDER ON PARTIES' MOTIONS TO STRIKE

July 21, 2017

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiffs, Metropolitan Property and Casualty Insurance Company ("Metropolitan") and The Commerce Insurance Company (collectively, "Plaintiffs" or "Carriers"), have brought this action against two chiropractic entities, their present and former principals, certain of their employees and various related entities and individuals, claiming that the defendants engaged in a fraudulent scheme to obtain insurance benefits from the Carriers by billing for chiropractic treatment that was "unreasonable and unnecessary, that [was] wrongfully and grossly exaggerated, not rendered in some cases, rendered by unlicensed personnel, rendered to non-injured body areas, as well as for magnified and fabricated symptoms and injuries," and by "filing, pursuing and prosecuting insurance claims based on such treatment and bills."  (Second

Am. Compl. (Docket No. 304) ¶ 3). By their Second Amended Complaint, the Plaintiffs have asserted claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c)-(d) (Counts I-IV), common law fraud/deceit (Count V), true conspiracy (Count VI), civil conspiracy (Count VII), breach of contract pursuant to Mass. Gen. Laws ch. 90 (Count VIII), intentional interference with contractual relations (Count IX), intentional interference with advantageous business relationships (Count X), and unfair and deceptive trade practices pursuant to Mass. Gen. Laws ch. 93A ("Chapter 93A") (Count XI). In addition, the Plaintiffs have asserted claims for injunctive and equitable relief under Chapter 93A (Counts XII-XIII).

The matter is presently before the court on the defendants' motions to dismiss the Second Amended Complaint (Docket Nos. 331, 334, 336, 337, 339 and 342), which have been filed by six different categories of defendants. Those defendants include, but are not limited to, the Law Offices of Jeffrey S. Glassman LLC ("GLO"), its owner, Jeffrey S. Glassman, Esq. ("Attorney Glassman"), and two individuals who were employed as paralegals at GLO, Brandy Soto ("Soto") and Heger Asenjo ("Asenjo") (collectively, the "Paralegal Defendants"). In connection with their oppositions to Attorney Glassman's and the Paralegal Defendants' motions to dismiss, the Plaintiffs have filed: (1) "Plaintiffs, Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company's Motion to Strike All Exhibits Attached to Brandy Soto and Heger Asenjo's Memorandum in Support of Their Motion to Dismiss the Second Amended Complaint" (Docket No. 385); and (2) "Plaintiffs, Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company's Motion to Strike All Exhibits Attached to Jeffrey S. Glassman's Memorandum in Support of His Motion to

Dismiss the Second Amended Complaint" (Docket No. 391).  By their motions, the Plaintiffs are seeking to strike various documents that Attorney Glassman and the Paralegal Defendants have attached as exhibits to their memoranda of law in support of their motions to dismiss.  The Plaintiffs argue that the challenged documents must be stricken because they neither fall within the four corners of the Second Amended Complaint nor fall within the scope of any of the narrow exceptions to the rule that documents outside the complaint may not be considered on a motion to dismiss unless the motion is converted into one for summary judgment.  They further argue that the motions should not be construed as ones for summary judgment unless the Plaintiffs are first given an opportunity to engage in discovery.

Both the Paralegal Defendants and Attorney Glassman have opposed the Plaintiffs' motions.  In addition, the Paralegal Defendants have brought a cross-motion to strike, which is contingent upon a ruling in the Plaintiffs' favor.  Specifically, the Paralegal Defendants argue that if this court agrees with the Plaintiffs, and finds that the Paralegal Defendants' exhibits are not appropriate for consideration at the motion to dismiss stage, the court "must then strike all allegations contained in the [Second Amended Complaint] that are supported by these materials[.]"  (Docket No. 416 at 14).  Thus, the Paralegal Defendants reason that the "Plaintiffs simply cannot have it both ways, where on the one hand, they are permitted to rely upon the [exhibits] to support the allegations in the [Second Amended Complaint], but then, on the other hand, safeguard those same materials from the Defendants' analysis."  (Id.).  Accordingly, they request that this court deny the relief requested by the Plaintiffs in the motion to strike their exhibits, but ask that if this court declines to do so, it issue an order "strik[ing] all allegations in the [Second Amended Complaint] that rely upon these same documents."  (Id. at 15).

