UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 15-12939-LTS |
| SAVIN HILL FAMILY CHIROPRACTIC, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO QUASH THIRD-PARTY SUBPOENAS
[Docket No. 645]

March 5, 2018

Boal, M.J.

    Defendants Law Offices of Jeffrey S. Glassman, LLC and Jeffrey S. Glassman, Esq. (collectively, the "Law Firm")[1] have moved to quash subpoenas issued by plaintiffs to six banks. Docket No. 645. The plaintiffs issued subpoenas to (1) Mass Bay Credit Union; (2) Bank of

---

[1] At the February 28, 2017 hearing, counsel for the other defendants orally moved to join in the motion. First, the arguments in the motion are largely specific to the Law Firm. Second, the motion to join is untimely, as it was made more than 14 days after service of the notice of deposition and after the date set for compliance. See Town of Grafton v. Pulte Homes of New England, LLC, No. 12-10524-TSH, 2014 WL 2155035, at *3 (D. Mass. May 21, 2014) (motion to quash is timely if filed either 14 days after service or within the time set for compliance). Accordingly, the Court denies the other defendants' motion for joinder. In any event, to the extent the other defendants intended to rely on the Law Firm's arguments, such as the temporal scope of the subpoenas, the motions are denied for the reasons set forth herein.

1

America; (3) Hanscom Federal Credit Union; (4) Eastern Corporate Federal Credit Union;[2] (5) Santander Bank; and (6) Eastern Bank. The subpoenas seek the following four categories of documents:

1. Any and all bank records, documents and ESI, between January 1, 2005 and the present, in any way relating to commercial, business, personal, IOLTA or trust accounts held by Glassman, Glassman Law Office, B. Soto, Savin Hill, Logan Chiro, Metro Coach, Aspen Lending, RainforestMaker, H. Asenjo, Hernandez, K. Ramos, T. Ramos, Eagle Hill or Polish Beauty.

2. Any and all bank records, documents and ESI, between January 1, 2005 and the present, in any way relating to commercial, business, personal, IOLTA or trust accounts to which Glassman, B. Soto, K. Ramos, T. Ramos, H. Asenjo or Hernandez are authorized signatories.

3. Any and all bank records, documents and ESI, between January 1, 2005 and the present, in any way relating to commercial, business, personal, IOLTA or trust accounts (a) held by Glassman, Glassman Law Office, Soto, Savin Hill, Logan Chiro, Metro Coach, Aspen Lending, RainforestMaker, Asenjo, Hernandez, K. Ramos, T. Ramos, Eagle Hill or Polish Beauty, and/or (b) to which Glassman, B. Soto, K. Ramos, T. Ramos, H. Asenjo or Hernandez are authorized signatories, into which payments from Metropolitan and/or Commerce have been deposited.

4. Bank records, documents and ESI since January 1, 2005 to the present for particular account numbers.

---

[2] The motion to quash is moot as to Eastern Corporate Federal Credit Union, as it responded to the subpoena by informing the plaintiffs that their inquiry should be directed to Hanscom Federal Credit Union. Docket No. 659 at 2, n. 1.

See Docket No. 646-1.

The Law Firm seeks to quash the subpoena on the grounds that it is overly broad and intended to harass, annoy, embarrass and oppress and impose an undue burden on the Law Firm, their clients and others. Specifically, it argues that the temporal scope of the subpoena, which seeks thirteen years of records, is grossly overbroad. Docket No. 646 at 6-7. It also argues that the subpoena is overly broad because it would encompass information from IOLTA and trust accounts for clients that have nothing to do with this case. Id. at 7. Finally, they object to the production of bank records for RainforestMaker[3] and Aspen Landing,[4] entities which are not mentioned in the complaint and have nothing to do with the case. Id.

Here, Plaintiffs allege that the defendants engaged in a fraudulent scheme to obtain insurance benefits from the plaintiffs by billing for chiropractic treatment that was fraudulent and unnecessary, wrongfully and grossly exaggerated, not rendered in some cases, rendered by unlicensed personnel, rendered to non-injured body areas, as well as for magnified and fabricated symptoms and injuries. The plaintiffs further allege that the Law Firm and its employee-paralegal defendants, Brandy Soto and Heger Asenjo, intentionally, knowingly and willingly participated in the defendants' conspiracy to defraud the plaintiffs through their illicit and illegal solicitation and recruitment of Metropolitan and Commerce patients and/or claimants. It appears that a large number of claimants who treated at Savin Hill and Logan and submitted claims to Metropolitan or Commerce were also clients of the Law Firm. See Docket No. 659 at 6, 16-17.

---

[3] RainforestMaker is a 501(c)(3) non-profit organization founded by Glassman that "spreads awareness and helps grow back the rainforests of the Earth." Docket No. 646 at 4-5; see also Docket No. 646-2.

[4] Glassman is a manager of Aspen Lending. Docket No. 646 at 8, n. 1. It is not clear what Aspen Lending does and whether it has any relationship to this case.

The allegations in the complaint date back to 2008 and the plaintiffs believe that the alleged RICO enterprise was formed around 2005. See Docket No. 659 at 8.

Therefore, the Court finds that, with except to records regarding RainforestMaker and Aspen Landing, the subpoenas seek discoverable information. See, e.g., Res-Az One, LLC v. McAdams, No. CV-16-02392-PHX-SPL, 2017 WL 6001511, at *2 (D. Ariz. Jan. 30, 2017) (denying motion to quash subpoena for defendant's personal and business banking records in RICO case); State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc., No. 12-cv-11500, 2013 WL 10572229, at *3 (E.D. Mich. Aug. 13, 2013) (denying motion to quash subpoena for defendants and third parties' banking records in a case similar to this one); MedCity Rehabilitation Servs., LLC v. State Farm Mut. Life Ins. Co., No. 11-cv-14777, 2013 WL 1898374, at *2 (E.D. Mich. May 7, 2013) (noting that "[c]ourts have commonly extended the scope of discovery to a reasonable number of years prior to the defendant's alleged illegal action."); Conopco, Inc. v. Wein, No. 05 Civ. 09899RJHTHK, 2007 WL 2119507, at *3 (S.D.N.Y. Jul. 23, 2007) (in RICO action, denying motion to quash subpoena for bank records of 50 entities and individuals alleged to be associated with the defendant).

The Law Firm argues that the subpoena would potentially undermine attorney-client relationships with clients not related to the action. See Docket No. 646 at 7. However, it acknowledged that the information sought is not privileged. At oral argument, the Law Firm cited to State Farm Mutual Automobile Ins. Co. v. Physiomatrix, Inc., No. 12-cv-11500, 2013 WL 10936871 (E.D. Mich. Nov. 26, 2013) as a case supporting its position. The Court finds that case is distinguishable. First, the subpoena was directed to the lawyers themselves who asserted attorney-client and/or work product privileges and it sought documents different to the ones

sought here.  See id. at *7.  Second, unlike this case, the lawyers in that case were not defendants in the action.  See id. at *7-8.

The plaintiffs, however, have not sufficiently shown a connection between RainforestMaker and Aspen Landing and the allegations in this case.  Accordingly, the Court quashes the subpoena to the extent that it seeks bank records or other documents relating to commercial, business, personal, IOLTA or trust accounts of RainforestMaker and Aspen Lending.  The motion to quash is otherwise denied.

**So Ordered**.

                                             /s/  Jennifer C. Boal
                                            JENNIFER C. BOAL
                                            UNITED STATES MAGISTRATE JUDGE