UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:15-CV-12939-LTS

| | |
|---|---|
| METROPOLITAN PROPERTY AND | ) |
| CASUALTY INSURANCE COMPANY, and | ) |
| THE COMMERCE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiffs and Counterclaim-Defendants, | ) |
| | ) |
| v. | ) |
| | ) |
| SAVIN HILL FAMILY CHIROPRACTIC, INC., | ) |
| LOGAN CHIROPRACTIC, INC., and, | ) |
| LAW OFFICES OF JEFFREY S. GLASSMAN, LLC, | ) |
| | ) |
| Defendants and Counterclaim-Plaintiffs, | ) |
| | ) |
| and | ) |
| | ) |
| METRO COACH, INC., | ) |
| JEFFREY S. GLASSMAN, ESQ., | ) |
| BRANDY SOTO, HEGER ASENJO, | ) |
| KENNETH RAMOS, TONY RAMOS, | ) |
| WILLIAM HERNANDEZ, | ) |
| RICHRAD MCGOVERN, D.C., | ) |
| MARSELLA IMONTI, D.C., ALLISON ROBIN, D.C., | ) |
| CHARLES RONCHETTI, D.C., TARA O'DESKY, D.C., | ) |
| ARISMENDY RAMOS, MAXIMO SOTO, | ) |
| APRIL STEWART, TANISHA RAMOS, and | ) |
| KARLA MENDOZA, | ) |
| | ) |
| Defendants. | ) |

**AMENDED PROTECTIVE ORDER CONCERNING DOCUMENT DISCOVERY**

On November 17, 2017, the Court entered a Protective Order. Docket No. 608.

On March 27, 2018, the Court granted the parties' motion to amend the Protective Order.

Accordingly, pursuant to Fed. R. Civ. P. 26(c), it is hereby ordered as follows:

1

1. The parties recognize that it may be necessary during the course of this litigation to produce, receive, obtain by subpoena, and transmit confidential information of their own, current and future parties, and non-parties to other parties, attorneys, representatives, witnesses, the Court, court reporters and vendors, including but not limited to trade secrets, proprietary information, proprietary software and claims programs, potentially privileged information, and "protected health information" as that term is used in the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and related laws and regulations. Such information may be designated "CONFIDENTIAL."

2. Notwithstanding any federal or state law limiting the authority of the parties or "covered entities" within the definition of 45 C.F.R. § 160.103 (2003) to disclose protected health information, the parties and covered entities are permitted to release protected health information in their possession in response to a discovery request, subpoena or other lawful process that seeks information relevant to the issues presented in this litigation. Parties will reasonably cooperate to limit unnecessary disclosure of protected health information that has been produced for inspection or exchanged in discovery. Any protected health information disclosed pursuant to this order shall be used only for purposes of this case.

3. Except as set forth herein or otherwise ordered by the Court, no information designated as "CONFIDENTIAL" pursuant to the terms of this Order and produced or otherwise made available during this litigation or the contents of such information shall be disclosed to any person other than:

    a. The Court, subject to Paragraph 8 hereof;

    b. Counsel for the respective parties to this litigation;

c. Employees of such counsel;

d. Individual parties, to the extent deemed necessary by counsel for the purpose of this litigation and with the explicit understanding that the party is bound by the terms of this Protective Order;

e. Consultants, expert witnesses and third-party vendors retained for the purpose of this litigation, provided that each such person shall sign the confidentiality declaration attached to this Protective Order as **APPENDIX A**.

f. Any authors or recipients of the confidential information;

g. Any court reporters and translators engaged for depositions, court hearings or trial in this litigation;

h. Witnesses at depositions, hearings, and trial, provided that they do not retain documents containing confidential information.

4. Disclosure of CONFIDENTIAL information to persons in paragraphs 3(b) through 3(h) may be made only if prior to such disclosure, counsel for the party seeking disclosure advises such person of the existence and terms of this Order requiring that the information must be kept in confidence except as set forth herein. Counsel making disclosures under 3(e) shall retain the required declarations, which may be required to be produced to the Court *in camera* upon request of another party for good cause shown. When disclosures are made under 3(f) through 3(h), the party making such disclosure shall not allow copies or derivations of the CONFIDENTIAL material to be retained by the recipient of the disclosure, except for the work done by a court reporter on transcripts.

5. At the time of production or other disclosure of confidential information, the

producing party shall be entitled to designate such material as confidential, either by placing the word "CONFIDENTIAL" on any such page or other material, or by means of such other designation as will identify the confidential information with sufficient specificity to permit the receiving party and others given access to such material to adhere to the provisions of this Order.

      6.      This Order shall not apply to any information not marked as "CONFIDENTIAL," or that comes into the public domain or becomes known to the receiving party other than through the designated materials or violation of this Order. If a producing party designates an item "CONFIDENTIAL" after its production, the parties shall reasonably cooperate to treat the information as confidential on a prospective basis. A producing party's inadvertent production of materials without being marked "CONFIDENTIAL" shall not be deemed a waiver of the producing party's ability to so designate such materials by providing a replacement copy with the appropriate designation, along with written notice to the receiving party that such material is deemed confidential.

      7.      This Order shall not prohibit any party from complying with a lawful subpoena, except that a party receiving such a subpoena shall notify the producing party that designated the material confidential, if reasonably possible with sufficient advance notice to afford an opportunity for the producing party to object to the disclosure of materials marked "CONFIDENTIAL." Materials exchanged or received in discovery in this action shall be used only for purposes of this action. Nothing herein prevents any party from disclosing any information to a government agency having jurisdiction over relevant events, so long as such agency is informed of the existence and terms of this Order.

      8.      A party seeking to file any document under seal must have good cause for

asserting confidentiality beyond mere agreement of the parties to a designation of confidentiality for a particular document or deposition under this order. If a party is seeking to file a document containing its own confidential information under seal, it must provide specific reasons for the request. Before filing material designated by another party as confidential, counsel for the party intending to file the confidential information shall confer with counsel for the designating party as to whether filing under seal is necessary for the particular material at issue. If the parties so agree, confidential information not filed under seal will continue to be protected by this order. Otherwise, the filing party shall file a motion to seal and the designating party must file a statement supporting the request to seal within one week of the filing of the motion to seal. The parties shall file in the public docket redacted versions of any proposed sealed filings. The parties shall also simultaneously submit unredacted courtesy copies of any proposed sealed filings to the Clerk's Office, clearly marked NOT FOR DOCKETING - COURTESY COPY - SEALED FILING.

9. A failure to challenge confidentiality at the time of production shall not be construed as a waiver of the right to challenge confidentiality at a later date for good cause shown. To challenge a confidentiality designation or category of such designations, a receiving party shall send written notice to counsel for the producing party setting forth the challenge.

10. The party wishing to challenge confidentiality may apply to the Court for relief if the producing party does not agree to remove a designation within 5 business days. Until the Court enters an Order changing the designation, all documents or other information designated as Confidential shall be treated pursuant to the terms of this Order. Upon a

challenge, the party claiming confidentiality has the burden of establishing confidentiality of the challenged material and that disclosure might be harmful.

11. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rules of Civil Procedure 26(b)(5)(B).

12. Nothing herein shall prevent a party from using or disclosing its own confidential information, or information that it obtained other than through discovery in this action, in any manner that such party sees fit.

13. Nothing herein shall limit any party's right to make objections to particular requests.

14. A party may designate deposition testimony as "CONFIDENTIAL" by stating on the record at the deposition that such information is so designated, or by providing the other parties with written notice of confidential designations following the deposition.

15. The terms of this Order shall apply to confidential information provided by nonparties to this action that or who choose to designate material "CONFIDENTIAL." A party can designate, as "CONFIDENTIAL," material produced by a non-party, subject to the other terms of this Order including those that describe the scope of "CONFIDENTIAL" information and those that provide a mechanism by which other parties can challenge such designations.

16. This Order is not intended to remove or limit obligations to redact personal information in ECF filings, but rather to supplement such rules.

17. The provisions of this Order shall continue until a further Order of this Court

and shall survive the entry of a final judgment in this matter. Any party to this Protective Order may apply to this Court for modification of this Order.

18. Within thirty (30) days of the conclusion of this litigation, including but not limited to the latest of settlement, arbitration, judgment, and all rights of appeal being exhausted, receiving parties shall destroy or return all material marked "CONFIDENTIAL" to the respective producing party, and certify, in writing subject to the pains and penalties of perjury, that all materials marked "CONFIDENTIAL" that the party has received and copies of same have been destroyed or returned to the respective producing party.

**SO ORDERED** this 5th day of April, 2018**.**

           /s/  Jennifer C. Boal  
           HON. JENNIFER C. BOAL  
           UNITED STATES MAGISTRATE JUDGE

**APPENDIX A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:15-CV-12939-LTS

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, and THE COMMERCE INSURANCE COMPANY, | ) ) ) ) |
| Plaintiffs and Counterclaim-Defendants, | ) ) |
| v. | ) ) |
| SAVIN HILL FAMILY CHIROPRACTIC, INC., LOGAN CHIROPRACTIC, INC., and, LAW OFFICES OF JEFFREY S. GLASSMAN, LLC, | ) ) ) ) |
| Defendants and Counterclaim-Plaintiffs, | ) ) |
| and | ) ) |
| METRO COACH, INC., JEFFREY S. GLASSMAN, ESQ., BRANDY SOTO, HEGER ASENJO, KENNETH RAMOS, TONY RAMOS, WILLIAM HERNANDEZ, RICHRAD MCGOVERN, D.C., MARSELLA IMONTI, D.C., ALLISON ROBIN, D.C., CHARLES RONCHETTI, D.C., TARA O'DESKY, D.C., ARISMENDY RAMOS, MAXIMO SOTO, APRIL STEWART, TANISHA RAMOS, and KARLA MENDOZA, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DECLARATION OF CONFIDENTIALITY
PURSUANT TO PROTECTIVE ORDER**

I,_____ , hereby declare as under oath as follows:

1. I have reviewed and understand the terms of the Protective Order entered in the above-captioned action dated _____ (herein, "Protective Order").

2. I agree not to disclose confidential information to persons not authorized by the Order to receive such information.

3. I agree to abide by the terms of the Order and submit to the jurisdiction of the United States District Court for the District of Massachusetts for the limited purpose of any proceeding to enforce the terms of the Order.

SIGNED this ____ day of _____ , 2018 under the pains and penalties of perjury.

Signature:_____

Print Name: