UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:15-CV-12939-LTS

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, and THE COMMERCE INSURANCE COMPANY,<br>    Plaintiffs,<br><br>v.<br><br>SAVIN HILL FAMILY CHIROPRACTIC, INC., et als.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY AND THE COMMERCE INSURANCE COMPANY'S EMERGENCY MOTION TO STRIKE AND/OR DENY THE GLASSMAN DEFENDANTS' MOTION TO COMPEL PURSUANT TO THIS COURT'S ORDER OF NOVEMBER 17, 2017 (Doc. No. 605) AND LOCAL RULES 7.1 AND 37.1**

NOW COME the Plaintiffs, Metropolitan Property and Casualty Insurance Company ("Metropolitan") and The Commerce Insurance Company ("Commerce"), and hereby respectfully request that this Honorable Court strike and/or deny the Defendants, Jeffrey S. Glassman and the Law Offices of Jeffrey S. Glassman, LLC's ("the Glassman Defendants") Motion to Compel (Doc. Nos. 752-755), pursuant to this Court's Order of November 17, 2017 (Doc. No. 605), as well as Local Rules 7.1 and 37.1. As reasons therefore, the Plaintiffs state as follows:

1.     The Glassman Defendants have violated this Court's Order of November 17, 2017 (Doc. No. 605) ("the Order"), which states, in part:

> The Court further ORDERS that all future certificates of conferral state whether the other parties assent, oppose or take no position on the motion. A motion bearing a certificate of conferral simply asserting that counsel conferred will result in a summary denial of the motion for failure to comply with the Local Rules and this Order.

<u>Id</u>.  In this instance, the Glassman Defendants' Motion to Compel does not and could not include a certificate in accordance with the requirements of the Order because the Plaintiffs and Glassman Defendants are engaged in ongoing meet and confer efforts in regard to the Plaintiffs' discovery responses, the Glassman Defendants' discovery responses, as well as numerous other discovery issues raised by the Plaintiffs.  In fact, counsel for the Glassman Defendants even agreed, in writing, to develop a briefing schedule for any issues the Parties were unable to resolve or narrow at the completion of the ongoing meet and confer process.

2.    The letters by and between the Glassman Defendants and the Plaintiffs on July 12, 2018, and July 16, 2018, attached "Exhibits G and H" to the Motion to Compel (Doc. Nos. 754-7 and 754-8) illustrate that counsel for the Glassman Defendants is fully aware and even states that the meet and confer efforts are ongoing, and that the Plaintiffs have already agreed and are in the process of supplementing discovery, as well as resolving issues raised in their Motion to Compel.  In fact, on Pages 1 and 3 of "Exhibit H," counsel for the Glassman Defendants acknowledges the continuation of the Parties meet and confer efforts, and the potential for resolution of these issues "outside of motion practice." <u>See</u> Doc. No. 754-8.  "Exhibit G" also evidences the ongoing meet and confer efforts between the Plaintiffs and the Glassman Defendants in connection with the issues raised in the Motion Compel.

3.    On July 19, 2018, counsel for the Plaintiffs and the Glassman Defendants again discussed the ongoing meet and confer efforts in connection with the Plaintiffs and the Glassman Defendants' efforts to provide supplement discovery responses to one another, which resolve many of the issues raised in the Motion to Compel.  Accordingly, the Glassman Defendants violated Local Rule 37.1, by filing the Motion to Compel before the Parties had completed the good faith conference that is underway, and "narrow[ed] the areas of disagreement to the greatest possible extent." <u>Id</u>.  Furthermore, the Glassman Defendants' Motion to Compel is not

accompanied by certificate of compliance in accordance with the requirements of Local Rule 37.1, and could not have been accompanied by such a certificate, in good faith, because many of the issues raised in the Motion to Compel had either not yet been conferenced, or the Plaintiffs were waiting from a response from the Glassman Defendants.  By way of example only, the Glassman Defendants never responded to the final paragraph of the Plaintiffs' July 12, 2018 letter, regarding the Plaintiffs' testifying experts, Michael Frustaci and Rick Cuomo (see "Exhibit G," Doc. No. 754-7, at pg. 8), an issue interrelated to a discovery issued raised by the Plaintiffs, however, that very issue is identified as "category no. 5" in the Motion to Compel and Memorandum of Law.  See Doc. No. 752, at pg. 2, and Doc. No. 753, at pg. 5.

4. Despite an agreement to complete the ongoing meet and confer process and develop a briefing schedule on issues raised by the Glassman Defendants as well as the Plaintiffs that cannot be resolved without judicial intervention, the Glassman Defendants filed the Motion to Compel concerning interrelated discovery issues raised by the Plaintiffs, which the Parties had not yet conferenced, in a transparent attempt to gain some tactical advantage by briefing the issues before the good faith conference is completed.  Accordingly, the Glassman Defendants violated Local Rule 37.1, Local Rule 7.1, and their agreement with the Plaintiffs, when they filed their Motion to Compel without ever completing the meet and confer process, or conferencing the actual Motion itself.

5. As further evidence that the meet and confer efforts between the Glassman Defendants and the Plaintiffs are ongoing and that the Parties had agreed to develop a briefing schedule for unresolved discovery issues at the completion of the conferencing, today, July 25, 2018, at 10:11 a.m., the Glassman Defendants advised that they will work with the Plaintiffs on a briefing schedule for issues the Parties cannot resolve, but that they would not agree to withdraw their Motion to Compel in lieu of the Plaintiffs filing this Emergency Motion.

6. Based upon the foregoing, the Plaintiffs request that this Honorable Court strike and/or deny the Glassman Defendants' Motion to Compel, as it is violative of the Court's Order and is a waste of judicial time and resources because many of the issues raised have and/or will be resolved without the need for judicial intervention.

WHEREFORE the Plaintiffs, Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company, respectfully request that this Honorable Court strike and/or deny the Glassman Defendants' Motion to Compel (Doc. Nos. 752-755), pursuant to this Court's Order of November 17, 2017 (Doc. No. 605), as well as Local Rules 7.1 and 37.1. The Plaintiffs respectfully request any other relief this Honorable Court deems fair and just.

        Respectfully submitted,
        By the Plaintiffs,
        Metropolitan Property and Casualty
        Insurance Company, and
        The Commerce Insurance Company,
        By their attorneys,

        _/s/ Peter R. Houston____
        Glenda H. Ganem
        BBO No. 564374
        gganem@mhg-pc.com
        Peter R. Houston
        BBO No. 681915
        phouston@mhg-pc.com
        Nicholas J. Pompeo
        npompeo@mhg-pc.com
        BBO No. 682361
        McGovern, Houston & Ganem, P.C.
        21 Merchants Row, 4th Floor
        Boston, MA 02109
        (617) 723-1444

Dated: July 25, 2018

**CERTIFICATE OF SERVICE**

    I, Peter R. Houston, Esq., counsel for the Plaintiffs, Metropolitan and Property Casualty Insurance Company and The Commerce Insurance Company, hereby certify that this document was served, via first-class mail, postage pre-paid, to counsel for all of the Defendants as identified on the Notice of Electronic Filing (NEF).  Upon information and belief, no unregistered participants have been identified.

                                        /s/ Peter R. Houston
                                        Peter R. Houston, Esq.

Date: July 25, 2018

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

    I, Peter R. Houston, Esq., attorney for the Plaintiffs, Metropolitan Property and Casualty Insurance Company and the Commerce Insurance Company, certify that Plaintiffs' counsel has conferred with counsel for Defendants, Jeffrey S. Glassman and Law Offices of Jeffrey S. Glassman, LLC, in an effort to resolve or narrow the issues in dispute as set forth above in Paragraph 5.  However, counsel for the Glassman Defendants would not agree to withdraw their Motion to Compel.

                                        /s/ Peter R. Houston
                                        Peter R. Houston, Esq.

Dated: July 25, 2018