UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 15-12939-LTS |
| SAVIN HILL FAMILY CHIROPRACTIC, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO COMPEL
[Docket No. 752]

September 7, 2018

Boal, M.J.

      Plaintiffs Metropolitan Property and Casualty Insurance Company ("Metropolitan") and The Commerce Insurance Company ("Commerce") have brought this action against two chiropractic entities, their present and former principals, certain of their employees and various related entities and individuals.  The Plaintiffs claim that the Defendants engaged in a fraudulent scheme to obtain insurance benefits from the Plaintiffs by billing for chiropractic treatment that was "unreasonable and unnecessary, that [was] wrongfully and grossly exaggerated, not rendered in some cases, rendered by unlicensed personnel, rendered to non-injured body areas, as well as for magnified and fabricated symptoms and injuries," and by "filing, pursuing and prosecuting insurance claims based on such treatment and bills."  Second Amended Complaint ("SAC") ¶¶ 1-2, 4, 5.  Among the named Defendants are the Law Offices of Jeffrey S. Glassman, LLC and

Jeffrey S. Glassman, Esq. (collectively, the "Law Firm Defendants"). The Plaintiffs claim that the Law Firm Defendants participated in the alleged scheme by, among other things, unlawfully recruiting and soliciting patients insured by the Plaintiffs; referring patients to the chiropractic entities for treatment; and knowingly submitting and prosecuting false and inflated claims for insurance benefits using false chiropractic records. SAC ¶ 5.

The Law Firm Defendants have moved to compel the Plaintiffs to produce certain documents and answer certain interrogatories. Docket No. 752. The Court heard oral argument on September 5, 2018. After careful consideration of the parties' submissions, as well as the arguments made at the September 5, 2018 hearing, the Court reserves ruling on some issues and grants in part and denies in part the motion as set forth below.

I.  STANDARD OF REVIEW

Under Rule 26(b), a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors that must be considered in weighing proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. Information within the scope of discovery need not be admissible in evidence to be discoverable. Id.

II.  ANALYSIS

A.  Special Investigations Unit Documents And Dr. Frustacci And Dr. Cuomo

Plaintiffs have withheld some claims insurance documents generated by their Special Investigations Unit ("SIU") on the grounds that such documents are protected by the work

product doctrine.  Docket No. 768 at 14-22.[1]  The Law Firm Defendants challenge that assertion.  Docket No. 753 at 10-15.

The Law Firm Defendants also seek an order compelling the Plaintiffs to produce documents responsive to RFPs 1-6, 15-16, and 19, which seek documents concerning Dr. Frustaci and Dr. Cuomo.  The Plaintiffs argue that any documents withheld in this category are protected by the work product doctrine.

The Court reserves ruling on these issues at this time.  In order to better evaluate the parties' arguments, the Court finds that it is appropriate to conduct an <u>in camera</u> review of representative sample claim files.  The parties shall confer and no later than September 14, 2018, submit a <u>joint</u> proposal for how to conduct the <u>in camera</u> review of no more than 16 representative claim files.  The parties should anticipate that the records should be provided to the Court within one week of the Court's ruling on the proposal.  To the extent that the SIU claim files and the files related to Dr. Cuomo and Dr. Frustaci do not overlap, then the parties shall ensure that at least half of the representative files involve claims reviewed by Dr. Cuomo and Dr. Frustaci.

      B.     <u>Searchable Claim Files And Examinations Under Oath</u>

The Law Firm Defendants complain that the Plaintiffs' production of certain claim files does not comply with the Court's December 20, 2017 Order Governing E-Discovery Protocol (Docket No. 632).  Specifically, they maintain that (1) page boundaries have not been maintained; (2) usable field data has been lost that would permit "expectable" searching; and (3) metadata that would allow other searches and cross-referencing files has not been preserved.

---

[1] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket. They reference the docket number assigned by CM/ECF, and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.

Docket No. 753 at 16.  The Plaintiffs note that the problems that the Law Firm Defendants complain of affect only a small subset of Metropolitan claim files.  Docket No. 768 at 12.  They also maintain that their production complies with the E-Discovery Protocol as they have produced those claim files in their native format as they were received from third-party vendors. Id.

The Law Firm Defendants also seek an order compelling the Plaintiffs to produce all examinations under oath ("EUOs") and all exhibits associated with them.  Docket No. 753 at 18.  The Plaintiffs state that they have already done so.  Docket No. 768 at 10-11.  It is not clear to the Court that the Plaintiffs in fact have fully complied with their obligations in this regard.

At the hearing on this motion, it became clear that the Plaintiffs' refusal to have their vendors participate in the meet and confer process related to these issues hampered the parties' ability to narrow and/or resolve this dispute.  Therefore, the Court orders the parties to further confer on this issue, with both parties' vendors present (by phone or in person) during the meet and confer.  This meet and confer shall take place within the next two weeks.  By September 27, 2018, the parties shall file a joint status report on this issue, no longer than ten pages.

      C.      Materials Related To Counterclaims And Defenses

The Plaintiffs have failed to produce certain materials related to the Defendants' counterclaims and defenses.  Docket No. 768 at 7.  The Plaintiffs maintain that such discovery is premature because they have meritorious bases for their motions to dismiss the counterclaims and that they intend to seek a stay of such discovery.  Id.  However, no such motion has been filed and, in any event, the Court would not be inclined to grant such a motion.  Accordingly, the Court grants the motion to compel with respect to discovery related to Defendants' counterclaims and defenses.  Plaintiffs shall produce the responsive documents within four

weeks of the date of this order.

### D. Joint Defense Agreement

The Law Firm Defendants seek production of the Plaintiffs' joint defense agreement, pre-litigation communications between them that predate the agreement, and a privilege log of communications between the Plaintiffs without counsel present. Docket No. 753 at 21. Courts have found that joint defense agreements are protected by the work product doctrine. See, e.g., Falana v. Kent State Univ., No. 5:08 CV 720, 2012 WL 6084630, at *4 (N.D. Ohio Dec. 6, 2012); AMEC Civil, LLC v. DMJM Harris, Inc., No. 06-064, 2008 WL 8171059, at *4 (D.N.J. July 11, 2008). In addition, the Law Firm Defendants have not sufficiently articulated why the agreement itself would be relevant and discoverable in this case. Accordingly, the Court denies the Law Firm Defendants' request for the joint defense agreement.

To the extent that the Plaintiffs argue that communications predating the joint defense agreement are protected by the common interest privilege, they have failed to provide a factual record for the Court to conclude that any such communications are indeed privileged. See In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 22 (1s Cir. 2003) (One claiming privilege, "bears the burden of establishing that . . . [the privilege] applies . . . and that it has not been waived."). Accordingly, the Court orders the Plaintiffs to produce responsive communications that predate the joint defense agreement within two weeks of the date of this order.

### E. Communications With Other Carriers, The Insurance Fraud Bureau, And Government Agencies, And Documents Concerning First Boston Billing

The Law Firm Defendants request that the Court order the Plaintiffs to produce documents responsive to RFPs 10 and 11, which seek communications with other insurance carriers, the Insurance Fraud Bureau, and other governmental or quasi-governmental agencies.

5

Docket No. 753 at 22.  They also seek documents responsive to RFPs 14, 20, and 32, which called for documents concerning First Boston Billing.  Id. at 22-23.  The Plaintiffs state that they have agreed to produce these categories of documents.  Docket No. 768 at 6-7.  However, it is not clear that they have in fact searched for all responsive documents.  For example, at the hearing, Plaintiffs acknowledged that they had not in fact used the search term "FBB" or "First Boston."  The Court orders the Plaintiffs to search for and produce documents responsive to these requests within four weeks of the date of this order.

      F.      Performance Reviews And Complaints

The Law Firm Defendants also seek performance reviews for, and complaints about, the lead SIU investigators in this case.  Docket No. 753 at 23.  In support for this request, the Law Firm Defendants state that at trial, they expect "to show that these SIU investigators intimidated witnesses and pressured them into shaping statements in favor of the Plaintiffs."  Docket No. 753 at 23.  The Court finds that the request itself is overly broad and not justified by the Law Firm Defendants' explanation of the relevance of the requested information.  Accordingly, the Court denies this request.

      G.      Search Terms

The Law Firm Defendants argue that the Plaintiffs should be required to produce responsive documents based on the following reasonable search terms: 97110, "well leg," "leg raise," assistant and (chiro or chiropractor or delegate or delegated or delegation).  Docket No. 753 at 23.[2]  At the hearing, the parties came to an agreement on this dispute.  The Plaintiffs have already searched for the term "97110" and have produced non-privileged responsive documents.

---

[2] The Law Firm Defendants also sought an order compelling the Plaintiffs to search the terms "FBB" and "First Boston."  That request is addressed in Section F above.

The Plaintiffs have also agreed to search the emails of supervisors for the other terms. The search will be run against emails only, not attachments, but if a responsive email has attachments, those attachments will be produced as well. Plaintiffs shall conduct the searches and produce responsive documents within four weeks.

      H.     <u>Interrogatory No. 15</u>

Interrogatory No. 15 asked the Plaintiffs to "[i]dentify all lawyers who have represented any of your insureds who treated at Savin Hill or Logan, the name of the insured, the date of the claim, and whether or not you paid all, part or none of the claim." Docket No. 754-2 at 18. After objecting to the interrogatory on a number of grounds, the Plaintiffs responded as follows:

> [T]he examining, auditing, compiling, abstracting, or summarizing of the Plaintiffs' claim files will yield a proper response, and the burden of deriving or ascertaining the Answer to this Interrogatory from these business records of the Plaintiffs is substantially the same for the Defendants and the Plaintiffs. Without waiving the foregoing objection and without withholding any information, the Plaintiffs provide the following response:
>
> Pursuant to Fed. R. Civ. P. 33(d)(2), the Plaintiffs refer the Defendants to their Production of their respective claim files, and the Cross-Referenced Reports for the Plaintiffs' respective claim file productions of February 15, 2018, which are organized by the Plaintiffs' claim number, and assigned Bates Stamped Numbers.

<u>Id.</u> The Plaintiffs argue that this response complies with Rule 33(d) of the Federal Rules of Civil Procedure. Docket No. 768 at 7.

Federal Rule of Civil Procedure 33(d) provides an option for a party to produce business records in lieu of answering interrogatories where the answer may be derived or ascertained from such records:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving

>or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
>(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d).

In order to properly invoke Rule 33(d), four criteria must be met. First, the producing party must affirm that the information sought by the interrogatory is in fact available in the specified records. In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig., No. MDL-2327, 2013 WL 8744561, at *2 (S.D.W.Va. July 26, 2013); Hillyard Enter., Inc. v. Warren Oil Co., Inc., C.A. No. 02-329, 2003 WL 25904133, at *2 (E.D.N.C. Jan. 31, 2003) (citation omitted). Second, the producing party must specify the actual documents where information will be found. Id. Third, the producing party must show that answering the interrogatory in the traditional manner would impose a burden on it. Id. Finally, the producing party must show that the burden of deriving the answer from the specified documents will be substantially the same for both parties. Id.

The Court finds that the Plaintiffs have not met their burden under Rule 33(d). Referring the Law Firm Defendants to the entirety of the claim files production does not meet the specificity requirement of Rule 33(d). Accordingly, the Plaintiffs' answer to Interrogatory No. 15 is insufficient and must be supplemented within two weeks.

I.      Supplementation Of Answers

Finally, the Law Firm Defendants seek an order compelling supplemental responses to RFPs 1-4, 9-10, 24, 26, 51, 52, 58, 59, 60, 61, 73, 89, 90, and 93 and to Interrogatories Nos. 7-9, 13, 20, and 22. Docket No. 753 at 24. At the hearing, the Plaintiffs represented that they served

supplemental answers on September 5, 2018.  Any purported deficiencies to the supplemental answers are subject to the requirements of Rule 37 and Local Rule 7.1 to confer in a good faith attempt to narrow disputes.  Therefore, the Court denies this request without prejudice.

**So Ordered**.

      /s/  Jennifer C. Boal
      JENNIFER C. BOAL
      UNITED STATES MAGISTRATE JUDGE