UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAVIN HILL FAMILY CHIROPRACTIC, INC. et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 15-12939-LTS<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. NO. 820)

October 12, 2018

SOROKIN, J.

   The Court recently denied motions to dismiss counterclaims advanced by certain defendants, Doc. No. 797, established a revised firm schedule for remaining discovery, scheduled a firm and definite trial date, and ordered that "[t]here will be one, and only one, round of motions for summary judgment in this case," Doc. No. 806 at 2. The Court issued these orders on September 10 and 25, 2018. Now, Plaintiffs have filed a motion for judgment on the pleadings, Doc. No. 820, in which they seek dismissal of the very counterclaims that the Court declined to dismiss in the prior orders. The Motion rehashes standing arguments previously made, augmented by broader application of the theories set forth in the original motion.

After review of the Motion and supporting memorandum, the Court finds awaiting or requiring an opposition would only serve to further exacerbate unnecessarily the expense and duration of this lawsuit. Based upon this review, the Motion is DENIED.[1]

This case has consumed tremendous judicial resources as well as substantial resources of the parties. The amount of resources consumed has been, to date, disproportionate to the nature of the dispute, and arises from the manner in which all counsel have been conducting the litigation.

Accordingly, the Court makes the following further Order to govern this proceeding. **Other than the one, and only one, summary judgment motion provided for in the recent scheduling order, Doc. No. 806, no party may file any other dispositive motion of any form without prior permission of the Court.** To obtain prior permission, a party must (1) confer with opposing counsel as provided by L.R. 7.1(a)(1); (2) submit a request to file a dispositive motion, which shall not exceed four double-spaced pages in length, setting forth the reasons supporting relief sought and explaining why consideration of the motion would facilitate the "just, speedy, and inexpensive determination" of this matter, Fed. R. Civ. P. 1; and (3) include as an attachment to the request a certification signed by the party filing the request, certifying that the party concurs in the filing of the request after having discussed the matter with counsel, reviewed all of the Court's then-prior written or electronic orders in this matter, and discussed

---

[1] The Court is well aware of its "obligation to inquire . . . into its own subject matter jurisdiction," McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004), which the Motion does challenge with respect to certain counterclaims. While "standing is a prerequisite to a federal court's subject matter jurisdiction," Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016), the Court rejected the arguments advanced by Plaintiffs when it declined to dismiss the counterclaims in its September 10, 2018, order, Doc. No. 797. Many of the standing arguments revive by Plaintiffs depend on resolution, favorably to Plaintiffs, of factual matters that the Court cannot now resolve.

with counsel the costs entailed in bringing this case to judgment in the district court. If the party is a natural person, the natural person shall sign the certification; otherwise, the party's in-house general counsel (or, if the party lacks an in-house general counsel, its chief executive officer) shall sign the certification.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge