UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:15-CV-12939-LTS

| | |
|---|---|
| METROPOLITAN PROPERTY AND | ) |
| CASUALTY INSURANCE COMPANY, and | ) |
| THE COMMERCE INSURANCE COMPANY, | ) |
|     Plaintiffs/Counterclaim Defendants, | ) |
| | ) |
|     v. | ) |
| | ) |
| SAVIN HILL FAMILY CHIROPRACTIC, INC., | ) |
| et als., | ) |
|     Defendants, | ) |
| | ) |
|     and | ) |
| | ) |
| LAW OFFICES OF JEFFREY S. GLASSMAN | ) |
| LLC, | ) |
|     Defendant/Counterclaim Plaintiff. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFFS/DEFENDANTS-IN-COUNTERCLAIM, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY AND THE COMMERCE INSURANCE COMPANY'S MOTION TO COMPEL ANSWERS TO THE PLAINTIFFS' MASTER SET OF INTERROGATORIES FROM THE DEFENDANTS, JEFFREY S. GLASSMAN, ESQ. AND THE LAW OFFICE OF JEFFREY S. GLASSMAN, LLC**

## I.   INTRODUCTION

NOW COME the Plaintiffs/Defendants-in-Counterclaim, Metropolitan Property and

Casualty Insurance Company ("Metropolitan") and The Commerce Insurance Company

("Commerce")(collectively "the Plaintiffs"), and, pursuant to Fed. R. Civ. P. 26, 33 and 37,

hereby submit their Memorandum of Law in support of their Motion to Compel Answers to the

Plaintiffs' Master Set of Interrogatories from the Defendants, Jeffrey S. Glassman, Esq., and the

Law Office of Jeffrey S. Glassman, LLC ("Motion to Compel").  Defendants Jeffrey S.

Glassman, Esq. and the Law Offices of Jeffrey S. Glassman, LLC's ("the Glassman

Defendants") Answers to the Plaintiffs' Master Set of Interrogatories ("Master Ints") are non-responsive, noncompliant with the requirements of Fed. R. Civ. P. 33, improperly impose unreasonable limitations on relevant discovery, and assert work-product protection without any justification.  Accordingly, the Plaintiffs respectfully request that the Court compel the Glassman Defendants to provide complete Answers to the Plaintiffs' Master Ints.

## II.    <u>BACKGROUND</u>

By their Second Amended Complaint ("SAC")[Doc. No. 304], and supporting Exhibits A through H [Doc. No. 304-1 – 304-8], the Plaintiffs have alleged a widespread conspiracy and coordinated fraudulent scheme designed to wrongfully obtain insurance benefits from the Plaintiffs by submitting and prosecuting fraudulent claims based upon the Clinic Defendants' fraudulent chiropractic records and bills.  The SAC further alleges that the Glassman Defendants and its employee-paralegal Defendants, Brandy Soto and Heger Asenjo, intentionally, knowingly and willingly participated in the Defendants' conspiratorial scheme to defraud the Plaintiffs through their illicit and illegal solicitation and recruitment of Metropolitan and Commerce patients and/or claimants.  The Plaintiffs' SAC further alleges that the Defendants intentionally and knowingly conducted and/or participated, directly and/or indirectly, in the conduct and affairs of the Defendants' own "association-in-fact" enterprise, by exploiting the strictures of the statutory framework for Massachusetts automobile personal injury claims, and that the fraudulent conduct of all Defendants constitutes a pattern of racketeering activity and attempts to collect an unlawful debt in violation of 18 U.S.C. §1962(c), as well as a conspiracy to commit a violation of §1962(c), pursuant to 18 U.S.C. §1962(d).  The Plaintiffs have also alleged causes of action for civil and coercive conspiracy and violations of M.G.L. c. 93A.

The Plaintiffs served their Master Set of Interrogatories on the Glassman Defendants ("Master Ints") on June 29, 2018.  <u>See</u> **Exhibit A**, Master Ints to the Glassman Law Office and Jeffrey S. Glassman.  After several extensions of time, the Glassman Defendants served their respective Answers to the Plaintiffs' Master Ints on September 17, 2018, which were deficient in numerous respects. Notably, neither the Glassman Law Office, nor Glassman himself Answered the Master Ints under oath, as required by Fed. R. Civ. P. 33.  <u>See</u> **Exhibits B and C**, Answers to Plaintiffs' Master Ints from the Glassman Law Office and Glassman, respectively.  Not only were the Answers by the law firm and Glassman, individually, not signed under oath, but the Answers by each were completely identical, raising serious issues regarding the investigation that was performed by the Glassman Law Office in preparation of answering the Plaintiffs' Master Ints, as presumably, the law firm has more knowledge than Glassman, individually, and especially where, Rule 33 requires that a corporation answer an interrogatory by providing all information available to it.  <u>Id.</u>

Perhaps the most egregious deficiency in the Glassman Law Office's Answers is the fact that the Glassman Law Office attempts to disclaim any responsibility to speak with Brandy Soto, its employee of nearly fourteen (14) years, in answering the interrogatories due to the fact that the Glassman Law Office terminated his employment on the very day, (i.e. September 17, 2018), they executed their Answers to the Master Ints in an attempt to prevent Soto's knowledge from being imputed to the firm.  <u>See</u> Exhibit B. at Answer No. 2 ("Mr. Soto is no longer employed by the GLO and therefore is not available as a source of information for the firm on which it would rely or could be bound."); <u>See also</u> **Exhibit D**, Defendant Soto's Revised Answers to Interrogatories, at Answer No. 2 ("He [Soto] was an employee of Glassman Law Office since he believes in or around 2004, and his last day of employment was on or about September 17,

2018."). During meet and confer efforts, counsel for the Glassman Defendants claimed that the

date of termination was merely coincidence, and furthermore that, even if Soto had not been

terminated by the Law Firm, it would not have changed the Glassman Defendants inability to

obtain information from Soto because Soto's counsel would not allow counsel for the Glassman

Defendants to speak with Soto.  However, counsel for the Glassman Defendants ability or

inability to speak with Soto is irrelevant to the Glassman Law Office's, and/or Glassman's,

ability to communicate with Soto from June 29, 2018 to September 17, 2018, while he remained

an employee of the Glassman Law Office, and thus, an available source of information.

Based on these deficiencies and others including the general nonresponsive nature of all

of the Glassman Defendants' Answers, on September 20, 2018, the Plaintiffs sent the Glassman

Defendants a request for a meet and confer conference with respect to the deficiencies in their

Answers to the Master Ints. See **Exhibit E**. On November 6, 2018, the Plaintiffs sent another

request for a meet and confer regarding the deficiencies in the Glassman Defendants' Answers to

the Master Ints. See **Exhibit F**, November 6, 2018, Letter at 6. On November 8, 2018, the

Plaintiffs proposed multiple dates for scheduling the meet and confer regarding their Master Ints,

and again requested Answers signed under oath by the Glassman Defendants.  See **Exhibit G**. In

response to the Plaintiffs' deficiency letter, the Glassman Defendants also served Amended

Verifications for their Answers on November 8, 2018. See **Exhibit H**, Amended Verifications.

The Glassman Law Office's Amended Verification remains deficient as the firm continues to

include evasive language within the verification, such as that the Answers are true and correct,

"to the best of [Glassman's] knowledge." Such qualifying language is inappropriate in a

verification for a corporation under Rule 33. The Plaintiffs attempted to conduct a meet and

confer regarding the Glassman Defendants' Answers to the Master Ints on November 12, 2018,

however, the conference only addressed Soto's termination.  <u>See</u> **Exhibit I**.  On November 13,

2018, the Parties conducted their first meaningful meet and confer on this issue, perhaps because

Plaintiffs' counsel agreed to have the conference recorded.  <u>See</u> **Exhibit J**.  Although the meet

and confer was supposed to be completed on November 13th, it was ultimately rescheduled for

November 18, 2018, and at the conclusion of this conference, the Glassman Defendants advised

that they would provide their position with respect to supplementing Answer Nos. 19, 21, 22, 23,

and 24, by Tuesday, November 20, 2018, however, the Plaintiffs have not received any

supplemental Answers to the Plaintiffs' Master Ints.  In the event the Plaintiffs receive sufficient

Supplemental Answers from the Glassman Defendants, the Plaintiffs will notify the Court of the

same so as to remove those issues that may become moot.  However, given the Court's

Scheduling Order and the fact that the Plaintiffs have not received Supplemental Answers from

the Glassman Defendants to date, the Plaintiffs hereby respectfully request that this Honorable

Court compel proper Answers to the Master Ints.

**III.**     <u>**STATEMENT OF LAW**</u>

         Federal Rule of Procedure 26 provides that:

> Parties may obtain discovery regarding any nonprivileged matter
> that is relevant to any party's claim or defense and proportional to
> the needs of the case, considering the importance of the issues at
> stake in the action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether
> the burden or expense of the proposed discovery outweighs its
> likely benefit.

Fed. R. Civ. P. 26(b)(1).  "The purpose of discovery is to enable the parties 'to obtain []the

fullest possible knowledge of the issues and facts before trial.'"  <u>Diaz v. Devlin</u>, 2018 WL

1610541, at *2 (D. Mass. Apr. 3, 2018)(quoting <u>LeBarron v. Haverhill Coop. Sch. Dist.</u>, 127

F.R.D. 38, 40 (D.N.H. 1989)). It is the moving party's initial burden to demonstrate that the

request seeks relevant discovery when moving to compel discovery responses pursuant to Fed. R. Civ. P. 37.  See First Niagara Risk Management, Inc. v. Folino, 317 F.R.D. 23, 25 (E.D. Pa. 2016)(citing Morrison v. Philadelphia Housing Authority, 203 F.R.D. 195, 196 (E.D. Pa. 2001)).  Once the moving party meets its initial burden, the burden then shifts to the opposing party to demonstrate why the motion should be denied.  Id. at 27.

Rule 33 of the Federal Rules of Civil Procedure allows a party to serve interrogatories on an opposing party, which may relate to any matter that may be inquired into under Rule 26(b).  See Fed. R. Civ. P. 33(a)(1) & (2).  When propounded on an individual, the interrogatory must be answered by the "party to whom they are directed."  See Fed. R. Civ. P. 33(b)(1)(A).  When served on a public or private corporation, an association, a partnership or governmental agency, however, the interrogatories must be answered "by any officer or agent, **who must furnish the information available to the party**."  See Fed. R. Civ. P. 33(b)(1)(B)(emphasis supplied).  "Since this language was added in 1946, the rule has been construed to place on the responding corporation a duty to inquire of appropriate employees before submitting its answers." Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 505 F. Supp. 1190, 1257 n. 82 (E.D. Pa. 1980), aff'd in part, rev'd in part, In re Japanese Electronic Products Antitrust Litig., 723 F.2d 238 (3d Cir. 1983).  Rule 33 also imposes the responsibility on the answering party to respond to the entirety of the interrogatory.  See Fed. R. Civ. P. 33(b)(3).

## IV.   LEGAL ARGUMENT

### A.   The Glassman Defendants' Answers to the Master Ints Do Not Comply with Either Fed. R. Civ. P. 33

The Glassman Defendants' Answers to the Master Ints fail to comply with the tenets of Rule 33, even despite their attempts to amend their Verifications.  Initially, the Glassman Defendants' verifications failed to comply with Rule 33(b)(3)'s requirement that "[e]ach

interrogatory must, to the extent it is not objected to, be answered separately and fully in writing **under oath**."  (emphasis supplied); see also Exhibits B and C. The Glassman Law Office's amended Verification remains deficient do to its use of limiting, or qualifying language that the answers are only true and correct "to the best of his [Glassman's] knowledge."  A corporation answering an interrogatory only to the best of the signor's knowledge does not comply with the requirement that the corporation must "furnish all information available" to it.  See Deseret Management Corp. v. U.S., 75 Fed.Cl. 571, 574-75 (Fed. Cl. 2007)(interpreting RCFC 33, which is premised on Fed. R. Civ. P. 33, and finding that use of the phrase "to the best of my knowledge" is improper in an interrogatory verification for a corporation).  As the Court in Deseret explained, not only does the phrase improperly emphasize the personal knowledge of the individual signing the interrogatory, but:

> [t]he qualifying phrase 'to the best of my knowledge' also prompts questions regarding the completeness of the answers and whether the answers bind defendant.  The Court agrees with the *Nagler* court in that the phrase gives the responding party 'convenient avenues of evasion' from its responses.

Id. at 575 (citing Nagler v. Admiral Corp., 167 F. Supp. 413 (S.D.N.Y. 1958)). The same is true, herein, where by asserting that the answers to the Glassman Law Office's interrogatories, are true and accurate to the best of Glassman's knowledge, Glassman has a convenient avenue of avoiding the binding nature of answers to interrogatories and evades full and complete answers.

The Glassman Law Office's Answers to the Master Ints also fail to comply with Rule 33 in that the law firm has failed to rely upon all information available to it in answering the Master Ints, as required by Rule 33(b)(1)(B).  This is demonstrated not only by the fact that the Glassman Law Office's answers are identical to Glassman's individual answers, calling into question whether the Glassman Law Office performed any investigation at all or merely relied

upon Glassman's knowledge to answer their interrogatories, but also by the fact that the

Glassman Law Office disclaims any obligation to speak with its longtime employee, Brandy

Soto, because the law firm, in a cynical attempt to avoid being bound by Soto's knowledge, fired

him on the date the Glassman Defendants served their interrogatory answers.  Corporate

knowledge, which includes, "the collective knowledge of all of its employees, agents, and

counsel" and is recognized to be greater than individual knowledge for purposes of discovery.

See Liu v. Win Woo Trading, LLC, 2016 WL 627386, at *1 (N.D. Cal. Feb. 17, 2016).  It begs

the questions then, when the law firm was required to learn the knowledge of its employees on

the matters set forth in the interrogatories, why is the law firm's knowledge the same as its sole

principle in responding to identical interrogatories?  Perhaps the law firm, in refusing to comply

with the requirements of Rule 33 by providing "the information available to it," hopes its willful

ignorance will go unnoticed. Any argument that Soto's counsel would not allow the Glassman

Defendants' counsel to speak with Soto is an insufficient excuse for why Soto's direct supervisor

and employer, Glassman, did not speak with Soto about the information sought in the Master Ints

during the two (2) plus month period that Soto remained an employee of the Glassman Law

Office. The Glassman Law Office had their own obligation, not just their counsel, to conduct a

reasonable investigation in responding to the Master Ints.

     Moreover, is the blatant effort that the Glassman Law Office employed to avoid being

bound by Soto's knowledge with respect to its Answers to Interrogatories.  Simply terminating

Soto's employment does not mean that their personal knowledge somehow ends on that same

date. The Glassman Law Office has been involved in this matter since at least February 12, 2016,

when it filed its Motion to Intervene. [See Doc. No. 239.] Despite having full knowledge of the

allegations against its employee Brandy Soto and paying his legal fees in this matter, the

Glassman Law Office continued to employ Mr. Soto for a time period of over two and half years, until on September 17, 2018, when it terminated Mr. Soto's employment. <u>See</u> **Exhibit D**, Soto's Revised Supplemental Answers to Interrogatories at Answer No. 2.  September 17, 2018, just also happens to be the same date that the Glassman Law Office executed the signature page on its Answers to the Master Ints. Even though Mr. Soto was employed throughout the time period from the date that the Master Ints were served June 29, 2018, until the date they were signed on September 17, 2018, the Glassman Law Office states in Answer Nos. 2, 3, 9 and 23 that since "Mr. Soto is no longer employed by the GLO" he is "no longer available as a source of information for the firm on which he would rely or could be bound."   Here, clearly Mr. Soto was employed at the firm during the time period when the answers were being drafted and for no less than a decade prior.  The Glassman Law Office's firing of Mr. Soto and refusal to incorporate Mr. Soto's knowledge into its responses not only violates Rule 33, but demonstrates a transparent attempt at gamesmanship which should not be allowed in judicial proceedings.

Moreover, the common interest doctrine does not alleviate the Glassman Law Office's responsibility to obtain information from Soto in order to respond to the Plaintiffs' Master Ints, as the Glassman Defendants have suggested in the parties' meet and confers.  It is fundamental that the common interest doctrine does not create a new privilege, but merely extends an existing attorney-client privilege to communications with third-parties where they have a common interest.  <u>See</u> <u>Ken's Foods, Inc. v. Ken's Steak House, Inc.</u>, 213 F.R.D. 89, 93 (D. Mass. 2002). "In order for the common interest exception to apply, 'the party asserting the privilege must show that (1) the communications were made in the course of a joint defense effort, (2) the statements were designed to further the effort, and (3) the privilege has not been waived.'"  <u>Id.</u> (quoting <u>United States v. Bay State Ambulance and Hosp. Rental Serv. Inc.</u>, 874 F.2d 20, 28 (1st

Cir. 1989)).  "'To qualify for the privilege, the communication must have been made in confidence.'"  <u>Id.</u>  Here, the Plaintiffs would not be seeking communications between Soto and Glassman, but instead, are seeking Soto's knowledge, which is already imputable to the Glassman Law Office.  Moreover, any discussion which the Glassman Law Office, or its attorney, may have with Soto regarding its discovery obligations cannot be said to be in confidence, as the very purpose of the discussion would be to disclose that information to the Plaintiffs.  Therefore, the common interest doctrine provides the Glassman Law Office no protection from its obligation to comply with the requirements of Rule 33.

Accordingly, the Plaintiffs request that the Court compel the Glassman Law Office to revise its verification, to provide details concerning its investigation in order to respond to the Plaintiffs' Master Ints and to provide supplemental answers which incorporate the knowledge of the Glassman Law Office's agents and employees, including Brandy Soto.

**B.      The Glassman Defendants' Answers to Interrogatories are Entirely Non-Responsive**

The Glassman Defendants' Answer Nos. 1, 2, 8, 9, 10, 13, 18, 20, 21, 22, 23 and 24 remain nonresponsive, and the Court should compel complete Answers in accordance with Rule 33.  "'It has been said that interrogatories should be answered directly and without evasion in accordance with information that the answering party possess after due inquiry.' [ . . . ] 'Evasive or cryptic answers are ordinary [sic] insufficient but each answer must be read in the light of the question in deciding its sufficiency.'"  <u>McGahey v. Federal National Mortgage Association</u>, 2018 WL 3521175, at *1 (D. Me. July 20, 2018)(quoting 8B FPP §2177, at 80). Here, the foregoing Answers are all non-responsive to the information requested by the interrogatory and are evasive.

Answer Nos. 1, 2 and 18, impermissibly attempt to shift the burden onto the Plaintiffs to make sure the Glassman Defendants' Answers are accurate, and limit the information sought by the interrogatories without a justifiable reason.  The Glassman Defendants produced a chart of clients who treated at Savin Hill and Logan, whose claims form part of the allegations of the Plaintiffs' SAC in response to Interrogatory No. 1, however, the interrogatory was not so limited and requested the that Glassman Defendants "identify" every claimant or client that treated at Savin Hill or Logan Chiro between January 1, 2006 to the present," not just those whose claims form part of the allegations of the SAC.  See **Exhibit A**, at Interrogatory No. 1.  The Glassman Defendants also attempt to shift the burden to the Plaintiffs to make sure their own list is accurate, which is improper. Answer No. 2 fails to respond to all subparts and provides information not sought by the Interrogatory.  See Stillwagon v. City of Delaware, 2016 WL 6248956, at *1 (S.D. Ohio Oct. 26, 2016)("The word 'fully' means, in the context of this Rule [Fed. R. Civ. P. 33(b)(3)], that the answer must respond to each part of the question.  Courts have frequently ordered a party to provide a more complete answer to interrogatories when the initial answer does not respond fully to the question being asked.")(citations omitted).  Interrogatory No. 2 seeks the identities of any individuals who have represented claimants during an examination under oath, small claims proceedings, depositions, arbitration, litigation, court proceedings, or any other matters, and who were not licensed to practice law in the Commonwealth of Massachusetts. Id. at Interrogatory No. 2.  Instead, the Glassman Defendants' answer that Soto operated as an interpreter is non-responsive as that is not the question posed and no further answer is provided. See **Exhibits B and C**, at Answer No. 2.

Interrogatory No. 18 seeks the identity of each individual in the Glassman Law Office "who attended a recorded statement, examination under oath, interview or other statement

**requested by any insurance company** with regard to Savin Hill or Logan Chiro." **Exhibit A** at Interrogatory No. 18.  The Glassman Defendants' Answer No. 18, that, "the [Defendants] state that it would obtain this information from the face of transcripts that plaintiffs have been ordered to produce and are more accessible to the plaintiffs than to the [Defendants]" is not only entirely non-responsive, but ignores the scope of the request, which is not limited to just claims presented to the Plaintiffs, but rather seeks the identity of anyone who attended an examination under oath and/or recorded statement with respect to **any** insurance company, where the claimant treated at either Savin Hill or Logan, which would be further evidence of knowledge.

The Glassman Defendants' Answers No. 8 and 13 are likewise nonresponsive as they misstate the scope of the Plaintiffs' request and attempt to incorporate every document produced by all parties during discovery into their Answers, presumably under Fed. R. Civ. P. 33(d)(2). The Plaintiffs did not request the Glassman Defendants to incorporate every written communication produced in this matter, as neither interrogatory seeks to identify communications between the Glassman Defendants and the Plaintiffs, or communications between the Glassman Defendants and the other Defendants, with the exception of the Paralegal Defendants.  Instead, in response to Interrogatory Nos. 8 and 13, the Plaintiffs requested that the Glassman Defendants identify written communications by and between the Glassman Defendants, their employees and the Paralegal Defendants, relating to allegations in the SAC regarding referral relationships, recruitment and solicitation of claimants/patients, and B. Soto's ownership of Savin Hill and Logan Chiropractic.  The Glassman Defendants' attempts to incorporate every communication produced in this matter as their response to Interrogatory Nos. 8 and 13 is not only nonresponsive but lacks the specificity required by Rule 33(d). See Mulero-Abreu v. Puerto Rico Police Dept., 675 F.3d 88, 93 (1st Cir. 2012)("[A]nswering interrogatories

simply be directing the proponent to rummage through other discovery material falls short of the obligations imposed by Rule 33.")(citation omitted).  Notably, when the Plaintiffs answered the Defendants' Master Interrogatory No. 15 by incorporating their claim file productions under rule 33(d), the Glassman Defendants moved to compel a supplemental response from the Plaintiffs. This Court held that, "referring the Law Firm Defendants to the entirety of the claim files production does not meet the specificity requirement of Rule 33(d)."  [Doc. No. 796 at 8.] Accordingly, the Court should require the Glassman Defendants to supplement their Answers to Interrogatory Nos. 8 and 13.

With respect to Interrogatory Nos. 9, 22, 23, and 24, the Glassman Defendants' have either provided no answer, or have again relied upon their termination of Soto as an employee in order to refrain from providing relevant information.  The Glassman Defendants' Answer No. 21 also improperly attempts to rely on Rule 33(d) by stating that the "any such pertinent agreements, undertakings or certificates have been produced to plaintiffs."  See **Exhibits B and C**, at Answer No. 21.  However, Answer No. 21 fails to provide the specificity required by the Rule, as the Glassman Defendants provide no identifying information for these records, including bates numbers, dates of the agreements, and/or parties to the agreements, or otherwise.

Answer No. 20 is also deficient as the Interrogatory specifically requests that the Glassman Defendants breakdown by year a number of different calculations related to their representation of patients of Savin Hill and Logan.  See Exhibits B and C at Interrogatory No. 20.  Interrogatory No. 20 specifically requests:

> For each year between 2006 and December 31, 2016, please identify the following:
>
> (1)     the percentage of claimants/clients the Glassman Defendants represented and who treated at Savin Hill or Logan Chiro;

       (2)     the number of claimants/clients the Glassman Defendants
represented and who treated at Savin Hill or Logan Chiro;

       (3)     the percentage of claimants/clients the Glassman
Defendants represented and who did not treat at Savin Hill or
Logan Chiro; and

       (4)     the number of claimants/clients the Glassman Defendants
represented and who did not treat at Savin Hill or Logan Chiro.

The Glassman Defendants, instead of responding to each subpart for each individual year

between 2006 and 2016, state a gross number for the pertinent years failing to completely

respond to Interrogatory No. 20.  See Exhibits B and C, at Answer No. 20 ("Subject to its

objections, the GLO states that less than 14% of its clients (less than 1,900 clients over pertinent

years) treated at Savin Hill or Logan, and more than 86% of its clients (greater than 11,000

clients over pertinent years) did not receive treatment there).  The breakdown by year is

important as the Plaintiffs expect that it will demonstrate that the Glassman Law Office used its

relationship with Soto, Asenjo, Savin Hill and Logan Chiro to spearhead and grow its practice,

and that only after relying heavily upon claimants treating at Savin Hill and/or Logan Chiro, and

the monies paid, did the practice start to bring in other clients not related to these two entities.

The Interrogatory is relevant as the information sought will likely demonstrate the Glassman

Law Office's participation in the enterprise, and its motive for participation in the fraudulent

scheme alleged by the Plaintiffs in the SAC.

       Each of the foregoing Answers are deficient and the Glassman Defendants should be

ordered to supplement, whether overdue or because they would not agree to do so voluntarily,

their Answers to Interrogatories, 2, 8, 9, 10, 13, 18, 20, 21, 22, 23 and 24, with complete and

responsive Answers that comply with Fed. R. Civ. P. 33.

       **C.**     **The Glassman Defendants' Improperly Limit the Scope of Their Answers to
Interrogatories**

The Glassman Defendants have improperly limited the scope of their Answers to the

Plaintiffs' Master Ints,  by employing the same limitations in their Answer Nos. 1, 18, and 19,

which were employed by the Glassman Defendants in their Responses to the Plaintiffs' Master

Requests for Production of Documents, and which form the basis of the Plaintiffs' Motion to

Compel Complete Responses to the Plaintiffs' Master Requests for Production of Documents

[Doc. Nos. 855-56], i.e. by limiting responses to only the subject claims, and also to a few select

employees.   As set forth extensively in the Plaintiffs' Memorandum in Support of their Motion

to Compel Complete Responses to the Plaintiffs' Master Requests for Production of Documents

[Doc. No. 856], relevance in this case is not limited to just the claims that underlie the allegations

of the SAC, as the full scope of the Glassman Defendants' relationship with Soto, Asenjo, Logan

and Savin Hill is directly at issue in this litigation, and can only be surmised once discovery is

allowed as to every client of the Glassman Defendants who treated at Savin Hill or Logan.

Therefore, the Glassman Defendants' objections in Answer Nos. 1 and 18, limiting their answer

only to the subject claims, is improper.

Furthermore, the Glassman Defendants' attempts to limit their Answer No. 19 solely to

Soto and Heger Asenjo, as opposed to providing the requested information for all employees of

the Glassman Law Firm, also improperly limits the scope of relevant discovery.  The

compensation of Soto and Asenjo, and the various forms of compensation each were paid, is

relevant in relation to the compensation paid to other employees of the Glassman Law Office as

it goes to the knowledge and intent of the Glassman Defendants, as well as the allegations of

Soto and Asenjo being given the fictitious title of "paralegal."  It is the Plaintiffs' belief that Soto

was compensated at a higher rate than most employees of the Glassman Law Office, even

attorneys, and that he received various forms of compensation, including paid vacations,

rewards, and bonuses at a higher frequency than other employees.   Interrogatory No. 19 seeks a list of all employees of the Glassman Law Office between 2006 to the present, their position within the firm, their job responsibilities, and their yearly compensation, and the form their compensation takes.  The Glassman Defendants have no good faith basis to limit their answer to Interrogatory No. 19 to solely Soto and Asenjo, as paid individuals may be witnesses to the events alleged in the Plaintiff's Second Amended Complaint.

There is no reasonable basis for the Glassman Defendants to have limited their Answers to the Plaintiffs' Master Ints as they have, and therefore the Court should compel the Glassman Defendants to supplement their Answers with all responsive information requested therein.

### D.      The Glassman Defendants Have Improperly Asserted Work-Product Objections

In Interrogatory No. 12, the Plaintiffs requested that the Glassman Defendants:

> Identify each witness or third-party individual or entity that you or your investigators, attorneys, representatives, agents, employees or servants have communicated, spoke with or interviewed regarding any of the allegations set forth in the Plaintiffs' Second Amended Complaint and/or the defenses of such allegations, and for each communication, conversation or interview state: the identity of the person who communicated, spoken with or interviewed each witness, the date of each interview, the place of the interview, who was present for the interview, the subject matter of the interview, and whether the witness signed a written statement, affidavit or declaration or other document.

See Exhibit A at Interrogatory No. 12. Though the Glassman Defendants provided the names and dates of some witness interviews, the Glassman Defendants go on to assert that they "maintain[] [their] claim of work product protection" with respect to discussion with other potential witnesses involving counsel. See Exhibits B and C at Answer No. 12.  "The protection of attorney work product material is designed, above all, to protect the mental impressions and thought processes of attorneys." In re Atlantic Financial Management Securities Litigation, 121

F.R.D. 141, 143 (D. Mass. 1988)(citing <u>Hickman v. Taylor</u>, 329 U.S. 495, 511-12 (1947)).  Here, the identity of witnesses, and the dates of their interviews would not reveal the mental impressions of counsel and therefore, should not be protected by the work-product doctrine, especially given that any witnesses should have been named in the Glassman Defendants' initial disclosures.  <u>See</u> <u>In re Harmonic, Inc. Securities Litig.</u>, 245 F.R.D. 424, 427-28 (9th Cir. 2007)(finding that identifying confidential witness did not disclose mental impression and therefore was not entitled to work-product protection where witness already listed in initial disclosures).  Since the identity of witnesses that the Glassman Defendants have interviewed is not work-product, the Court should compel the Glassman Defendants to provide a complete response to Interrogatory No. 12.

**V.      <u>CONCLUSION</u>**

Based on the foregoing analysis, the Plaintiffs/Defendants-in-Counterclaim, Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company respectfully request that this Honorable Court compel the Glassman Defendants to provide complete responses to the Plaintiffs' Master Ints as set forth *supra,* and request any further relief the Court deems just and appropriate.

Respectfully submitted,
By the Plaintiffs/
Defendants-in-Counterclaim,
Metropolitan Property and Casualty
Insurance Company, and
The Commerce Insurance Company,
By their attorneys,


/s/ Nicholas J. Pompeo
Glenda H. Ganem
BBO No. 564374
gganem@mhg-pc.com
Peter R. Houston
phouston@mhg-pc.com
BBO No. 681915
Nicholas J. Pompeo
npompeo@mhg-pc.com
BBO No. 682361
McGovern, Houston & Ganem, P.C.
21 Merchants Row, 4th Floor
Boston, MA 02109
(617) 723-1444

Date:   November 20, 2018


## CERTIFICATE OF SERVICE

I, Nicholas J. Pompeo, Esq., attorney for the Plaintiffs/Defendants-in-Counterclaim, Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and/or served in compliance with the Fed.R.Civ.P. The Plaintiffs have served the following individuals who are not ECF filers via first-class mail, postage pre-paid.

Mr. Tony Ramos
22 Childs Street, Apt. 2
Lynn, MA 01905

Mr. Kenneth Ramos
2132 Crane Brook Way
Peabody, MA 01960

Metro Coach, Inc.
c/o Mr. Tony Ramos
22 Childs Street, Apt. 2
Lynn, MA 01905

Date:   November 20, 2018

/s/ Nicholas J. Pompeo
Nicholas J. Pompeo, Esq.