UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:15-CV-12939-LTS

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, and THE COMMERCE INSURANCE COMPANY,<br>    Plaintiffs/Counterclaim Defendants,<br><br>    v.<br><br>SAVIN HILL FAMILY CHIROPRACTIC, INC., et als.,<br>    Defendants,<br><br>    and<br><br>LAW OFFICES OF JEFFREY S. GLASSMAN LLC,<br>    Defendant/Counterclaim Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFFS/DEFENDANTS-IN-COUNTERCLAIM, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY AND THE COMMERCE INSURANCE COMPANY'S MOTION TO COMPEL RESPONSES TO THE PLAINTIFFS' INDIVIDUAL DISCOVERY REQUESTS FROM THE DEFENDANTS, JEFFREY S. GLASSMAN, ESQ. AND THE LAW OFFICE OF JEFFREY S. GLASSMAN, LLC**

**I.   INTRODUCTION**

NOW COME the Plaintiffs/Defendants-in-Counterclaim, Metropolitan Property and Casualty Insurance Company ("Metropolitan") and The Commerce Insurance Company ("Commerce")(collectively "the Plaintiffs"), and, pursuant to Fed. R. Civ. P. 26 and 37, hereby submit their Memorandum of Law in support of their Motion to Compel Responses to the Plaintiffs Individual Discovery Requests from the Defendants, Jeffrey S. Glassman, Esq., and the Law Office of Jeffrey S. Glassman, LLC ("the Glassman Law Office")(collectively "the Glassman Defendants") ("Motion to Compel").  As reasons therefore, the Plaintiffs state that the

Glassman Defendants' Responses to the Plaintiffs' Requests for Admissions ("Admissions"), and Answers to the Plaintiffs' Individual Set of Interrogatories ("Indiv. INTs") are deficient, nonresponsive, incomplete and/or fail to comply with the tenets of Fed. R. Civ. P. 33 and 36; improperly impose unreasonable limitations on relevant discovery; improperly qualified their denials to Requests for Admissions; and, inconsistently and/or incompletely respond to requests which documents produced during discovery by and between the Parties illustrate that a reasonable investigation was not conducted. Accordingly, the Plaintiffs respectfully request that the Court compel the Glassman Defendants to provide complete responses to the Plaintiffs' Individual Discovery Requests.

## II.     BACKGROUND

By their Second Amended Complaint ("SAC")[Doc. No. 304], and supporting Exhibits A through H [Doc. No. 304-1 – 304-8], the Plaintiffs have alleged a widespread conspiracy and coordinated fraudulent scheme designed to wrongfully obtain insurance benefits from the Plaintiffs by submitting and prosecuting fraudulent claims based upon the Clinic Defendants' fraudulent chiropractic records and bills. The SAC further alleges that the Glassman Defendants and its employee-paralegal Defendants, Brandy Soto and Heger Asenjo, intentionally, knowingly and willingly participated in the Defendants' conspiratorial scheme to defraud the Plaintiffs through their illicit and illegal solicitation and recruitment of Metropolitan and Commerce patients and/or claimants. The Plaintiffs' SAC further alleges that the Defendants intentionally and knowingly conducted and/or participated, directly and/or indirectly, in the conduct and affairs of the Defendants' own "association-in-fact" enterprise, by exploiting the strictures of the statutory framework for Massachusetts automobile personal injury claims, and that the fraudulent conduct of all Defendants constitutes a pattern of racketeering activity and attempts to collect an

unlawful debt in violation of 18 U.S.C. §1962(c), as well as a conspiracy to commit a violation of §1962(c), pursuant to 18 U.S.C. §1962(d). The Plaintiffs have also alleged causes of action for civil and coercive conspiracy and violations of M.G.L. c. 93A.

On October 15, 2018, the Plaintiffs served their Indiv. INTs and Admissions to the Glassman Defendants. See **Exhibit A and Exhibit B,** Indiv. INTs and Admissions, respectively. On November 14, 2018, the Glassman Law Office served its Responses to the Admissions. See **Exhibit C**, Glassman Law Office's Responses to Plaintiffs' Admissions. On November 16, 2018, the Glassman Law Office served its Answers to the Plaintiffs Indiv. INTs. See **Exhibit D**, Glassman Law Office's Answers to Indiv. INTs. On November 20, 2018, and November 21, 2018, Glassman served his Responses to the Plaintiffs' Admissions and Answers to the Plaintiffs' Indiv. INTs, respectively. See **Exhibit E and Exhibit F**, Glassman's Responses to the Plaintiffs' Admissions and Answers to the Plaintiffs' Indiv. INTs, respectively, and after the expiration of the Court ordered discovery deadline.

Similar to the Glassman Defendants' Responses to the Plaintiffs' Master Discovery Requests, the Responses to Admissions and Answers to the Indiv. INTs by the law firm and Glassman, individually, are completely identical, raising serious issues regarding the investigation that was performed by the Glassman Law Office in preparation of answering the Plaintiffs' Indiv INTs and Admissions, as presumably, the law firm has more knowledge than Glassman, individually, and especially where, Rule 33 requires that a corporation answer an interrogatory by providing all information available to it. See Doc. Nos. 868, 868-2 and 868-3. With respect to their Responses, the Glassman Defendants not only improperly qualified all of their denials of Requests Nos. 1, 2, 4, 5, 14, 18, 19, 23, and 24, by adding qualifying language that each of these Requests are denied, "as alleged," but also claim to have made a reasonable

3

inquiry and that the information "it [or he] knows or can readily obtain is insufficient to enable" it or him to admit or deny the requests, despite the fact that third-party bank records or documents attached to Motions filed during this litigation contained the information needed for them to provide a proper Response to the Admissions.  See **Exhibits C and F**.  By way of example only, the Glassman Defendants first improperly qualify their Response to Request No. 5, which states that they paid Sarith Srey for referring clients to the law firm or Glassman, personally, and thereafter, they assert that, after making a reasonable inquiry, the information they know or that can be readily obtained is insufficient to enable them to admit or deny Request No. 6, which states, "Sarith Srey is not and has never been an attorney."  Id, at Request Nos. 5 and 6.  However, attached as "Exhibits E and F" to the Plaintiffs' Opposition to the Glassman Defendants' Motion to Quash Third-Party Bank Subpoenas were deposition transcripts establishing that Sarith Srey is not and has never been an attorney.  See Doc. Nos. 659, at pp.5-6; 659-5, at pp.57-63; and, 659-6, at pp. 183-186.

Beginning on November 14, 2018, the Plaintiffs sent the Glassman Defendants a request for a meet and confer regarding the law firm's Responses to Admissions.  See **Exhibit G**, Email to Glassman Defendants regarding Admissions.  During a meet and confer on November 16, 2018, the Plaintiffs again attempted to address the deficiencies in the Glassman Law Office's Responses to Admissions, however, the Plaintiffs efforts were thwarted by a claimed lack of time to complete the meet and confer.  During a meet and confer on November 20, 2018, the Plaintiffs again attempted to address the Glassman Defendants' Responses to Admissions, as well as its Answers to the Plaintiffs' Indiv. INTs, however, once again these matters were not reached.  On November 21, 2018, the Plaintiffs conducted a further meet and confer effort with counsel for Glassman, personally, however, given the fact that the law firm and Glassman's individual

discovery responses were identical, the Plaintiffs advised Glassman they intended on moving to compel both the law firm and Glassman's Answers to Indiv. INTs and Responses to Admissions. Given the Court's Order on Motions to Modify Scheduling Order (Doc. No. 806), the Plaintiffs and Glassman agreed that: (1) Glassman would discuss the issues raised by the Plaintiffs concerning both his and his law firm's individual discovery responses in consideration of providing supplemental Responses and/or Answers; (2) the Plaintiffs would be filing this Motion to Compel because they would not receive and/or know if the Glassman Defendants would be providing supplemental discovery responses to the individual discovery requests prior to the Court's November 26, 2018, deadline for filing Motions to Compel; and, (3) if the Glassman Defendants did, in fact, decide to provided supplemental Responses and Answers that resolved the issues raised by the Plaintiffs during the meet and confer effort on November 21, 2018, the Plaintiffs would agree to withdraw this Motion, in part or in full, depending on the level of supplementation.

### III. STATEMENT OF LAW

Federal Rule of Procedure 26 provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "The purpose of discovery is to enable the parties 'to obtain []the fullest possible knowledge of the issues and facts before trial.'" Diaz v. Devlin, 2018 WL 1610541, at *2 (D. Mass. Apr. 3, 2018)(quoting LeBarron v. Haverhill Coop. Sch. Dist., 127 F.R.D. 38, 40 (D.N.H. 1989)). It is the moving party's initial burden to demonstrate that the

request seeks relevant discovery when moving to compel discovery responses pursuant to Fed. R. Civ. P. 37. See First Niagara Risk Management, Inc. v. Folino, 317 F.R.D. 23, 25 (E.D. Pa. 2016)(citing Morrison v. Philadelphia Housing Authority, 203 F.R.D. 195, 196 (E.D. Pa. 2001)). Once the moving party meets its initial burden, the burden then shifts to the opposing party to demonstrate why the motion should be denied. Id. at 27.

Rule 33 of the Federal Rules of Civil Procedure allows a party to serve interrogatories on an opposing party, which may relate to any matter that may be inquired into under Rule 26(b). See Fed. R. Civ. P. 33(a)(1) & (2). When propounded on an individual, the interrogatory must be answered by the "party to whom they are directed." See Fed. R. Civ. P. 33(b)(1)(A). When served on a public or private corporation, an association, a partnership or governmental agency, however, the interrogatories must be answered "by any officer or agent, **who must furnish the information available to the party**." See Fed. R. Civ. P. 33(b)(1)(B)(emphasis supplied). "Since this language was added in 1946, the rule has been construed to place on the responding corporation a duty to inquire of appropriate employees before submitting its answers." Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 505 F. Supp. 1190, 1257 n. 82 (E.D. Pa. 1980), *aff'd in part, rev'd in part*, In re Japanese Electronic Products Antitrust Litig., 723 F.2d 238 (3d Cir. 1983). Rule 33 also imposes the responsibility on the answering party to respond to the entirety of the interrogatory. See Fed. R. Civ. P. 33(b)(3).

IV. **LEGAL ARGUMENT**

    A. **The Glassman Defendants' Answers to the Indiv INTs Do Not Comply with Fed. R. Civ. P. 33**

The Glassman Defendants' Answers to the Indiv. INTs fail to comply with the tenets of Rule 33, because their Verifications are deficient due to their use of limiting, or qualifying language that the answers are only true and correct "to the best of his [Glassman's] knowledge."

A corporation answering an interrogatory only to the best of the signor's knowledge does not comply with the requirement that the corporation must "furnish all information available" to it. See Deseret Management Corp. v. U.S., 75 Fed.Cl. 571, 574-75 (Fed. Cl. 2007)(interpreting RCFC 33, which is premised on Fed. R. Civ. P. 33, and finding that use of the phrase "to the best of my knowledge" is improper in an interrogatory verification for a corporation). As the Court in Deseret explained, not only does the phrase improperly emphasize the personal knowledge of the individual signing the interrogatory, but:

> [t]he qualifying phrase 'to the best of my knowledge' also prompts questions regarding the completeness of the answers and whether the answers bind defendant. The Court agrees with the *Nagler* court in that the phrase gives the responding party 'convenient avenues of evasion' from its responses.

Id. at 575 (citing Nagler v. Admiral Corp., 167 F. Supp. 413 (S.D.N.Y. 1958)). The same is true, herein, where by asserting that the answers to the Glassman Law Office's interrogatories, are true and accurate to the best of Glassman's knowledge, Glassman has a convenient avenue of avoiding the binding nature of answers to interrogatories and evades full and complete answers.

The Glassman Law Office's Answers to the Indiv. Ints also fail to comply with Rule 33 in that the law firm has failed to rely upon all information available to it in answering the Master Ints, as required by Rule 33(b)(1)(B). Corporate knowledge, which includes, "the collective knowledge of all of its employees, agents, and counsel" is recognized to be greater than individual knowledge for purposes of discovery. See Liu v. Win Woo Trading, LLC, 2016 WL 627386, at *1 (N.D. Cal. Feb. 17, 2016). The Glassman Law Office's Answers to the Indiv. Ints reveal that it refused to speak with Brandy Soto, a former longtime employee, who the Glassman Law Office recently terminated. Any argument that Soto's counsel would not allow the Glassman Defendants' counsel to speak with Soto is an insufficient excuse for why Soto's direct

supervisor and employer, Glassman, did not speak with Soto about the information sought in the Indiv. Ints. The Glassman Law Office had their own obligation, not just their counsel, to conduct a reasonable investigation in responding to the Master Ints.

### C. The Glassman Defenants Improperly Limit the Scope of Their Answers to Indiv. INT No. 2

Similar to their Answers to the Master Ints, the Glassman Defendants have improperly limited the scope of their Answer to the Plaintiffs' Indiv. INT No. 2, by limiting response to only a few select employees. Individual Interrogatory No. 2 seeks a list of all employees of the Glassman Law Office between 2006 to the present, that worked on Savin Hill or Logan Chiro clients' claims, including their position within the firm, dates of employment and contact information. Despite the fact that the Plaintiffs know of over 69 employees, as set forth in Exhibits C and Y to the Plaintiffs' Motion to Compel Complete Responses to Master RPDs (Doc. Nos. 856-3 and 856-25). The Glassman Defendants have no good faith basis to limit their answer to Indiv. INT No. 2 to seventeen (17) employees, when even they identified 21 employees on their Privilege Log that were not included within their 12 custodian-employees, and the Plaintiffs are aware of no less than 69 employees who worked on Savin Hill or Logan Chiro claims. There is no reasonable basis for the Glassman Defendants to have limited their Answer to the Plaintiffs' Indiv. INT No. 2, as they have, and therefore the Court should compel the Glassman Defendants to supplement their Answer with all responsive information requested therein.

### D. The Glassman Defendants' Responses to the Plaintiffs' Requests for Admissions Fail to Comply with Fed. R. Civ. P. 36 and Should Be Deemed Admitted

The Plaintiffs respectfully request that the Court deem the Glassman Defendants' Responses to several of the Plaintiffs' Requests for Admission deficient and order the Glassman

Defendants to supplement their Responses, in accordance with Rule 36, or deem the matters admitted.  The Glassman Defendants have improperly qualified their denials of Requests for Admission Nos. 1, 2, 4, 5, 14, 18, 19, 23, and 24, by adding qualifying language that each of these Requests are denied "as alleged."  See **Exhibits C and F**, at Request Nos. 1, 2, 4, 5, 14, 18, 19, 23, and 24.  Rule 36 is clear that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  See Fed. R. Civ. P. 36(a)(4).  "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest."  Id. Here, the Glassman Defendants Response Nos. 1, 2, 4, 5, 14, 18, 19, 23, and 24, fail to comport with Rule 36, as the Glassman Defendants have failed to state, with any specificity, why the Request is denied.  By inserting the language "as alleged," the Glassman Defendants improperly give the impression that aspects of these Requests should be admitted, but they are being denied, even though the Requests are straightforward statements of fact.  It must be noted that the Glassman Defendants do not qualify Responses where they admit facts with similar language.

Response Nos. 1, 2, 4, 5, 14, 18, 19, 23, and 24 stand in stark contrast to other Responses provided by the Glassman Defendants, which do provide the detail required by Rule 36, even though denied "as alleged."  For instance, in Response No. 8, the Glassman Defendants denied Request No. 8 by stating that, "the GLO states that the request as alleged is denied, except to state that Brandy Soto's employment with the firm included client development efforts that he made as a salaried employee.  Id. at Response No. 8. Response No. 8 provides the necessary detail for a qualified denial.  Accordingly, the Court should compel the Glassman Defendants to either unequivocally deny Request Nos. 1, 2, 4, 5, 14, 18, 19, 23, and 24, or to supplement their

9

Responses to explain why they are qualifying their Response or which part of the Response they are denying.

Additionally, in Response Nos. 3, 6, 15, 16 and 20, the Glassman Defendants repeatedly claim that they have made a reasonable inquiry and that the information they, "know or can readily obtain is insufficient to enable" them to admit or deny the requests, despite the fact that third-party bank records, documents they produced during discovery, their own client files or exhibits attached to Motions filed in this litigation provide most if not all of the necessary information needed for the Glassman Defendants to provide a proper Response to said Requests. The Glassman Defendants cannot willfully avoid responding to Requests simply because they claim to have "made a reasonable inquiry," when in fact a review of their own records, documents produced during the discovery, or that were attached as exhibits to motions filed in this litigation clearly provide the information necessary for them to either admit or deny the Requests. Accordingly, the Glassman Defendants should be compelled to provide supplemental Responses to Request Nos. 3, 6, 15, 16 and 20, or the Court should deem these matters admitted.

Moreover, the Glassman Defendants have denied several Requests for Admissions, only to admit the substance of the Request in explaining their qualified denial. For instance, Request No. 17 requests that the Glassman Defendants admit or deny that they, "purchase police reports for motor vehicle accidents before they represent any of the individuals involved in the accidents." See **Exhibits C and F**, at Request No. 17. The Glassman Defendants denied this request "except to admit that the GLO has purchased from time to time police reports that included references to accidents involving individuals who were not then represented by the GLO." See **Exhibits C and F**, at Response No. 17. This is a denial in name only, as the Glassman Defendants have admitted the substance of the Request. The same is true for Request

Nos. 21 and 22, where the Glassman Defendants admit the substance of the factual statement sought by Request Nos. 21 and 22, yet deny the Request. The Plaintiffs respectfully request that the Court deem Request Nos. 17, 21 and 22 admitted, as clearly, the Glassman Defendants in qualifying their denials have admitted to substance of these Requests.

**V.      CONCLUSION**

Based on the foregoing analysis, the Plaintiffs/Defendants-in-Counterclaim, Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company respectfully request that this Honorable Court compel the Glassman Defendants to provide complete and proper responses to the Plaintiffs' Individual Interrogatories and Requests for Admissions as set forth *supra,* and request any further relief the Court deems just and appropriate.

>                                   Respectfully submitted,
>                                   By the Plaintiffs/
>                                   Defendants-in-Counterclaim,
>                                   Metropolitan Property and Casualty
>                                   Insurance Company, and
>                                   The Commerce Insurance Company,
>                                   By their attorneys,
>
>                                   /s/ Peter R. Houston
>                                   Glenda H. Ganem
>                                   BBO No. 564374
>                                   gganem@mhg-pc.com
>                                   Peter R. Houston
>                                   phouston@mhg-pc.com
>                                   BBO No. 681915
>                                   Nicholas J. Pompeo
>                                   npompeo@mhg-pc.com
>                                   BBO No. 682361
>                                   McGovern, Houston & Ganem, P.C.
>                                   21 Merchants Row, 4th Floor
>                                   Boston, MA 02109
>                                   (617) 723-1444

Date:   November 26, 2018

## **CERTIFICATE OF SERVICE**

      I, Peter R. Houston, Esq., attorney for the Plaintiffs/Defendants-in-Counterclaim, Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and/or served in compliance with the Fed.R.Civ.P. The Plaintiffs have served the following individuals who are not ECF filers via first-class mail, postage pre-paid.

| | |
|---|---|
| Mr. Tony Ramos<br>22 Childs Street, Apt. 2<br>Lynn, MA 01905 | Mr. Kenneth Ramos<br>2132 Crane Brook Way<br>Peabody, MA 01960 |

Metro Coach, Inc.
c/o Mr. Tony Ramos
22 Childs Street, Apt. 2
Lynn, MA 01905

| | |
|---|---|
| Date:   November 20, 2018 | /s/ Peter R. Houston<br>Peter R. Houston, Esq. |