UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 15-12939-LTS |
| SAVIN HILL FAMILY CHIROPRACTIC, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION
AND CLARIFICATION OF THIS COURT'S OCTOBER 11, 2018 ORDER[1]
[Docket No. 904]

December 4, 2018

Boal, M.J.

The Plaintiffs seek reconsideration of this Court's order requiring them to provide a computer terminal in Massachusetts so that the Law Firm Defendants may access original claim files.  Docket No. 904.  Despite several orders requiring the production of claim files since July 2017, the Plaintiffs still have not completed their production of such files, which they have unilaterally limited to what they deem to be the "subject claims" in this case.

Providing the Law Firm Defendants with access to a computer terminal was a compromise that was offered by the Plaintiffs in response to the Law Firm Defendants' motion

---

[1] The order is dated October 11, 2018 but was inadvertently not docketed until November 7, 2018.  Docket No. 838.

1

to compel.  See Docket No. 807 at 34-35; Docket No. 809 at 8.  The only dispute presented to this Court at the time was whether such access would be given in Massachusetts or Troy, New York.  See id.  Plaintiffs now raise new arguments and seek a number of alternative forms of relief, despite having not asked for them originally.  Among other things, Plaintiffs argue that they are unable to provide access to the system without also providing access to privileged information.  See Docket No. 905 at 8-9.  However, the affidavit submitted in support of their motion does not state that.  Rather, the Affidavit of Jason Camhi acknowledges that limiting the Law Firm Defendants' access to privileged materials can be performed through computer programming and/or engineering.  Affidavit of Jason Camhi (Docket No. 905-1) ("Camhi Aff.") at ¶ 12.  The Plaintiffs also complain that terminal access would cause undue burden but have provided no specifics.  Docket No. 905 at 2, 7.  Indeed, they have consistently argued that the instant Law Firm Defendants' complaints affected only a small subset of records.  See Docket No. 768 at 12; Docket No. 807 at 29.

In addition, the Plaintiffs complain that they are unable to complete such programming and/or engineering by the December 7, 2018 deadline, see Camhi Aff. at ¶¶ 8, 12, but they waited to raise the issue until four days prior to the deadline.  They have provided no specifics regarding the delay in filing the motion, the steps that have been taken to ready access to the Trexo computer terminal, or the details regarding the steps necessary to prevent disclosure of privileged materials.

Accordingly, the Court denies the motion for reconsideration. The Plaintiffs shall comply with that portion of the order requiring them to provide the Law Firm Defendants with access to a computer terminal in Massachusetts by December 18, 2018.[2]

**So Ordered**.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE

---

[2] The Plaintiffs shall comply with the other portions of the October 11, 2018 order by the original December 7, 2018 deadline.