UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:15-CV-12939-LTS

| | |
|---|---|
| METROPOLITAN PROPERTY AND | ) |
| CASUALTY INSURANCE COMPANY, and | ) |
| THE COMMERCE INSURANCE COMPANY, | ) |
|     Plaintiffs/Counterclaim Defendants, | ) |
| | ) |
|     v. | ) |
| | ) |
| SAVIN HILL FAMILY CHIROPRACTIC, INC., | ) |
| et als., | ) |
|     Defendants, | ) |
| | ) |
|     and | ) |
| | ) |
| LAW OFFICES OF JEFFREY S. GLASSMAN | ) |
| LLC, | ) |
|     Defendant/Counterclaim Plaintiff. | ) |

**REPLY IN SUPPORT OF PLAINTIFFS/DEFENDANTS-IN-COUNTERCLAIM,
METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY AND THE
COMMERCE INSURANCE COMPANY'S MOTION TO COMPEL COMPLETE
RESPONSES TO MASTER REQUESTS FOR PRODUCTION OF DOCUMENTS FROM
THE GLASSMAN DEFENDANTS**

NOW COME the Plaintiffs/Defendants-in-Counterclaim, Metropolitan Property and

Casualty Insurance Company ("Metropolitan") and The Commerce Insurance Company

("Commerce")(collectively "the Plaintiffs"), and, pursuant to Fed. R. Civ. P. 26 and 37, hereby

submit their Reply in support of their Motion to Compel Complete Responses to the Plaintiffs'

Master Requests for Production of Documents from the Defendant, Jeffrey S. Glassman, Esq.

("Glassman") and the Defendant/Plaintiff-in-Counterclaim, Law Office of Jeffrey S. Glassman,

LLC ("the Glassman Law Office") (collectively "the Glassman Defendants") ("Motion to

Compel") (Doc. Nos. 855 and 856).

As a threshold matter, the gravamen of the Glassman Defendants' Opposition to the

Plaintiffs' Motion to Compel (Doc. No. 899) focuses on the Plaintiffs' own discovery responses

and baseless claims that the meet and confer efforts regarding certain discovery topics did not

occur instead of actually addressing the legal issues presented by the numerous discovery

deficiencies arising from their Responses to the Plaintiffs' Master Request for Production of

Documents ("Master RPDs") and their lack of document productions, including, but not limited to:

1. their willful refusal to conduct meaningful searches of all employees of the Glassman Law Office who worked on Savin Hill/Logan clients' claims and/or personally interacted with the Paralegal Defendants, Brandy Soto ("Soto") and Heger Asenjo ("Asenjo");

2. their improper attempt to limit the scope of relevant discovery;

3. their failure to produce relevant client files involving the Clinic Defendants, Savin Hill and Logan Chiro;

4. their intentional withholding of relevant documents and ESI; and,

5. their failure to produce relevant financial records and tax documents.

In doing so, the Glassman Defendants attempt to shift the focus away from the for glaring

deficiencies in their document productions and their Responses to the Master RPDs.

The Glassman Defendants' focus on the Plaintiffs' discovery responses and/or the

Declarations of the Glassman Defendants' undersigned counsel is improper when analyzing and

relying upon the properly raised deficiencies in the Glassman Defendants' Document Productions.

By way of example only, the Glassman Defendants, by and through the use of the Declarations of

Peter Duffy and Barry Pollack, attempt to claim that the Plaintiffs are seeking to impose unduly

burdensome discovery obligations on them, and that they have produced substantially more

materials than the Plaintiffs by citing to the fact that they have produced materials for

approximately 973 clients of the Glassman Law Office and/or that a search term generated 378,000

hits.  See Doc. No. 901, at ¶4, and Doc No. 900, at ¶7, respectively.  However, despite their best

efforts to create the appearance of discovery compliance and production of all relevant and

responsive materials, the fact of the matter is that, to date, the Glassman Defendants have produced

a total of 53,926 pages of documents[1], despite the scope of this case, allegations in both the Plaintiffs' Second Amended Complaint, including the claims set forth in Exhibit B thereto (Doc. Nos. 304 and 304-2), the Glassman Law Office's Amended Counterclaims, and the enumerated Master RPDs.  Since the Glassman Defendants cannot lawfully justify withholding documents, refusing to conduct searches and refuse to comply with discovery rules, they simply revert to unsuccessful arguments and matters not contained in the Plaintiffs' Motion to Compel.

Perhaps even more egregious, is the fact that the Glassman Defendants have attempted to avoid addressing issues raised in the Plaintiffs' Motion to Compel, by claiming that such issues were never addressed during the meet and confer process.  However, such issues were clearly detailed and raised in the discovery deficiency letters attached to the Plaintiffs' Motion to Compel, thereby illustrating that this Court should not dismiss the issues properly raised in the Plaintiffs' Motion.  By way of example only, the Glassman Defendants claim that the Plaintiffs have not been actively seeking the production of all relevant financial documents and tax records, and then simply fail to address any of the legal arguments set forth in the Plaintiffs' Motion to Compel, likely recognizing that the Court's prior Orders (Doc. Nos. 645 and 692) addressed this issue.  See Opposition to Motion to Compel, Doc. No. 899, at p.16.  However, the Plaintiffs' discovery deficiency letter attached as Exhibit F to the Plaintiffs' Motion to Compel clearly illustrates that the Plaintiffs have been seeking the complete production of all relevant financial records and tax documents from the Glassman Defendants for nearly five (5) months before filing their Motion to Compel, and that the Plaintiffs efforts were not limited to tax documents.  See Doc No. 856-6, at pp. 4 to 6.  Accordingly, it is clear that the Court should disregard the Glassman Defendants' claims that issues set forth in the Plaintiffs' Motion to Compel were not properly raised during the extensive meet and confer efforts that proceeded the Plaintiffs' filing of their Motion to Compel.

---

[1] To date, the Plaintiffs have produced a total of 930,121 pages of documents, and over 1,900 claims files.

**I.     The Glassman Defendants' Have Improperly Attempted to Limit Discovery In An Effort to Preclude the Plaintiffs from Obtaining Evidence That Will Allow Them to Impute the Knowledge of Employees and Agents to The Glassman Law Office**

The Glassman Defendants have improperly attempted to limit discovery in an effort to preclude the Plaintiffs from obtaining evidence that will allow the Plaintiffs to impute the knowledge of employees and agents of the law firm to the Glassman Law Office. The Glassman Defendants, to date, have accomplished this improper discovery tactic by refusing to search all employees who worked on Savin Hill/Logan Chiro clients' claims and/or personally interacted with the Paralegal Defendants, improperly attempting to limit the scope of relevant materials they would and are obligated to produce[2], and intentionally withholding relevant documents without any good faith basis. The Plaintiffs are entitled to all relevant, non-privilege, documents and ESI within the possession, custody and/or control of all employees and agents of the Glassman Law Office so that they can impute the knowledge of all employees and/or agents acting within the scope of their employment to the Glassman Law Office.

"A corporation… can only act through its agents."  Sunrise Properties, Inc. v. Bacon, Wilson, Ratner, Cohen, Salvage, Fialky & Fitzgerald, P.C., 425 Mass. 63, 66–67 (1997); citing, Commonwealth v. L.A.L. Corp., 400 Mass. 737, 743 (1987); Commonwealth v. Beneficial Fin. Co., 360 Mass. 188 (1971).  "Under agency principles, notice to a corporation's agent is notice to the corporation… [and w]hen an agent acquires knowledge in the scope of [his] employment, the principal ... is held to have constructive knowledge of that information."  Id., citing, DeVaux v. American Home Assur. Co., 387 Mass. 814, 818 (1983).  "The acts of a corporation are… simply the acts of all of its employees operating within the scope of their employment" and similarly, "the knowledge obtained by corporate employees acting within the scope of their employment is

---

[2] The Glassman Defendants repeatedly assert that the Plaintiffs rejected the exploration of samples of relevant documents (Doc. No. 899, at pp. 19 and 20), however, the Plaintiffs did not reject samples of relevant documents, but that they were entitled to all responsive documents, including the proposed samples.  Moreover, the Glassman Defendants fail to acknowledge that, despite offering samples instead entire productions for categories of documents, in some of those instances they failed to provide any responsive materials, including the proposed samplings.

4

imputed to the corporation." United States v. Bank of New England, N.A., 821 F.2d 844, 856 (1st

Cir. 1987); citing, United States v. Cincotta, 689 F.2d 238, 241, 242 (1st Cir.), cert. denied, 459

U.S. 991 (1982); and, Steere Tank Lines, Inc. v. United States, 330 F.2d 719, 722 (5th Cir.1963).

Moreover, a "corporation cannot plead innocence by asserting that the information obtained by

several employees was not acquired by any one individual who then would have comprehended its

full import. Rather the corporation is considered to have acquired the collective knowledge of its

employees and is held responsible for their failure to act accordingly." United States v. Bank of

New England, N.A., 821 F.2d 844, 856 (1st Cir. 1987); quoting, United States v. T.I.M.E.–D.C.,

Inc., 381 F.Supp. 730, 738 (W.D.W.Va.1974).

       In this action, the Plaintiffs seek to obtain relevant evidence from all employees and agents

of the Glassman Law Office so that they can impute their knowledge to the law firm where the

evidence establishes that they obtained such information acting within the scope of their

employment.  However, the Glassman Defendants refusal to search the email accounts of all

employees that worked on Savin Hill/Logan Chiro clients' claims and/or who personally interacted

with the Paralegal Defendants is an improper attempt to preclude the Plaintiffs from obtain such

information.  Likewise, the Glassman Defendants failure to produce complete categories of

documents such as financial records, tax documents, cellphone records, non-privileged Savin

Hill/Logan Chiro client files with other insurance carriers, and instead only offering a limited

sampling, without any showing of the undue burden imposed the Glassman Defendants, if any, by

producing all responsive, non-privileged, documents and ESI, is designed to improperly limit the

amount of knowledge that the Plaintiffs can impute to the Glassman Law Office.  It is undisputed

that the Glassman Defendants are in the possession of this information and documents, and the

Plaintiffs have no other means to these obtain these materials.  By way of example only, internal

notes produced by the Glassman Law Office illustrate that the Glassman Defendants refused to add

numerous employees of the Glassman Law Office as custodians for their electronic discovery

searches, despite the fact these individuals were directly involved in the law firms' submission and prosecution of Savin Hill/Logan Chiro clients' claims.  See **Exhibit A** (Internal Notes detailing assignments to various employees of the law firm, who the Glassman Defendants' refused to add as custodians, despite working on the Savin Hill/Logan Chiro clients' claims).  By way of another example only, attached as **Exhibit B** is an email chain by and between a former employees of the Glassman Law Office that was produced on and/or after the close of written discovery, which illustrates that employees of the law firm that the Glassman Defendants refused to name as custodians were in possession of relevant, non-privileged, documents and ESI responsive to the Plaintiffs' Master RPDs.  See **Exhibit B**; see also **Exhibit C** (Email chain regarding the Glassman Defendants' Document Productions).  As set forth in the Plaintiffs' Motion to Compel, the Plaintiffs are aware of, at least, 69 employees of the Glassman Law Office during the relevant time periods, however, to date, the Glassman Defendants have refused to search, at least, 54 of those employees mailboxes.

II.    **The Glassman Defendants Have Intentionally Withheld Documents and Failed to Complete Their Production of Documents without Establishing an Undue Burden**

The Glassman Defendants have intentionally withheld responsive documents and ESI, failed to complete their production of documents and have failed to establish any undue burden.  In their Opposition to the Plaintiffs' Motion to Compel, the Glassman Defendants assert that the Plaintiffs should not be permitted to ignore the Glassman Defendants' agreement to supplement their Responses to the Plaintiffs' Master RPDs as means for compelling the production of all responsive, non-privileged, documents that are now overdue pursuant to the Court's Order Modifying the Scheduling Order (Doc. No. 806).  As an initial matter, the fact that the Glassman Defendants have made repeated statements that they would complete their production, specifically including documents in response to Request Nos. 1, 3, 5, 7, 9, 11, 12, 13, 18, 20, 25, 27, 28, 29, 32, 33, 34, 36, 38, 39, 40, 41, 43, 44, 45, 46, 49, 50, 52, 55, 57, 58, 61, 63, 64, 66, 67, 68, 69, 70, 71,

77, 78, 80, 81, 83, 84, 88, 89, 94, 97, 99, and 100, but, to date, have failed to do so, does not provide a valid basis for denying the Plaintiffs' Motion to Compel Complete Master RPDs. Accordingly, this Honorable Court should ignore the Glassman Defendants' frivolous argument that the Plaintiffs should not be allowed to compel the production of relevant documents and Supplemental Responses because they have agreed to supplement their production as the deadline for the Glassman Defendants to fulfill their discovery obligations has come and gone, and the Plaintiffs have yet to receive the majority of a completed document production, Supplemental Responses and a Completed Privilege Log from the Glassman Defendants.

More importantly, however, is the fact that documents produced by the Glassman Defendants as well as other Defendants illustrates that the Glassman Defendants have and continue to improperly and intentionally withhold documents. Even after the Plaintiffs provided numerous examples of documents and ESI that were produced by other Defendants (Doc. No. 856, at pp. 5-7), but not the Glassman Defendants despite such materials being within their possession, custody or control, the Glassman Defendants have failed to produce all relevant documents and clearly withheld, non-privileged, materials. Moreover, documents that the Glassman Defendants have produced themselves illustrate that they are withholding relevant information that should have been produced prior to the written fact discovery deadline of November 15, 2018. By way of example only, attached as **Exhibit D** is an email string by and between Glassman and a third-party regarding Glassman assisting that individual obtain the chiropractic collection and billing work for Savin Hill and Logan Chiro, in which the third-party inquires into whether Glassman has been receiving prior emails. See **Exhibit D**. Despite the fact that this email clearly establishes that there were several preceding emails, no such earlier emails from that email string have been produced. Not only is it clear that the Glassman Defendants have taken advantage of the discovery process to minimize the amount of information the Plaintiffs may be able to impute as knowledge of the law firm, but they have disregard their discovery obligations, which has a direct impact on the

Plaintiffs' ability to meet their burden of proof and improperly restricts the Plaintiffs from taking any meaningful depositions of the law firms' employees, the persons most knowledgeable and its principal.

### III     The Plaintiffs have Repeatedly Requested Financial and Tax Records from the Glassman Defendants and They Should Be Produced

As early as July 25, 2018, the Plaintiffs have been requesting that the Glassman Defendants produce all relevant financial and tax records as sought in Requests Nos. 8, 10, 11, 18, 19, 30, 31, 32, 48 and 93.  See Doc No. 856-6, at pp. 4 to 6.  The Glassman Defendants have objected to producing any of these records, despite the fact that the Court has already found that the Glassman Defendants' finances are directly at issue in this case.  [See Doc. No. 675.]  Moreover, in their Opposition to the Plaintiffs' Motion to Compel, the Glassman Defendants do not assert a single case in support of their position that the Plaintiffs are not entitled to such relevant materials, but instead merely asserted that the Plaintiffs' Requests for financial and tax records from the Glassman Defendants is solely for harassment purposes.  Despite this wholly unsubstantiated claim, the Plaintiffs are entitled to obtain these records directly from the Glassman Defendants, as these records are within the Glassman Defendants' care, custody or control.  See Amoah v. Mckinney, 2016 WL 1698267, at *3 (D. Mass. Apr. 27, 2016)("'The term 'control' includes the legal right of the producing party to obtain documents from other sources upon demand.'")(quoting Quinones v. Univ. of Puerto Rico, 2015 WL 3604152, at *5 n.4 (D.P.R. June 8, 2015)).  The Plaintiffs have incomplete information concerning whether they have the entirety of the Glassman Defendants' financial records, as that knowledge rests solely with the Glassman Defendants.  The fact that the Plaintiffs have obtained some of these records (i.e. those that they know about, from third-party banks) should not preclude the Glassman Defendants' from being required to produce their financial records.

The Plaintiffs are also entitled the Glassman Defendants' tax records.  Like their bank information, the Glassman Defendants' tax records are relevant to the allegations in the Plaintiffs' SAC, and the Glassman Defendants' own Amended Counterclaims and claimed damages, which may demonstrate sources of income, interrelatedness of the parties and financial motive for committing the fraud alleged in this action.  See Halperin v. Berlandi, 114 F.R.D. 8, 11 (D. Mass. 1986)(finding tax returns relevant in civil RICO action where records would show full range of payments involved in defendants' wrongdoing); and State Farm Mutual Automobile Insurance Company v. Fayda, 2015 WL 7871037, at *3-5 (S.D.N.Y. Dec. 3, 2015)(finding tax records relevant in Civil RICO action where medical provider allegedly provided medical treatments which were not medically necessary).  The Court in Fayda found the tax returns discoverable even though the tax returns were, "quasi privileged" because a "court will order tax returns and other sensitive financial information produced where it is relevant to the action and there is a compelling need for the documents because the information is not otherwise readily available."  Id. at *4 (citing Rahman v. Smith & Wollensky Restaurant Group, 2007 WL 1521117, at *7 (S.D.N.Y. May 24, 2007)).  Here, the Glassman Defendants' financial and tax returns are relevant for the same reasons their bank records are relevant, as they will show sources of income, interrelatedness between the parties, determine income amounts by source, may show significant increases in income around the time the RICO enterprise formed, and significant asset purchases.  As such, the Plaintiffs request that the Court compel the production of the Glassman Defendants' financial records, including tax returns.

## V.      CONCLUSION

For the above-state reasons, the Plaintiffs/Defendants-in-Counterclaim, Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company respectfully request that this Honorable Court compel the Glassman Defendants to provide complete responses to the Plaintiffs' Master RPDs as set forth in their Motion to Compel (Doc. No. 856).  Should the

Court Order the Glassman Defendants to produce outstanding documents and supplemental

documentation past the Court's written discovery deadline, the Plaintiffs respectfully reserve their

right to seek leave from this Honorable Court to modify the Scheduling Order to expand the time

period for fact discovery.  The Plaintiffs request any further relief the Court deems just and

appropriate.

Respectfully submitted,
By the Plaintiffs/
Defendants-in-Counterclaim,
Metropolitan Property and Casualty
Insurance Company, and
The Commerce Insurance Company,
By their attorneys,

/s/ Nicholas J. Pompeo
Glenda H. Ganem
BBO No. 564374
gganem@mhg-pc.com
Peter R. Houston
phouston@mhg-pc.com
BBO No. 681915
Nicholas J. Pompeo
npompeo@mhg-pc.com
BBO No. 682361
McGovern, Houston & Ganem, P.C.
21 Merchants Row, 4th Floor
Boston, MA 02109
(617) 723-1444

Date:   December 10, 2018

## <u>CERTIFICATE OF SERVICE</u>

   I, Nicholas J. Pompeo, Esq., attorney for the Plaintiffs/Defendants-in-Counterclaim, Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and/or served in compliance with the Fed.R.Civ.P. The Plaintiffs have served the following individuals who are not ECF filers via first-class mail, postage pre-paid.

Mr. Tony Ramos          Mr. Kenneth Ramos
22 Childs Street, Apt. 2        2132 Crane Brook Way
Lynn, MA 01905          Peabody, MA 01960

Metro Coach, Inc.
c/o Mr. Tony Ramos
22 Childs Street, Apt. 2
Lynn, MA 01905

Date: December 10, 2018      /s/ Nicholas J. Pompeo
                Nicholas J. Pompeo, Esq.