UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:15-CV-12939-LTS

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, and THE COMMERCE INSURANCE COMPANY, <br>     Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> SAVIN HILL FAMILY CHIROPRACTIC, INC., et als., <br>     Defendants, <br><br> and <br><br> LAW OFFICES OF JEFFREY S. GLASSMAN LLC, <br>     Defendant/Counterclaim Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS/DEFENDANTS-IN-COUNTERCLAIM, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY AND THE COMMERCE INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE A FURTHER REPLY IN SUPPORT MOTION TO COMPEL COMPLETE RESPONSES TO MASTER REQUESTS FOR PRODUCTION OF DOCUMENTS FROM THE GLASSMAN DEFENDANTS**

NOW COME the Plaintiffs/Defendants-in-Counterclaim, Metropolitan Property and Casualty Insurance Company ("Metropolitan") and The Commerce Insurance Company ("Commerce")(collectively "the Plaintiffs"), and hereby respectfully request that the Court grant them leave to file a Further Reply in Support of their Motion to Compel Complete Responses to the Plaintiffs Master Requests for Production of Documents ("Motion to Compel") [Doc. Nos. 855 and 856]. The Plaintiffs request to file a Further Reply in Support of their Motion to Compel to include a dispute concerning redactions made by the Glassman Defendants on the basis of relevance, as the Court has found this practice to be improper in discovery. In support hereof, the Plaintiffs state the following:

1. On September 25, 2018, the Court issued an Order on the Parties' respective Motions to Modify Scheduling Order establishing November 26, 2018, as the deadline to file Motions to Compel against Parties in this matter. [See Doc. No. 806 at ¶1.]

2. The Plaintiffs filed their Motion to Compel Complete Responses to the Plaintiffs' Master Requests for the Production of Documents on November 15, 2018. [See Doc. Nos. 855-56.]

3. That same evening, November 15, 2018, the Glassman Defendants purported to produce over 9,000 pages of documents, bates numbered GLO-0044696 through GLO-0053926. See **Exhibit A**, Email Dated November 15, 2018. However, the Glassman Defendants' production contained no images or native files, in essence, making the entirety of the production useless. See **Exhibit A**, Email dated November 19, 2018.

4. The Glassman Defendants reproduced the November 15, 2018, production on November 19, 2018. See **Exhibit A**, Email dated November 19, 2018.

5. The Plaintiffs have now completed their review of the 9,000 plus pages of documents produced by the Glassman Defendants on November 19, 2018. Included therein, the Glassman Defendants have produced several documents, which are heavily redacted apparently for no other reason than that the information is not relevant in the eyes of the Glassman Defendants. These records include highly relevant client referral lists, which include "White Pads," "O/S lists" and other client lists, which the Plaintiffs have already sought to compel by their Motion to Compel [Doc. No. 856]. See **Exhibit B**, Lists in Redacted Form.

6. This Court has previously held that the identity of an attorney's client is not privileged. [See Doc. No. 862 at 3](citing United States v. Gertner, 873 F. Supp. 729, 735 (D.

Mass. 1995) for proposition that, "'the identity of an attorney's client and the source of payment for legal fees are not normally protected by the attorney-client privilege.'")

7. After the Plaintiffs filed their Motion to Compel, this Court ruled on the Plaintiffs' work-product objections to the production of their SIU materials. In the Court's November 28, 2018, Order [Doc. No. 891], the Court found, as to certain items on the Plaintiffs' Privilege Log, that the Rules of Civil Procedure do not permit the redaction of discovery documents on the basis of non-responsiveness and relevance. [See Doc. No. 891 at 7](citing Aronstein v. Massachusetts Mut. Life Ins. Co., No. 15-12864-MGM, 2017 WL 2818993, at *5 (D. Mass. June 29, 2017) for the proposition that "[t]he Federal Rules of Civil Procedure do not allow for the redaction of non-responsive material from otherwise responsive documents.")

8. At the time the Plaintiffs filed their Motion to Compel, the Plaintiffs were unaware that the Glassman Defendants were redacting information from responsive documents, for which there is no argument that the information is privileged. However, it is now clear that the Glassman Defendants' redaction of its client referral lists, white pads and O/S lists have no basis in law.

9. Accordingly, the Plaintiffs respectfully request that the Court allow them to file a Further Reply in Support of their Motion to Compel to address the Glassman Defendants' improper redaction of non-privileged information from relevant documents, which this Court has previously found to be improper.

10. On December 18, 2018, after being notified of the Plaintiffs' intent to file the instant Motion, the Glassman Defendants, who had previously justified these redactions on their Privilege Log as "redaction of unrealed [sic] client information" (See **Exhibit C** at 4), amended their Privilege Log to assert that redactions were made of "private, HIPAA-related information

for patients/claimants/clients whose claims are not at issue in this matter." See **Exhibit D** at 4. Not that this alteration should make any difference in the Court's determination of this matter, as there is already a Protective Order in place protecting said information,[1] this amendment should be seen as an implicit admission by the Glassman Defendants that their original Privilege Log was inadequate. Moreover, any argument by the Glassman Defendants that redactions are necessary to protect HIPAA protected information, which the Plaintiffs dispute, is entirely undermined by the fact that the Glassman Defendants redacted information which would not be HIPAA protected including the name of the individual, the referral source, what type of case was referred, and the date of the accident.

**WHEREFORE**, for the above-stated reasons, the Plaintiffs respectfully request that the Court permit them to file a Further Reply in Support of Their Motion to Compel, in the form attached hereto as **Exhibit E**. The Plaintiffs also request any further relief that the Court deems just and appropriate.

---

[1] [See Doc. No. 693 at ¶2.] ("Notwithstanding any federal or state law limiting the authority of the parties or "covered entities" within the definition of 45 C.F.R. §160.103 (2003) to disclose protected health information, the parties and covered entities are permitted to release protected health information in their possession in response to a discovery request, subpoena or other lawful process that seeks information relevant to the issues presented in this litigation. Parties will reasonably cooperate to limit unnecessary disclosure of protected health information that has been produced for inspection or exchange in discovery. Any protected health information disclosed pursuant to this order shall be used only for purposes of this case."

                                      Respectfully submitted,
                                      By the Plaintiffs/
                                      Defendants-in-Counterclaim,
                                      Metropolitan Property and Casualty
                                      Insurance Company, and
                                      The Commerce Insurance Company,
                                      By their attorneys,

                                      /s/ Nicholas J. Pompeo
                                      Glenda H. Ganem
                                      BBO No. 564374
                                      gganem@mhg-pc.com
                                      Peter R. Houston
                                      phouston@mhg-pc.com
                                      BBO No. 681915
                                      Nicholas J. Pompeo
                                      npompeo@mhg-pc.com
                                      BBO No. 682361
                                      McGovern, Houston & Ganem, P.C.
                                      21 Merchants Row, 4th Floor
                                      Boston, MA 02109
Date:  December 19, 2018                   (617) 723-1444

## CERTIFICATE OF SERVICE

     I, Nicholas J. Pompeo, Esq., attorney for the Plaintiffs/Defendants-in-Counterclaim, Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and/or served in compliance with the Fed.R.Civ.P.

Date:  December 19, 2018                                  /s/ Nicholas J. Pompeo
                                                            Nicholas J. Pompeo, Esq.

## **CERTIFICATE PURSUANT TO LOCAL RULE 7.1 and 37.1**

I, Nicholas J. Pompeo, Esq., attorney for the Plaintiffs/Defendants-in-Counterclaim, Metropolitan Property and Casualty Insurance Company and the Commerce Insurance Company, certify that the Plaintiffs have conferred with counsel for Defendants, Law Offices of Jeffrey S. Glassman, LLC and Jeffrey S. Glassman in an effort to resolve or narrow the issues in dispute. The Glassman Defendants oppose the filing of the instant motion.

/s/ Nicholas J. Pompeo
Nicholas J. Pompeo, Esq.