UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:15-CV-12939-LTS

| | |
|---|---|
| METROPOLITAN PROPERTY AND | ) |
| CASUALTY INSURANCE COMPANY, and | ) |
| THE COMMERCE INSURANCE COMPANY, | ) |
|     Plaintiffs and Counterclaim-Defendants, | ) |
|         v. | ) |
| SAVIN HILL FAMILY CHIROPRACTIC, INC., | ) |
| LOGAN CHIROPRACTIC, INC., and, | ) |
| LAW OFFICES OF JEFFREY S. GLASSMAN, LLC, | ) |
|     Defendants and Counterclaim-Plaintiffs, | ) |
|     and | ) |
| METRO COACH, INC., | ) |
| JEFFREY S. GLASSMAN, ESQ., | ) |
| BRANDY SOTO, HEGER ASENJO, | ) |
| KENNETH RAMOS, TONY RAMOS, | ) |
| WILLIAM HERNANDEZ, | ) |
| RICHRAD MCGOVERN, D.C., | ) |
| MARSELLA IMONTI, D.C., ALLISON ROBIN, D.C., | ) |
| CHARLES RONCHETTI, D.C., TARA O'DESKY, D.C., | ) |
| ARISMENDY RAMOS, MAXIMO SOTO, | ) |
| APRIL STEWART, TANISHA RAMOS, and | ) |
| KARLA MENDOZA, | ) |
|     Defendants. | ) |

**OPPOSITION BY THE LAW OFFICES OF JEFFREY S. GLASSMAN, LLC'S MOTION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A "FURTHER" REPLY**

Defendants Law Offices of Jeffrey S. Glassman, LLC and Jeffrey S. Glassman (the "GLO") respectfully submit this opposition to Plaintiffs' motion for leave to file a second reply on their motions to compel, and states in support of this opposition as follows:

1. On December 10, 2018, Plaintiffs filed their reply in support of their motions to compel (D.E. 923).

2. Plaintiffs now argue for a chance to raise a new ground for their existing motion to compel because, since December 10, 2018, they thought of an additional argument to make

based on materials they received twice in mid-November 2018,[1] and indisputably without any production error by November 19, 2018.

3. Plaintiffs' motion may explain why they did not use certain exhibits as part of their November 15, 2018 motion, but does not explain why they did not either include those exhibits in their later December 10, 2018 reply or ask for additional time to prepare and file their reply while they continued their further "analysis" of the issues.

4. In their Rule 7.1 Certificate, Plaintiffs refer to what consisted of a limited email exchange with Attorney Pompeo. In doing so, they omitted communications involving Attorney Houston. On December 18, 2018, Attorney Houston met in person with the GLO's counsel during the first access through the Trexo terminal to original claim files, and the GLO's counsel sent a letter to Attorney Houston about other efforts that have taken place to narrow discovery issues. A copy of the December 18, 2018 letter is attached hereto as Exhibit A.

5. During the claim file review process, Attorney Houston and counsel for the GLO discussed the topic of client lists at issue in this present motion for leave to file a second reply. Specifically, yesterday counsel discussed the topic of redactions of private information from client lists about patients/clients/claimants who did not treat at Savin or Logan, and who did not make claims against either of the Plaintiffs. Attorney Houston confirmed that Plaintiffs have no objection to the redaction of information from patients/clients/claimants, and promised to inform the GLO whether Plaintiffs would be satisfied (1) if source and date information were unredacted but such patient/client/claimant names remain redacted, and (2) with the existing quantity of cumulative client lists, given that the last version contains a running form of the information.

---

[1] As confirmed by Plaintiffs' moving papers, when they claimed difficulties with one production set, the GLO promptly caused its vendor to produce another set. That accommodation should have been the norm in a mutual way in discovery, which could have avoided certain prior motion practice.

Such sampling would help avoid imposing the undue burden of redacting and logging privileged and private information from up to hundreds of extensive client lists. As the Court sees in certain client lists accompanying the present motion, medical provider information is included. On certain other lists, more detailed medical information appears. Rather than Attorney Houston providing Plaintiffs' response, Attorney Pompeo filed the motion for leave to file a second reply.

6. Compounding their late effort at a second bite at the apple, Plaintiffs mischaracterize the GLO's amendments to its privilege log. As the Court is aware from other briefing, the Plaintiffs raised in their motion to compel the adequacy of the GLO's privilege log without ever having raised it as a topic during the underlying meet-and-confer process. In doing so, Plaintiffs could have hoped that their own privilege log would not be subject to scrutiny. For example, Plaintiffs used "entity authors," rather than individuals, to identify authors throughout large portions of their log, including on emails. To narrow the issues before the Court, the GLO informed Plaintiffs that it would amend its privilege log and confer about any other mutual standards for privilege logs that the Plaintiffs sought. Plaintiffs have not responded with any other requests for mutual standards to govern privilege logs. At this point, the GLO's amended privilege log is compliant with typical standards and more complete than is Plaintiffs' log.

7. In the amended log, the GLO addressed its concerns with greater specificity about giving Plaintiffs access to private information, including medical issues, concerning patients/clients/claimants who are not part of the claims at issue in this case because they either did not treat at Savin or Logan, or the Plaintiffs were not insurers on their claims. The GLO has not made a simple "non-relevance" or "non-responsiveness" redaction that the Court found problematic in Plaintiffs' production. In its objections and log, the GLO raised privacy and harassment objections.

8.      The GLO has a heightened concern on these privacy issues given prior improper public disclosures by Plaintiffs of patient/client/claimant names that could be cross-referenced on the public docket to glean detailed medical history. During this case, this Court has made rulings concerning efforts by Plaintiffs to publicize their allegations or to use the pendency of the case to their advantage outside of this federal litigation. (*See*, *e.g.*, D.E. 228, 277, 284, 665). Plaintiffs have attempted to use the pendency of the case to interfere with the attorney-client relationships of the GLO by suggesting that a sealing order in this Court prevented the use of a stenographer in an insurance coverage arbitration, and that conflicts-of-interest existed for the GLO and counsel in those arbitrations and state court matters. (*See*, *e.g.*, D.E. 279). In Docket Entries 463 and 464, Plaintiffs publicized a long list of the GLO's clients displaying their personal contact information, as part of initial disclosures about who had knowledge of their treatment at Savin or Logan. By cross-referencing the list with other exhibits that the Plaintiffs had filed using patient/client/claimant initials, the public could glean the private medical conditions of these individuals. As this Court is aware, initial disclosures are virtually never filed publicly when they are made. Despite numerous requests to withdraw the public filing, Plaintiffs refused. On August 3, 2017, the Court issued an Order (D.E. 511) sealing Docket Entry 463 ("In light of Plaintiffs' filing the Initial Disclosures (#463), its filing is SEALED.")

9.      When these types of privacy issues resurfaced again recently, the GLO's counsel observed that Docket Entry 464 has still not been sealed. Since then, Plaintiffs have again refused requests to cure those public mis-filings.

10.     With this backdrop, the GLO respectfully requests that the Plaintiffs not be permitted to file an untimely second reply. They chose to wait several months before serving discovery requests, then waited several months before trying to commence meet-and-confer

efforts, and then waited until the deadline to file their motion to compel. Any crunch of time before filing their one and only reply was a creation of their own making. Particularly in a case that already has so many docket entries, if Plaintiffs thought they needed more time when preparing their reply, they should have asked for more time rather than file a reply and then seek a piecemeal opportunity that burdens the Court and Defendants even more.

## Conclusion

Based on the foregoing, this Court should deny Plaintiffs' request for leave to file a second reply.

Respectfully submitted,

LAW OFFICES OF JEFFREY S. GLASSMAN, LLC

/s/ *Barry S. Pollack*
Barry S. Pollack  BBO #642064
Peter J. Duffy  BBO #566682
POLLACK SOLOMON DUFFY LLP
101 Huntington Avenue Suite 530
Boston, MA 02199
617-439-9800 (Tel)
bpollack@psdfirm.com

                                    JEFFREY S. GLASSMAN  
                                    By his attorneys,  
                                    Edward C. Cooley BBO #550117  
                                    GIARRUSSO, NORTON, COOLEY  
                                        & McGLONE, P.C.  
                                    308 Victory Road  
                                    Quincy, MA  02171  
                                    (617) 770-2900  

Dated:  December 19, 2018

## CERTIFICATE OF SERVICE

     I hereby certify that on December 19, 2018, a true copy of the above-document, filed through the ECF system, will be served electronically through the ECF system on the registered participants as identified on the Notice of Electronic Filing.

                                    /s/ *Barry S. Pollack*  
                                    Barry S. Pollack