UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 15-12939-LTS |
| SAVIN HILL FAMILY CHIROPRACTIC, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON PLAINTIFFS' MOTIONS TO COMPEL
FURTHER DISCOVERY FROM LAW FIRM DEFENDANTS
[Docket Nos. 855, 867, 886]

January 2, 2019

Plaintiffs have filed several motions seeking further discovery from defendants Jeffrey S. Glassman and the Law Offices of Jeffrey S. Glassman, LLC (collectively, the "Law Firm Defendants"). After careful consideration of the parties' submissions, as well as the arguments made at the December 20, 2018 hearing, this Court rules as follows:

*Verification of Interrogatory Answers*. The Plaintiffs argue that the Law Firm Defendants' verifications of their answers to interrogatories are deficient. Jeffrey Glassman executed the verifications for both his personal answers, as well as those of the Law Firm. Glassman's qualifications that the answers to the personal interrogatories were true and correct to the best of Glassman's knowledge substantially comply with the requirements of 28 U.S.C. § 1746. See, e.g., Phillips v. Martin, No. 06-2442-KHV, 2007 WL 4139646, at *1 (D. Kan. 2007) (citing cases); see also State Farm Mut. Automobile Ins. Co. v. New Horizont, Inc., 250 F.R.D.

1

203, 221 (E.D. Pa. 2008) (party required to provide verification stating that to the best of his knowledge, information, and belief, the answers are true and correct).

However, Glassman's verifications state that the information used to answer the interrogatories was "obtained in part from others involved in pertinent activities." Docket No. 868-8 at 3. This statement is vague. With respect to Jeffrey Glassman's verification for his own answers, he should just state that they are true and correct to the best of his knowledge, information and belief. With respect to the Law Firm, the verification should be more specific as to where the information comes from. For example, the verification could state that the information comes from the books and records of the Law Firm, information furnished by employees, and/or personal knowledge. The Law Firm Defendants shall provide a verification consistent with this order.

*Scope Of Discovery*. To the extent that the Law Firm Defendants have limited the scope of their discovery responses to claims covered by insurance policies issued by the Plaintiffs, that limitation is improper. Discovery should include other clients who were treated at Savin Hill or Logan.

*Further Answers to Interrogatories*. The Law Firm Defendants shall provide further answers to Master Interrogatory Nos. 1, 2, 9, and 20. To the extent that the Law Firm Defendants have no further information in response to any of these interrogatories, they should so state. With respect to Master Interrogatory No. 21, the Law Firm Defendants have stated that they have produced any responsive indemnification agreements and offered to identify them by bates number. See Docket No. 913 at 16. They shall do so.

*Fed. R. Civ. P. 34(b)(2)(C)*. To the extent that they have not already done so, the Law Firm Defendants shall comply with Rule 34(b)(2)(C), which requires a party to state whether

documents are being withheld on the basis of an objection.  The Court notes, however, that the Law Firm Defendants are not required to "to provide a detailed description or log of all documents withheld, but do[] need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection."  Fed. R. Civ. P. 34, Advisory Committee Notes, 2015 Amendment.

*Off-Site Storage Facilities*.  The Law Firm Defendants shall search off-site storage facilities for responsive documents.

*Privilege Log*.  The Law Firm Defendants need not log communications with counsel after commencement of this action and work product material created after commencement of this action.

*Financial and Tax Records*.  To the extent they have not already done so, the Law Firm Defendants shall produce documents responsive to Master Requests for Production Nos. 8, 10, 11, 18, 19, and 32.  They need not produce tax records.

Any supplementation required by this order shall be completed by January 31, 2019.  The Plaintiffs' motions to compel are otherwise DENIED.[1]

**So Ordered.**

　　　　　　　　　　　　　　　　　　　　　　　/s/ Jennifer C. Boal
　　　　　　　　　　　　　　　　　　　　　　　JENNIFER C. BOAL
　　　　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE

---

[1] The Court notes that many of the Plaintiffs' discovery requests in this case are overly broad and not proportional to the needs of the case.  In addition, in many instances, Plaintiffs' complaints appear to be largely based on their own view of the case.  For example, they believe that the Law Firm Defendants' answers to interrogatories and requests for admission conflict with other information the Plaintiffs claim to have.  The fact that Plaintiffs disagree with those answers does not make them insufficient.  To the extent that the Court has not explicitly addressed a Plaintiffs' request in this order, that request has been carefully considered by the Court and denied.