UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:15-CV-12939-LTS

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, and THE COMMERCE INSURANCE COMPANY, Plaintiffs, | )<br>)<br>)<br>)<br>) |
| **v.** | )<br>) |
| SAVIN HILL FAMILY CHIROPRACTIC, INC., et als., Defendants. | )<br>)<br>)<br>) |

**PLAINTIFFS/DEFENDANTS-IN-COUNTERCLAIM, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY AND THE COMMERCE INSURANCE COMPANY'S STATUS REPORT PURSUANT TO THE COURT'S JANUARY 22, 2019 ORDER (DOC. NO. 1057)**

**I.   INTRODUCTION**

NOW COME the Plaintiffs, Metropolitan Property and Casualty Insurance Company ("Metropolitan") and The Commerce Insurance Company ("Commerce"), in the above-captioned action, and hereby submit to this Honorable Court their Status Report, pursuant to the Court's January 22, 2019 Order (Doc. No. 1057), regarding the status of depositions in this litigation.

**II.   WRITTEN AND FACT DISCOVERY AND THE DEPOSITIONS THAT THE PLAINTIFFS INTEND ON CONDUCTING**

As an initial matter and as set forth in the Plaintiffs' Motion to Modify the Scheduling Order (Doc. No. 1043), none of the Parties have noticed or conducted any depositions, to date, and there are numerous matters and motions pertaining to written and fact discovery that remain pending before the Court, the large majority of which have a direct impact on depositions. Additionally, the deadlines for certain Defendants and non-parties to respond to discovery, supplement discovery responses and/or produce documents in response to Subpoenas Duce Tecum have yet to expire, and thus, the Plaintiffs have not yet received complete discovery responses from all Defendants or

complete document responses from certain non-parties. Indeed, on December 20, 2019, the Court held a hearing on various Motions to Compel filed by the Plaintiffs and Law Firm Defendants, during which time the Glassman Law Office represented to the Court that it had produced all, non-privileged, materials contained within the Law Firm Defendants' client files for the 1,050 clients/claimants identified in Exhibit A to their Answers to the Plaintiffs' Master Interrogatories, however, to date, the Plaintiffs have identified no less than fifty (50) files in which the Law Firm Defendants have not produced a single document for their respective clients/claimants identified in Exhibit A. See Transcript of 12.10.18 Hearing, at p. 12, ¶¶13 to 24; and Doc. No. 868-2, pp. 26-32. Although the Law Firm Defendants have until January 31, 2019, to comply with the Court's Order on Plaintiffs' Motion to Compel (Doc. No. 975) and produce all supplemental responses ordered by the Court, as well as those materials they represented had already produced when they had not, the outstanding discovery responses from the Defendants as well as third-parties have resulted in the Plaintiffs inability to move forward with depositions to date. More specifically, set forth below is a detailed list of all matters pertaining to written and fact discovery that remain pending before the Court and/or that are currently outstanding due to Court ordered deadlines.

### A. Pending Discovery Motions and Outstanding Discovery by the Defendants

The Plaintiffs and the Law Firm Defendants, Jeffrey S. Glassman, Esq., and Law Offices of Jeffrey S. Glassman, LLC, have numerous Motions pending before the Court that relate to written and fact discovery by the Parties and Non-Parties. Specifically, the Plaintiffs and the Law Firm Defendants have filed discovery Motions seeking to compel responses and/or supplemental discovery responses from certain Parties, as well as Motions to Compel Responses to Subpoena Duce Tecum by Non-Parties. Due to the importance of the documents and written discovery responses sought in the various Motions, and the documents ordered to be produced, the Plaintiffs cannot conduct their limited number of depositions until certain Defendants have complied with the

Court's Orders, compelling them to respond and/or supplement discovery responses, and the Motions to Compel Responses to Subpoena Duce Tecum by Non-Parties have been acted on by the Court. Set forth below is a list of all discovery deadlines for certain Defendants to complete their discovery responses, and the pending Motions currently before the Court:

1. Deadline for the Law Firm Defendants to supplement discovery responses, complete privilege log and comply with the Court's Order on Plaintiffs' Motions to Compel Further Discovery (Doc. No. 975) is January 31, 2019;
2. Deadline for the Clinic Employee Defendants and William Hernandez to comply with the Court's December 21, 2019 Order (Doc. No. 969) to serve Answers to the Plaintiffs' Master Interrogatories and responsive documents is February 4, 2019, pursuant to the Court's January 18, 2019 Order (Doc. No. 1050);
3. The Law Firm Defendants and Brandy Soto's Emergency Motion to Quash or Modify Third-Party Subpoenas to American Express Company, Citicorp Credit Services, Inc., JP Morgan Chase and Company, Barclays Bank Delaware, Chase Bank, USA N.A., AT&T Corporation, Sprint Nextel Communication, Sprint Corporation, T-Mobile USA, Inc., Verizon Wireless Services, LLC, and Apple, Inc., (Doc. Nos. 918, 919, 933 and 934); and, Plaintiffs' Opposition to Emergency Motion to Quash (Doc. No. 983);
4. Glassman Law Office's Motion to Modify January 2, 2019 Order and Enforce the September 7, 2018 Order (Doc. No. 978); and, Plaintiffs' Opposition (Doc. No. 1053)
5. Glassman Law Office's Motion for Partial Reconsideration of the Order dated November 28, 2018 (Doc. No. 891); and, Plaintiffs' Opposition (Doc. No. 948);
6. Glassman Law Office's Notice of Appeal of Magistrate Judge Decision (Doc. No. 891) (Doc. No. 929); and, Plaintiffs' Response (Doc. No. 971);
7. Glassman Law Office's Motion for Order to Resolve Post-Production Claim of Privilege by Non-Party Witness Insurance Fraud Bureau (Doc. No. 985); and, Plaintiffs' Opposition (Doc. No. 1033);
8. McGovern, Houston & Ganem, PC's Motion for Protective Order and/or to Quash Glassman Law Office's Subpoena Pursuant to Fed.R.Civ.P. 26(c) and 45(D)(3) (Doc. No. 927); and, Glassman Law Office's Opposition (Doc. No. 930);
9. Smith & Brink's Third-Party Motion for Protective Order and Request to Quash Subpoena directed to Smith & Brink (Doc. No. 976); and, Glassman Law Office's Opposition (Doc. No. 986);
10. Glassman Law Office's Motion to Modify January 2, 2019 Order and Enforce the September 7, 2018 Order (Doc. No. 978); and, Plaintiffs' Opposition (Doc. No. 1053);
11. Glassman Law Office's Motion to Compel Responses to Subpoena Duces Tecum to Scope Medical, LLC (Doc. No. 988); and, Plaintiffs' Opposition (Doc. No. 1060);

12. Glassman Law Office's Motion to Compel Responses to Subpoena Duces Tecum to Expert Review Inc. (Doc. No. 990); and, Plaintiffs' Opposition (Doc. No. 1060);
13. Glassman Law Office's Motion to Compel Responses to Subpoena Duces Tecum to Medical Evaluation Specialists, Inc. (Doc. No. 992); and, Plaintiffs' Opposition (Doc. No. 1060);
14. Glassman Law Office's Motion to Compel Responses to Subpoena Duces Tecum to DXC Technology (Doc. No. 994); Plaintiffs' Opposition (Doc. No. 1061) filed by Plaintiffs; and, DXC's Opposition (Doc. No. 1073;
15. Glassman Law Office's Motion to Compel Responses to Subpoena Duces Tecum to Hanover Insurance Company (Doc. No. 996);
16. Glassman Law Office's Motion to Compel Responses to Subpoena Duces Tecum to Progressive Direct Insurance Company (Doc. No. 998);
17. Glassman Law Office's Motion to Compel Responses to Subpoena Duces Tecum to GEICO (Doc. No. 1002); Geico's Opposition (Doc. No. 1052);
18. Glassman Law Office's Motion to Compel Response to Subpoena to Michael Frustaci (Doc. No. 1004); Plaintiffs' Opposition (Doc. No. 1059); and, Michael Frustaci's Opposition (Doc. No.1065);
19. Glassman Law Office's Motion to Compel Response to Subpoena to Richard Cuomo (Doc. No. 1005); Plaintiffs' Opposition (Doc. No. 1059); and, Rick Cuomo's Opposition (Doc. No. 1067);
20. Plaintiffs' Motion to Compel Responses to Subpoena Duces Tecum to Sritharan Law PLLC (Doc. No. 1007);
21. Plaintiffs' Motion to Compel Responses to Subpoena Duces Tecum to Affiliated Monitors, Inc. (Doc. No. 1009);
22. Plaintiffs' Motion to Compel Responses to Subpoena Duces Tecum to Enterprise Rent-A-Car (Doc. No. 1011);
23. Plaintiffs' Motion to Compel Responses to Subpoena Duces Tecum to Eagle Hill Auto Body, Inc. (Doc. No. 1013);
24. Plaintiffs' Motion to Compel Responses to Subpoena Duces Tecum to SDSD, Inc. (Doc. No. 1015);
25. Plaintiffs' Motion to Compel Responses to Subpoena Duces Tecum to Harrington and Harrington (Doc. No. 1017); and, Response (Doc. No. 1072) filed by Harrington and Harrington;
26. Plaintiffs' Motion to Compel Responses to Subpoena Duces Tecum to Boston Medical Center (Doc. No. 1019);
27. Glassman Law Office's Motion to Compel Responses to Subpoena Duces Tecum to Auto Injury Solutions, Inc. (Doc. No. 1020); and, Plaintiffs' Opposition (Doc. No. 1062);
28. Glassman Law Office's Motion to Compel Responses to Subpoena Duces Tecum to Travelers Insurance (Doc. No. 1022); Travelers' Opposition (Doc. No. 1058) filed by Travelers;
29. Plaintiffs and Plymouth Rock Assurance Company's Status Report Pursuant to Court's December 21, 2018 Order (Doc. No. 965), seeking a deadline of February 15, 2019, for Plymouth Rock to comply with Subpoena Duce Tecum;
30. Deadline of January 15, 2019, for Optimo Transportation to produce documents in response to Plaintiffs' Subpoena Duce Tecum, pursuant to the Court's Order

        dated December 21, 2018 (Doc. No. 966) has expired, and Plaintiffs may need to seek judicial intervention for compliance with Order.

### B. Bankruptcy Proceedings Related to the Clinic Defendants (Savin Hill, Logan Chiro, Metro Coach, Tony Ramos and Kenneth Ramos)

As the Court is aware, on August 15, 2018, Defendants, Savin Hill and Logan Chiro filed Bankruptcy Petitions under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Massachusetts, Docket Nos. 18-13119 and 18- 13120, and thereafter, the Defendants, Metro Coach, Tony Ramos and Kenneth Ramos also filed Bankruptcy Petitions under Chapter 7. On January 15, 2019, during the hearing on the Plaintiffs' Motions for Relief from the Automatic Stay's in Savin Hill and Logan Chiro's bankruptcy actions, as well as the Trustee's Motion to Dismiss Savin Hill and Logan Chiro's Bankruptcy Petitions, the Bankruptcy Court (Hoffman, J.) decided that because of the nature of this action and nature of all the Bankruptcy Petitions filed by the Clinic Defendants, he would inquire with the Bankruptcy Justices presiding over the Clinic Defendants' bankruptcy actions in regard to having all Bankruptcy Petitions transferred to him.

During the hearing, Savin Hill's counsel advised the Court, for the first time, that the physical patient files, including all of the claimant/patient files in connection with the underlying insurance claims giving rise to this action, had recently been moved from the original storage facility where they were kept in August of 2018, to Kenneth Ramos' brother's home (presumably Brandy Soto), and then again to their alleged current location, a storage facility in Plainville, Massachusetts. This may give rise to further motion practice regarding the potential spoliation of evidence as a co-Defendant took possession of evidence and admittedly, by bankruptcy counsel, was advised of this improper conduct and the documents were then moved again. Thereafter, on January 17, 2019, Judge Feeney Ordered Metro Coach and Tony Ramos' Bankruptcy Petitions be

transferred to Judge Hoffman, and thus, all of the Clinic Defendants' bankruptcy actions are now before Judge Hoffman. On January 29, 2019, Judge Hoffman will hear the following Motions:

1. Metropolitan and Commerce's Motion for Relief from Automatic Stay (Doc. No. 18-13120);
2. Trustee's Motion to Dismiss Savin Hill's Bankruptcy Petitioner (Doc. No. 18-13120);
3. Metropolitan and Commerce's Motion for Relief from Automatic Stay (Doc. No. 18-13119);
4. Trustee's Motion to Dismiss Logan Chiro's Bankruptcy Petitioner (Doc. No. 18-13119);
5. Metropolitan and Commerce's Motion for Relief from Automatic Stay as to Metro Coach (Doc. No. 18-13752);
6. Metropolitan and Commerce's Motion for Relief from Automatic Stay as to Kenneth Ramos (Doc. No. 18-13718); and,
7. Metropolitan and Commerce's Motion for Relief from Automatic Stay as to Tony Ramos (Doc. No. 18-13758).

**C. Depositions that the Plaintiffs Intend on Conducting and Anticipate Defending**

In accordance with the Court's October 27, 2017 Scheduling Order (Doc. No. 591) and the Order on Motion to Modify the Scheduling Order (Doc. No. 1057), set forth below are the individuals and/or business entities that the Plaintiffs intend on deposing and the anticipated name(s) of Plaintiffs' counsel who will take or defend the respective depositions for the Plaintiffs[1]:

1. Glassman Law Office's Fed.R.Civ.P. 30(b)(6) witness(es) – Attorney Houston and Attorney Ganem;
2. Savin Hill's Fed.R.Civ.P. 30(b)(6) witness(es) – Attorney Houston and Attorney Ganem;
3. Logan Chiro's Fed.R.Civ.P. 30(b)(6) witness(es) – Attorney Houston and Attorney Ganem;
4. Metro Coach's Fed.R.Civ.P. 30(b)(6) witness(es) – Attorney Houston and Attorney Ganem;
5. Richard McGovern, DC – Attorney Houston and Attorney Ganem;
6. Marsella Imonti, DC – Attorney Houston and Attorney Ganem;
7. Allison Robin, DC – Attorney Houston and Attorney Ganem;
8. Charles Ronchetti, DC– Attorney Houston and Attorney Ganem;
9. Tara O'Desky, DC – Attorney Houston and Attorney Ganem;
10. Brandy Soto – Attorney Houston and Attorney Ganem;
11. Jeffrey S. Glassman – Attorney Houston and Attorney Ganem;
12. Heger Asenjo – Attorney Houston and Attorney Ganem;

---

[1] The Plaintiffs have included the Petitioners (i.e. the Clinic Defendants) from the bankruptcy matters in the event that the cases are dismissed and/or the Automatic Stays are lifted by the Bankruptcy Court.

    13. Tony Ramos– Attorney Houston and Attorney Ganem;
    14. Kenneth Ramos – Attorney Houston and Attorney Ganem;
    15. Arismendy Ramos – Attorney Houston and Attorney Ganem;
    16. William Hernandez – Attorney Houston and Attorney Ganem;
    17. April Stewart – Attorney Houston and Attorney Ganem;
    18. Karla Mendoza – Attorney Houston and Attorney Ganem;
    19. Maximo Soto– Attorney Houston and Attorney Ganem;
    20. Tanisha Ramos – Attorney Houston and Attorney Ganem;
    21. Kelly Neumann – Attorney Houston and Attorney Ganem;
    22. Michael D'Isola – Attorney Houston and Attorney Ganem;
    23. Maritza Ramos – Attorney Houston and Attorney Ganem;
    24. Kiera Miner – Attorney Houston and Attorney Ganem;
    25. Viji Sritharan – Attorney Houston and Attorney Ganem;

Although the Plaintiffs anticipate conducting the depositions of the five (5) non-party witnesses identified as numbers 21 through 25 above, there are several other non-party witnesses that the Plaintiffs may depose in addition to and possibly instead of the aforementioned individuals and/or should the Court grant the Plaintiffs leave to conduct more than five (5) non-party witnesses in the event that the Plaintiffs have good cause to move for such relief and none of the Defendants depose the following individuals:

    1. Yolanda Rodriguez – Attorney Houston and Attorney Ganem;
    2. Tara Soto – Attorney Houston and Attorney Ganem;
    3. Filemon Quispe – Attorney Houston and Attorney Ganem;
    4. Paul Bruno – Attorney Houston and Attorney Ganem;
    5. Suket Kumar, DC – Attorney Houston and Attorney Ganem;
    6. John Sonati – Attorney Houston and Attorney Ganem;
    7. Terron Worrell – Attorney Houston and Attorney Ganem;
    8. Jim Glassman – Attorney Houston and Attorney Ganem;
    9. Nely Brandao – Attorney Houston and Attorney Ganem;
    10. Alan Valoy – Attorney Houston and Attorney Ganem; and,
    11.  Alexander Arias – Attorney Houston and Attorney Ganem.

It should be noted that on January 24, 2019, the Plaintiffs received an email from the Law Firm Defendants in regard to scheduling a conference to discuss the scheduling of depositions, and today, the Plaintiffs advised that they are available on Monday, January 28, 2019, to confer with all counsel. The Plaintiffs reserve their right to make changes and/or additions to the individuals and business entities that they intend to depose depending on the resolution of Motions and Orders

entered by the Court. Additionally, it should be noted that the Plaintiffs anticipate motion practice in regard to Motions for Protective Orders and/or to Quash certain deposition subpoenas based upon the names identified in the Defendants' Combined Deposition Status Report (Doc. No. 1078).

**IV.   CONCLUSION**

Based on the outstanding discovery responses from the Defendants, the Clinic Defendants' Bankruptcy Petitions, the pending Motions pertaining to written and fact discovery and forthcoming document responses from certain non-parties, it is the Plaintiffs' position that good cause exists for this Honorable Court to modify the Court's Scheduling Order (Doc. No. 806) in accordance with the proposed schedule set forth in the Plaintiffs' Motion to Modify the Scheduling Order (Doc. No. 1043) and their Response to the Court's January 22, 2019 Order (Doc. No. 1057) filed Under Seal, which the Plaintiffs incorporate herein by reference. The Plaintiffs request any further relief that the Court deems just and appropriate.

> Respectfully submitted,
> By the Plaintiffs,
> Metropolitan Property and Casualty
> Insurance Company, and
> The Commerce Insurance Company,
> By their attorneys,
>
> /s/ Glenda H. Ganem
> Glenda H. Ganem
> BBO No. 564374
> gganem@mhg-pc.com
> Peter R. Houston
> phouston@mhg-pc.com
> BBO No. 681915
> McGovern, Houston & Ganem, P.C.
> 21 Merchants Row, 4th Floor
> Boston, MA 02109
> (617) 723-1444

Date:   January 25, 2019

## **CERTIFICATE OF SERVICE**

      I, Glenda H. Ganem, Esq., attorney for the Plaintiffs, Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company, hereby certify that a redacted version of this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and/or served in compliance with the Fed.R.Civ.P.

                                                         /s/ Glenda H. Ganem, Esq.
Date: January 25, 2019                                       Glenda H. Ganem, Esq.