UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY and THE COMMERCE INSURANCE COMPANY, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )        Civil Action No. 15-12939-LTS ) |
| SAVIN HILL FAMILY CHIROPRACTIC, INC. et al., | ) ) ) |
| Defendants. | ) ) |

AMENDED CASE MANAGEMENT ORDER AND ORDER ON MOTION
TO MODIFY THE SCHEDULING ORDER (DOC. NO. 1043)

January 31, 2019

SOROKIN, J.

The original sole plaintiff filed this action in July 2015. The case, though important to the

Plaintiffs and of overwhelming significance to the Defendants, given the potential consequences

to their professional careers, presents a generally familiar claim of fraudulent billing by medical

providers to now two plaintiff insurance companies, expressed in the form of several state-law

fraud-type claims as well as a RICO claim. Nonetheless, the case has consumed over three and a

half years of litigation, resulted in over one thousand docket entries, and remains in paper

discovery. In large measure, this results from disproportionate litigation by the Plaintiffs and the

failure to work reasonably with opposing counsel. Doc. No. 1024 at 2 (finding Plaintiffs' appeal

from a discovery decision "frivolous"); Doc. No. 975 at 3 n.1 (finding Plaintiffs' discovery

requests "overly broad and not proportional"), Doc. No. 951 (finding Plaintiffs' emergency

motion "wildly unreasonable," "contrary to the ends of Rule 1," and not an emergency), Doc.

No. 863 at 2 (quashing Plaintiffs' subpoena as "fishing" expedition).[1]

In view of these considerations and the substantially greater understanding of the

discovery issues in this case arising from the numerous motions resolved and pending, the Court

hereby makes the following rulings, which revise and vacate any prior contrary Orders of the

Court.

1.  Plaintiffs, as a group, are limited to the presumptive limit of ten depositions established

    by Fed. R. Civ. P. 30(a). Plaintiffs may seek to enlarge that number provided they do so

    by showing good cause for any additional depositions and making such filing within 14

    days of this Order.

2.  Defendants, as a group, are similarly limited to the presumptive limit of ten depositions

    established by Fed. R. Civ. P. 30(a). Attorneys Cooley and Pollack shall be responsible

    jointly for managing and designating the depositions for all of the Defendants.

    Defendants may seek to enlarge the number of depositions provided they do so by

    showing good cause for any additional depositions and making such filing within 14 days

    of this Order.

3.  The Court hereby VACATES the attachments granted with respect to Brandy Soto,

    Richard McGovern, and Heger Asenjo. See Doc. No. 66.[2] If further Orders of the Court,

---

[1] The issues the Court notes are not only of recent vintage. See, e.g., Doc. No. 295 at 8 n.3
(describing the anomaly of the Court's rulings to allow attachments and then to dismiss the
complaint, which arose from Plaintiff's failure to plead with specificity in their complaint what
they had submitted in support of the attachments); Doc. No. 233 (noting that Plaintiff waited
until after "months" of briefing and a hearing on numerous motions to dismiss before suggesting
it possessed additional factual allegations).
[2] Based on the statements of counsel at the January 29, 2019, hearing, the Court understands that
these are the only defendants subject to attachments whose counsel appeared at the hearing.

such as to third-party custodians, are required to effect this vacatur, these Defendants shall notify the Court within seven days of this Order.

Pending before the Court is a motion to modify the scheduling order, Doc. No. 1043. The reason for the motion is established and undisputed. Nonetheless, the motion is DENIED. The motion fails to present a reasonable realistic proposal for conducting the depositions or otherwise completing the discovery. The motion was filed without conferring reasonably—and, in some cases, at all—with opposing counsel. Despite ample opportunities after the filing to confer and then supplement the papers before the Court, such conferral did not occur. The movant bears responsibility for the absence of conferral.

However, the denial is WITHOUT PREJUDICE to filing a renewed motion within 14 days. The renewed motion need not recite the basis for seeking the extension. Any renewed motion, whether assented to or not, shall contain an explanation of the basis for believing the proposed discovery plan is reasonable and realistic. It shall also address an arrangement for access to the patient files of Defendants Savin Hill Family Chiropractic, Inc. and Logan Chiropractic, Inc.—for example, the Plaintiffs and Defendants could split equally the fees of the storage entity to maintain the files for the duration of the case—as well as any related issues.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge