UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY and THE COMMERCE INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 15-12939-LTS |
| SAVIN HILL FAMILY CHIROPRACTIC, INC. et al., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO COMPEL (DOC. NO. 994)

February 14, 2019

SOROKIN, J.

On January 7, 2019, Defendant Law Offices of Jeffrey S. Glassman, LLC ("GLO") moved to compel the production of records held by non-party DXC Technology ("DXC"). DXC sells "software that [Plaintiffs] employ to evaluate claims, manage legal services, analyze medical records and bills, and aid fraud detection." Doc. No. 1073 at 2. The motion seeks to compel production of various records in DXC's possession concerning Plaintiffs, Defendants, and First Boston Billing. Doc. No. 995-2 at 6–7. Both DXC and Plaintiff Metropolitan Property and Casualty Insurance Company ("Metropolitan") opposed. Docs. No. 1073, 1061. The Court held a telephone conference on the motion on February 11, 2019.

First, DXC and Metropolitan objected to the jurisdiction of this Court. See Doc. No. 1061 at 7, Doc. No. 1073 at 9. Ordinarily, a motion to compel production must be made in "the district where compliance is required," Fed. R. Civ. P. 45(d)(2)(B)(i), which, for the purpose of this

motion, is the Southern District of New York, Doc. No. 1073 at 9. However, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion [to compel] to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Such "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Id. advisory committee's note to 2013 amendment. At the telephone conference, the parties agreed to submit a joint status report indicating whether, given the complexity of this litigation and the likelihood that this motion, if made in New York, would be transferred back, they waived objection to this Court's resolution of the motion. After conferring among themselves, the parties, including DXC, have now stated that all consent to having the motion decided by this Court. Doc. No. 1140.

Metropolitan[1] then argues that GLO's subpoena to DXC is an attempt to circumvent the Court's prior Order, Doc. No. 891, on Defendants' motion to compel Plaintiffs to produce certain documents regarding Defendants. Doc. No. 1073 at 6–7. The Court's earlier Order held that different documents sought by Defendants—specifically, legal bills not sought by this motion—were covered in part by attorney-client privilege and that, as a result, it was "appropriate to redact entries reflecting the work performed by the attorneys." Doc. No. 891 at 6. That Order in no way resolves the issues presented by this motion.

Metropolitan next argues that "likely all of the information [the motion] seeks is already in the possession of the [Plaintiffs] and more readily available from them." Doc. No. 1073 at 8.

---

[1] The objections made in separate filings by Metropolitan and DXC not only overlap but appear, understandably, to be coordinated. For ease of reference, the Court describes the objections as Metropolitan's to encompass the arguments and issues presented by both Metropolitan and DXC.

Plaintiffs repeated this point at the telephone conference, explaining that the documents produced by DXC were routinely transmitted to Plaintiffs, leaving no documents that could be sought only from DXC. But Plaintiffs offer no evidence that they maintained the full set of records that DXC produced or that they have already produced them to GLO in response to the discovery requests at issue in the Court's earlier Order to which Plaintiffs cite. There is no rule against obtaining documents from a third party, especially where, as here, the plaintiffs did not produce the documents.

Although Metropolitan does not squarely confront the merits of the discovery sought, the Court finds, after consideration of the specific relevance of these records and the likely burden of producing them, that the documents sought are relevant and discoverable. Given the significance of the sought records to this litigation and the absence of evidence that the records have already been produced, the Plaintiffs' unsupported burden objection is overruled.[2] In making this ruling, the Court has specifically considered and weighed that DXC is a non-party to the litigation, though the Court further notes that a core function of DXC's business is handling records for customers such as Metropolitan.

---

[2] As the party resisting discovery, Metropolitan bears the burden of showing that the subpoena imposes an undue burden, and it "cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance." Green v. Cosby, 152 F. Supp. 3d 31, 36–37 (D. Mass. 2015) (citations omitted).

In accordance with the foregoing, the motion to compel, Doc. No. 994, is ALLOWED. Accordingly, by March 1, 2019, DXC shall produce the records sought.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge