UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:15-CV-12939-LTS

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, and THE COMMERCE INSURANCE COMPANY,     Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> SAVIN HILL FAMILY CHIROPRACTIC, INC., et als.,     Defendants, <br><br> and <br><br> LAW OFFICES OF JEFFREY S. GLASSMAN LLC,     Defendant/Counterclaim Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS/DEFENDANTS-IN-COUNTERCLAIM, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY AND THE COMMERCE INSURANCE COMPANY'S RESPONSE TO DEFENDANTS'(1) JOINT MOTION TO EXTEND THE DISCOVERY SCHEDULE AND ENLARGE THE NUMBER OF DEPOSITIONS; (2) DESIGNATION OF PROPOSED DEPONENTS; AND (3) STATUS OF THE AGREEMENT FOR MAINTAINING AND ACCESSING CLINIC RECORDS IN THE POSSESSION OF VERDOLINO AND LOWE [DOC. NO. 1145]**

**I.    INTRODUCTION**

NOW COME the Plaintiffs/Defendants-in-Counterclaim, Metropolitan Property and Casualty Insurance Company ("Metropolitan") and The Commerce Insurance Company ("Commerce") (collectively, "the Plaintiffs"), and pursuant to Fed. R. Civ. P. 26 and 45, hereby submit to this Honorable Court their Response to the Defendants' (1) Joint Motion to Extend the Discovery Schedule and Enlarge the Number of Depositions; (2) Designation of Proposed Deponents; and (3) Status of the Agreement for Maintaining and Accessing Clinic Records in the Possession of Verdolino and Lowey [Doc. No. 1145]. Specifically, the Plaintiffs oppose the

timeframe set forth the Defendants' joint request to extend the discovery schedule and the Defendants' request for leave to take certain depositions as proposed in their Motion. The Plaintiffs have no objection to the statements made in the section of the Defendants' filing on the status of the agreement for maintaining and accessing clinic records in the possession of Verdolino and Lowey, as the representations made therein are an accurate recitation of the agreement between the Parties with respect to the storage of Savin Hill and Logan Chiropractic's patient files. For the reasons stated in their own Renewed Motion to Modify the Scheduling Order in the Court's September 25, 2018, Order [Doc. No. 1141], the Defendants' proposed discovery schedule is unrealistic given the outstanding motion practice yet to be resolved, and the remaining outstanding responses to written discovery which all parties are still waiting on before depositions can start in earnest. Additionally, the Clinic Defendants, i.e. Savin Hill, Logan Chiropractic, Tony Ramos and Kenneth Ramos, are just now re-entering this case. Accordingly, additional time for written discovery and motion practice will be necessary before the Plaintiffs are capable of deposing these entities/individuals.

Furthermore, the Defendants' request for a proposed "enlargement" of the number of depositions they may take is deficient. First, the Defendants fail to identify which ten (10) depositions they intend to take as of "right" under Fed. R. Civ. P. 33(a)(1). Second, the Plaintiffs oppose any attempts to depose their current and former counsel, as there is no good cause for such depositions and the same are not warranted under the standards enunciated in <u>Bogosian v. Woloohojian Realty Corp.</u>, 323 F.3d 55 (1st Cir. 2003) and <u>Bingham v. Supervalu Inc.</u>, 2014 WL 12792917 (D. Mass. May 28, 2014)(Boal, M.J.) for obtaining the testimony of counsel. As such, the Plaintiffs respectfully request that the Court allow the Plaintiffs' Renewed Motion to Modify the Scheduling Order in the Court's September 25, 2018, Order [Doc. No. 1141]. The Plaintiffs

further request that the Court order the Defendants to designate which depositions they intend to take as of right under Fed. R. Civ. P. 33(a)(1) before entertaining the Defendants' request to exceed the ten (10) deposition limit, and deny any request by the Defendants to depose the Plaintiffs' current trial counsel and former counsel.

## II.  BACKGROUND

On January 30, 2019, the Court held a hearing on the Plaintiffs' original Motion to Modify the Scheduling Order in the Court's September 25, 2018, Order [Doc. No. 1043].  After the hearing, the Court denied, without prejudice, the Plaintiffs' original Motion to Modify the Scheduling Order in the Court's September 25, 2018, Order [Doc. No. 1043], finding that the original Motion "fails to present a reasonable realistic proposal for conducting the depositions or otherwise completing the discovery." [Doc. No. 1090 at 3.]  The Court also reconsidered its prior Order [Doc. No. 591], which permitted the Plaintiffs to take the depositions of each of the named Defendants and five additional depositions, and permitted each Defendant group identified by the Court's Order to take five depositions. [Doc. No. 591 at 2.]  Accordingly, in its January 30, 2019, Order [Doc. No. 1090], the Court reverted back to the presumptive limits set by Fed. R. Civ. P. 30(a)(1) for depositions, and ordered that any party wishing to exceed the ten-deposition limit set by Rule 30(a)(1) must demonstrate "good cause" for any deposition in excess of ten per side.  [Doc. No. 1090 at 2.]  The Court then ordered that any new motion to modify the Court's scheduling order must be filed within 14 days, as did any request for exceeding the presumptive 10 deposition limit.  [Id.]

With this background, the Plaintiffs filed their Renewed Motion to Modify the Scheduling Order in the Court's September 25, 2018, Order [Doc. No. 1043].  Therein, the Plaintiffs set forth a discovery schedule premised on the current state of discovery responses

from both the Parties themselves, and third-parties, pending motion practice concerning written discovery, and the amount of depositions each party represented it intended to take at the parties' meet and confer conference. [Id.] Furthermore, the Plaintiffs' schedule can accommodate further written discovery relative to the Clinic Defendants who recently re-entered this matter from bankruptcy court, and attendant motion practice, which may be needed prior to their depositions. With respect to the Plaintiffs' request to exceed the ten-deposition limit set by Rule 30(a)(1), the Plaintiffs listed those depositions which they intended to take as their ten depositions for which leave was not required. As is apparent, the Plaintiffs included among their depositions as of right the Defendants to this action, to the extent possible, and third-parties directly referenced in the allegations of the Second Amended Complaint [Doc. No. 304] and the Glassman Law Office's Amended Counterclaims [Doc. No. 633]. For those depositions which the Plaintiffs sought leave to exceed the presumptive limit set by Rule 30(a)(1), the Plaintiffs stated the purpose for each deposition, including the testimony the Plaintiffs intended to solicit, and provided documentary evidence supporting their requests, where available. The Defendants' instant Motion stands in contrast as it proposes an unrealistic discovery schedule given remaining outstanding written discovery and seeks to depose the Plaintiffs trial counsel without any basis.

### III. LEGAL ARGUMENT

#### A. The Court Should Reject the Defendants Proposed Discovery Schedule

The Plaintiffs respectfully request that Court deny the Defendants' Joint Motion to Extend the Discovery Schedule and instead adopt the schedule proposed by the Plaintiffs. The Defendants provide no basis upon which the Court can base any determination that their proposed discovery schedule is reasonable, or realistic given outstanding discovery, and the proposed depositions each party intends to take. In further support of their position, the

Plaintiffs rely on their arguments made in their Renewed Motion to Modify Scheduling Order in the Court's September 25, 2018, Order [Doc. No. 1043] in support of the discovery schedule proposed by the Plaintiffs.

  **B.**  **The Court Should Deny Any Request to Depose the Plaintiffs' Current or Former Counsel**

In their list of proposed deponents, the Defendants have included as requested deponents, Attorney Glenda Ganem, current lead trial counsel in the instant matter, and Attorney David Brink, who has previously represented Commerce. As an apparent justification for their request to depose Attorneys Ganem and Brink, the Defendants state that Attorneys Ganem and Brink were counsel for the Plaintiffs, "in many settlements and disputes arising from claimants who treated at Savin or Logan." [Doc. No. 1145 at 3.] Not only does this argument not establish good cause, but it fails to justify the intrusion into the attorney-client relationship between the Plaintiffs and their counsel, especially where the Plaintiffs have already provided notice that they would not be asserting the defense of advice of counsel. [Doc. No. 982.]

In Bogosian v. Woloohojian Realty Corp., 323 F.3d 55 (1st Cir. 2003), the First Circuit adopted the standard enunciated in Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726, 729-30 (8th Cir. 2002) for the taking of testimony from opposing trial counsel at a trial or deposition. Therein, the Court found the following factors relevant when weighing whether an opposing counsel should be compelled to testify at a trial or deposition: "whether (i) the subpoena was issued primarily for purposes of harassment; (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case." Id. at 66. Under this standard, the First Circuit found that the trial Court appropriately quashed a subpoena for trial testimony to opposing counsel where the

5

evidence demonstrated that the subpoena was issued with the intent to harass opposing counsel. Id. at 66-67.

This Court adopted the standard from Bogosian and applied it to discovery depositions of opposing counsel in Bingham v. Supervalu Inc., 2014 WL 12792917 (D. Mass. May 28, 2014)(Boal, M.J.). The Court in Bingham highlighted the many concerns expressed by Courts when a party attempts to depose an opposing party's current or former counsel. Id. at *6. The Court explained that:

> First, '[a]llowing depositions of opposing counsel, even if those depositions were limited to relevant and non-privileged information, may disrupt the effective operation of the adversarial system by chilling the free and truthful exchange of information between attorneys and their clients.' [ . . . ] In addition, 'depositions of opposing counsel present a []unique opportunity for harassment.[ . . . ] Another concern is that such depositions may lead to the disqualification of counsel who may be called as witnesses [ . . . ] Finally, 'counsel depositions carry the substantial potential of spawning litigation over collateral issues related to assertion of privilege, scope, and relevancy, that only end up imposing additional pretrial delays and costs on both parties and burdens on the courts to resolve workproduct [sic] and privilege objections.'

Id. (case citations omitted). Under the Bogosian standard, the Court in Bingham ultimately quashed the subpoena seeking deposition testimony from Plaintiff's counsel as the Defendant failed to establish that the discovery sought from Plaintiff's counsel was unobtainable from another source. Id. at *6-7.

The Defendants have entirely failed to satisfy the standard enunciated in Bogosian for the taking of testimony of an opposing counsel, and the limited information they have provided in support of their request only further demonstrates that the Defendants' attempt to depose the Plaintiffs' current and former counsel is an attempt at harassment, than a serious attempt to obtain "crucial" evidence that is not available from any other source. The Defendants want to

6

depose Plaintiffs' current and former counsel regarding "settlements and disputes arising from claimants who treated at Savin or Logan." [Doc. No. 1145 at 3.]  Not only is the evidence which the Defendants seek to obtain not "crucial" to their case, but it is literally available from a myriad of other sources.  For instance, the Plaintiffs' Rule 30(b)(6) representatives could testify to the exact same, non-privileged facts as their counsel with respect to "settlements or disputes" related to Savin or Logan. The Defendants could also obtain this information from the opposing parties in the underlying disputes, which information the Glassman Law Office should already be in possession of as it represented the vast majority of claimants.

If the settlements which are referenced by the  Defendants relate specifically to Count VI (Injunctive Relief) and VII (Declaratory Relief) of the Glassman Law Office's Amended Counterclaims [Doc. No. 633], the information sought by the Defendants is not relevant as none of the Defendants have standing to even assert the claims made in Counts VI or VII since the criminal statutes in question do not provide for a civil remedy. See Morissette v. Superintendent of MCI Cedar Junction, 2014 WL 3896722, at *3 (D. Mass. Aug. 7, 2014)(finding a private individual "has no standing to prosecute the criminal laws of the Commonwealth [of Massachusetts]."); Granier v. Ladd, 2015 WL 5676021 (N.D. Cal. Sept. 28, 2015)(finding that 18 U.S.C. Section 201 does not provide a private right of action); see also McClintic v. United States Postal Service, 2014 WL 12576249, at *1 (E.D. Cal. Jan. 14, 2014)("As to the First Cause of Action, 18 U.S.C. §201, which prohibits public official bribery, graft, and conflicts of interest, is a criminal statute for which there is no private right of action."); Hardin v. Binion, 2008 WL 4525462, at *1 (E.D. Ky. Oct. 1, 2008)(dismissing claim pursuant to 18 U.S.C. sec. 201(b)(1)(2) as plaintiff "lacks standing to assert violations of criminal statutes"); and Allen v. Ashcroft, 2006

WL 1882672, at *11 (S.D. Ill. Jul. 7, 2006)(dismissing claim under 18 U.S.C. §201 with prejudice as "Plaintiff has no standing to bring an action under 18 U.S.C. §201").

Since the testimony of the Plaintiffs' current and former counsel is not "crucial" to the Defendants' case, and the evidence which the Defendants seek is obtainable from other sources, the Defendants cannot meet their burden for conducting the depositions of Attorney Ganem and Attorney Brink, and therefore, the Plaintiffs request that the Court deny the Defendants Joint Motion insofar as they seek to conduct Attorney Ganem and Attorney Brink's depositions.

## V.   CONCLUSION

Based upon the foregoing analysis, the Plaintiffs/Defendants-in-Counterclaims Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company respectfully request that deny the Defendants' (1) Joint Motion to Extend the Discovery Schedule and Enlarge the Number of Depositions; (2) Designation of Proposed Deponents; and (3) Status of the Agreement for Maintaining and Accessing Clinic Records in the Possession of Verdolino and Lowey [Doc. No. 1145], in so far as they seek to modify the Court's discovery schedule, and to depose the Plaintiffs' Attorneys Glenda Ganem and David Brink. The Plaintiffs also request that the Court require the Defendants to identify those depositions which they intend to take as of right under Fed. R. Civ. P. 30(a)(1). The Plaintiffs request any further relief that the Court deems just and appropriate.

Respectfully submitted,
By the Plaintiffs,
Metropolitan Property and Casualty
Insurance Company, and
The Commerce Insurance Company,
By their attorneys,

/s/ Nicholas J. Pompeo
Glenda H. Ganem
BBO No. 564374
gganem@mhg-pc.com
Peter R. Houston
phouston@mhg-pc.com
BBO No. 681915
Nicholas J. Pompeo
npompeo@mhg-pc.com
BBO No. 682361
McGovern, Houston & Ganem, P.C.
21 Merchants Row, 4th Floor
Boston, MA 02109
(617) 723-1444

Dated: February 28, 2019

## CERTIFICATE OF SERVICE

I, Nicholas J. Pompeo, Esq., attorney for the Plaintiffs, Metropolitan Property and Casualty Insurance Company and The Commerce Insurance Company, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and/or served in compliance with the Fed.R.Civ.P.

/s/ Nicholas J. Pompeo
Nicholas J. Pompeo, Esq.

Dated: February 28, 2019