As described below, this court finds that it is appropriate to consider the exhibits that have been submitted by Attorney Glassman, as well as Exhibit 1 attached to the Paralegal Defendants' memorandum of law, in connection with this court's analysis of the defendants' motions to dismiss, but that the remaining exhibits submitted by the Paralegal Defendants are not properly before the court.  Therefore, and for all the reasons detailed herein, the Plaintiffs' motion to strike all of the exhibits attached to the Paralegal Defendants' memorandum in support of their motion to dismiss (Docket No. 385) is ALLOWED IN PART and DENIED IN PART, and the Plaintiffs' motion to strike all of the exhibits attached to Attorney Glassman's memorandum in support of his motion to dismiss (Docket No. 391) is DENIED.  Because the Paralegal Defendants have provided no legal basis for striking any of the allegations set forth in the Second Amended Complaint under the circumstances presented here, their cross-motion to strike unsupported allegations (Docket No. 416) is hereby DENIED as well.

### III. ANALYSIS

When ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences.  See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).  "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."  Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).  "There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claims; or for documents

sufficiently referred to in the complaint.'" Id. (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

In the instant case, none of the parties has asked the court to convert the defendants' motions to dismiss into motions for summary judgment, and it is undisputed that the motions are governed by the standard set forth in Rule 12(b)(6). Nor is there any dispute that the exhibits at issue have not been incorporated into the Second Amended Complaint. Therefore, the question raised by the pending motions to strike is whether the exhibits submitted by the Paralegal Defendants and Attorney Glassman fall within the "narrow exception" for documents that may be considered by the court in connection with a motion to dismiss.

### A.    Plaintiffs' Motion to Strike the Paralegal Defendants' Exhibits

In connection with their motion to dismiss the Second Amended Complaint, the Paralegal Defendants submitted documents that are attached to their memorandum of law as Exhibits 1, 2 and 3. Exhibit 1 consists of excerpts from the transcript of a hearing that took place before the District Judge to whom this case is assigned on May 16, 2016. (See Docket No. 335-1). Exhibit 2 contains brief excerpts from the sworn testimony of individuals who were represented by GLO in connection with claims for insurance benefits from the Plaintiffs. (Docket No. 335-3 through 335-18). The Paralegal Defendants have relied on those excerpts in order to challenge the Plaintiffs' characterization of the individuals' testimony, as alleged in Exhibit C to the Second Amended Complaint. In particular, they have cited the excerpts in an effort to dispute the accuracy and reliability of the Plaintiffs' factual allegations regarding the substance of the individuals' testimony. (See Docket No. 335 at 14-19). Exhibit 2 also contains a chart in which the Paralegal Defendants have summarized their challenges to the Plaintiffs'

5

characterization of the underlying testimony.  (See Docket No. 335-2).  Finally, Exhibit 3 to the Paralegal Defendants' memorandum of law contains portions of an Expert Report, dated November 12, 2015, which was prepared by the Plaintiffs' expert witness, Michael V. Frustaci, DC.  (Docket No. 335-19).  The Paralegal Defendants have relied on this Report to challenge the credibility of allegations, contained in the Second Amended Complaint, describing Dr. Frustaci's analysis of claim files at issue in the litigation, and his opinion that the documents contained therein were indicative of a scheme to defraud the Carriers.  (See Docket No. 335 at 24-26).  While the Plaintiffs contend that these documents should be stricken because they are extrinsic to the Second Amended Complaint, not integral to the Plaintiffs' claims, and raise myriad factual issues that are not appropriate on a motion to dismiss, the Paralegal Defendants argue that the court may properly consider them because the hearing transcript is subject to judicial notice, the Plaintiffs have relied upon the remaining exhibits to support the allegations set forth in the Complaint, and there is no dispute regarding the authenticity of the documents.

With respect to the hearing transcript contained in Exhibit 1, this court finds that it is appropriate to consider it in connection with the defendants' motions to dismiss.  "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."  Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990).  In fact, courts have applied this principle in order to take judicial notice of events that occurred during hearings in open court.  See, e.g., Berkshire-Cranwell Ltd. P'ship v. Tokio Marine & Nichido Fire Ins. Co., Ltd., 874 F. Supp. 2d 41, 49-50 (D. Mass. 2012) (describing statement made by plaintiff during hearing on motions in state Superior Court).  Accordingly,

the Plaintiffs' motion to strike is denied with respect to the transcript attached as Exhibit 1 to the Paralegal Defendants' memorandum of law in support of their motion to dismiss.

The remaining exhibits submitted by the Paralegal Defendants warrant a different outcome. As described above, those exhibits include brief excerpts of witness testimony and the Plaintiffs' expert's written report. The Paralegal Defendants argue that these documents should be considered because the Plaintiffs relied on them throughout the Second Amended Complaint, and because they are central to the Plaintiffs' claims for fraud against the defendants. (Docket No. 416 at 7-12). However, this court finds that consideration of these materials would not be appropriate on a motion to dismiss.

It is well-established in this circuit that the court, in reviewing a complaint pursuant to Rule 12(b)(6), "may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment." Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)). As the First Circuit has explained:

> This conclusion makes eminent sense. A district court's central task in evaluating a motion to dismiss is to determine whether the complaint alleges facts sufficient to state a cause of action. In conducting that tamisage, the court need not accept a complaint's "bald assertions" or "unsupportable conclusions." *Chongris v. Board of Appeals,* 811 F.2d 36, 37 (1st Cir.1987). While a plaintiff only is obliged to make provable allegations, the court's inquiry into the viability of those allegations should not be hamstrung simply because the plaintiff fails to append to the complaint the very document upon which *by her own admission* the allegations rest. Any other approach would seriously hinder recourse to Rule 12 motions, as a plaintiff could thwart the consideration of a critical document merely by omitting it from the complaint. We doubt that the drafters of the Civil Rules, who envisioned Rule 12(b)(6) motions as a

>swift, uncomplicated way to weed out plainly unmeritorious cases, would
>have countenanced such a result.

Beddall v. State Street Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).   Thus, the rule prevents the plaintiff from "excising an isolated statement from a document and importing it into the complaint" in a manner that would preclude the court from assessing the sufficiency of the complaint's allegations.  Clorox Co. P.R., 228 F.3d at 32 (quoting Shaw, 82 F.3d at 1220).

Here, the Paralegal Defendants have not shown that this rule governs the materials at issue.  As an initial matter, they have only submitted portions of the claimants' sworn testimony.  With respect to the exhibits set forth in Exhibit 2, therefore, it would not even be possible to determine whether or not the exhibits, as a whole, support the Plaintiffs' characterization of the underlying testimony.

In any event, this is not a situation in which the Plaintiffs have relied on documents that are integral to their claims.  Instead, they have characterized the substance of witness testimony and expert opinion.  Unlike a document, that information is not static, and may be clarified or revised as the litigation progresses.   Additionally, the question of whether the Plaintiffs have accurately or reasonably interpreted the testimony raises numerous factual issues that cannot be resolved on a motion to dismiss.  As described above, the court's obligation on a motion to dismiss is to accept the Plaintiffs' well-pleaded facts as true and draw all reasonable inferences in the Plaintiffs' favor.  See Cooperman, 171 F.3d at 46.  At this stage, the Plaintiffs are entitled to have their factual allegations, including their interpretation and characterization of witness testimony and expert opinion, accepted as true.  The defendants are free to challenge the Plaintiffs' allegations using the underlying evidence, and any other

evidence developed during discovery, at a later stage in the proceedings. Accordingly, the Plaintiffs' motion to strike is allowed with respect to Exhibits 2 and 3.

### B. The Paralegal Defendants' Cross-Motion to Strike

As described above, the Paralegal Defendants have cross-moved to strike from the Second Amended Complaint all allegations that are supported by the Paralegal Defendants' exhibits. In support of their motion, the Paralegal Defendants assert that "[a]llowing Plaintiffs to selectively choose when they want to consider the only documents that possibly support their allegations of fraud would be entirely prejudicial and unfair to Defendants, who already are in the dark as to what bills Plaintiffs claim are fraudulent or what charges on those bills constitute fraud." (Docket No. 416 at 14). However, for the reasons described above, the Paralegal Defendants have not shown that it would be appropriate for this court to consider their exhibits at this point in the litigation. Nor have they cited any authority to support their request for relief. Moreover, as described in this court's contemporaneous Report and Recommendation on Defendants' Motions to Dismiss the Second Amended Complaint, the Plaintiffs have provided sufficient notice regarding the basis for their claims of fraud, including a detailed list of bills that they claim are fraudulent. Consequently, there is no merit to the Paralegal Defendants' claim of unfair prejudice, and no basis for striking the Plaintiffs' allegations. The Paralegal Defendants' cross-motion to strike shall be denied.

### C. Plaintiffs' Motion to Strike Attorney Glassman's Exhibits

The third and final motion to strike that is pending before the court is the Plaintiffs' motion to strike all of the exhibits that are attached to Attorney Glassman's memorandum of law in support of his motion to dismiss. Those exhibits consist of five letters that Metropolitan

and Commerce issued to Attorney Glassman in his capacity as counsel for certain of their claimants. (See Docket No. 340-1 through 340-5). Therein, the Carriers explained why they were denying some or part of the claimants' claims for insurance benefits. (See id.) Although the question is a close one, an argument can reasonably be made that the Plaintiffs have "explicitly relied upon" these and other similar letters in their Second Amended Complaint, and that they should be considered in connection with the motions to dismiss. See Clorox Co. P.R., 228 F.3d at 32.

The Plaintiffs argue that the letters should be stricken because they were not attached or otherwise incorporated into the Complaint. (Docket No. 392 at 2). As described above, however, the court is entitled to consider documents, "even though not attached to the complaint[,]" where the Plaintiffs relied on those documents to support their alleged claims. Clorox Co. P.R., 228 F.3d at 32. In this case, the Plaintiffs specifically allege that Attorney Glassman and GLO "had actual knowledge that [their] clients' chiropractic records and bills from Logan Chiro and/or Savin Hill were fraudulent, by way of denial letters from Metropolitan and Commerce issued to Glassman, individually, and to other representatives and/or attorneys of [GLO]." (Second Am. Compl. ¶ 308). Therefore, while the matter is not without doubt, this court finds that the Plaintiffs have identified the documents sufficiently to merit consideration of them.

Even if this court were to assume that the Plaintiffs' arguments are correct, this court finds that there still would be no need to strike the challenged exhibits. As indicated in this court's Report and Recommendation, the denial letters make no difference in the outcome of

the defendants' motions to dismiss.  For this reason as well, the Plaintiffs' motion to strike these documents is denied.

### III. ORDER

For all the reasons detailed herein, the "Plaintiffs, Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company's Motion to Strike All Exhibits Attached to Brandy Soto and Heger Asenjo's Memorandum in Support of Their Motion to Dismiss the Second Amended Complaint" (Docket No. 385) is ALLOWED IN PART and DENIED IN PART.  Specifically, the motion is allowed with respect to Exhibits 2 and 3 to the Paralegal Defendants' memorandum of law, but denied with respect to Exhibit 1.  With respect to the Paralegal Defendants' cross-motion to strike (Docket No. 416) and the "Plaintiffs, Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company's Motion to Strike All Exhibits Attached to Jeffrey S. Glassman's Memorandum in Support of His Motion to Dismiss the Second Amended Complaint" (Docket No. 391), both motions are hereby DENIED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge