UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 15-12939-LTS |
| SAVIN HILL FAMILY CHIROPRACTIC, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION FOR RECONSIDERATION
[Docket No. 907]

March 15, 2019

On November 28, 2018, this Court issued an order granting in part and denying in part defendants Jeffrey S. Glassman and the Law Offices of Jeffrey S. Glassman, LLC's (collectively, the "Law Firm Defendants") motion to compel certain discovery from plaintiffs Metropolitan Property and Casualty Insurance Company ("Metropolitan") and The Commerce Insurance Company ("Commerce").  Docket No. 891.  Among other things, this Court found that there was no implied waiver of the attorney work product doctrine with respect to certain Special Investigation Unit ("SIU") materials.  Id. at 7-9.  The Law Firm Defendants seek reconsideration of that portion of the November 28, 2018 order.[1]

---

[1] The Law Firm Defendants also request that the Court find that the Plaintiffs have failed to prove that the joint defense privilege applies to certain communications with other insurance carriers.  Docket No. 907 at 3-4.  The Law Firm Defendants' motion to compel did not challenge the assertion of such a privilege, the parties have never briefed the issue, and this Court did not

1

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs have brought this action against two chiropractic entities, their present and former principals, certain of their employees and various related entities and individuals. The Plaintiffs claim that the Defendants engaged in a fraudulent scheme to obtain insurance benefits from the Plaintiffs by billing for chiropractic treatment that was "unreasonable and unnecessary, that [was] wrongfully and grossly exaggerated, not rendered in some cases, rendered by unlicensed personnel, rendered to non-injured body areas, as well as for magnified and fabricated symptoms and injuries," and by "filing, pursuing and prosecuting insurance claims based on such treatment and bills." Second Amended Complaint ("SAC") ¶¶ 1-2, 4, 5. The Plaintiffs claim that the Law Firm Defendants participated in the alleged scheme by, among other things, unlawfully recruiting and soliciting patients insured by the Plaintiffs; referring patients to the chiropractic entities for treatment; and knowingly submitting and prosecuting false and inflated claims for insurance benefits using false chiropractic records. SAC ¶ 5.

Prior to the filing of this case, in or around October of 2012, Commerce, and in or around January of 2013, Metropolitan initiated a major case review involving defendant Savin Hill Family Chiropractic, Inc. ("Savin Hill"). Affidavit of Matthew L. Tittemore (Docket No. 13-1) ("Tittemore Aff.") at ¶ 2; Docket No. 754-2 at 14. In or around April 2013, Metropolitan expanded its major case review to involve defendant Logan Chiropractic, Inc. ("Logan"). Tittemore Aff. at ¶ 3. A major case investigation was initiated in January of 2014 based on alleged indications of fraudulent conduct revealed through SIU investigations concerning individual Savin Hill and Logan patients presenting claims against Metropolitan. Id. at ¶ 4.

---

make any rulings regarding the applicability of the joint defense privilege. See Docket No. 891 at 6, n. 3. As such, there is nothing for the Court to reconsider in that regard.

Among other things, Metropolitan and Commerce compiled and reviewed SIU investigation reports on individual claims involving Savin Hill and Logan; conferred with Michael Frustaci and Rick C. Cuomo, who reviewed chiropractic and physical therapy records, notes and bills, as well as individual patient files, in order to identify and confirm patterns of allegedly fraudulent conduct.  Id. at ¶ 5; Docket No. 754-2 at 14-15.  Metropolitan and Commerce maintain that while SIU investigations of individual claim files revealed indications of fraudulent conduct by the defendants, the scope and breadth of the defendants' fraudulent scheme remained undetectable in individual files.  Docket No. 754-2 at 15.

Early in the case, on July 13, 2015, Metropolitan filed the Affidavit of Matthew Tittemore in support of its motions for attachments.  Docket No. 13-1.  Tittemore, who is a Senior Special Investigator assigned to Metropolitan's SIU, described in detail Metropolitan's pre-suit investigation and reported its results and conclusions.  See id.  At least in part on the basis of that affidavit, Judge Sorokin granted the motions for attachments as to defendants Richard McGovern, Brandy Soto, and Heger Asenjo.  Docket No. 66.[2]

In the course of discovery, the Law Firm Defendants requested claim documents regarding the insurance claims at issue in this case, including claim files, claim adjuster notes, and SIU investigation files, notes, and reports.  Docket No. 754-1 at 6-8, 26-27.  The Plaintiffs withheld SIU claim notes and confidential memoranda prepared by SIU investigators on the grounds that they were protected by the work product doctrine.  See Docket No. 768 at 18.  The Law Firm Defendants filed a motion to compel those files, arguing that they were not work product or, in the alternative, that any work product protection had been waived.  Docket No.

---

[2] In February 2019, Judge Sorokin vacated the attachments.  See Docket No. 1116, Docket No. 1123.

752; Docket No. 753 at 10-15.  They also argued that they were entitled to discovery of the SIU materials under Rule 26(b)(3) of the Federal Rules of Civil Procedure because they had a substantial need for the materials and could not obtain the information by other means.  Id. at 14-15.

After in camera review of representative files, this Court found that SIU materials were protected by the work product doctrine.  Docket No. 891 at 4-6.  This Court also rejected the Law Firm's argument that the Plaintiffs had waived work product protection by placing the involvement of the SIU at issue in this action.  Id. at 7-9.  Finally, this Court found that the Law Firm had not shown substantial need to warrant discovery of the materials pursuant to Rule 26(b)(3).  Id. at 9-10.

On December 3, 2018, the Law Firm Defendants filed the instant motion for reconsideration.  Docket No. 907.  The Law Firm Defendants seek reconsideration of that portion of the Court's order finding that the Plaintiffs had not waived work product protections.  Id. at 2.  Plaintiffs filed an opposition on December 17, 2018.  Docket No. 948.  On December 19, 2018, the Law Firm Defendants filed a reply.  Docket No. 955.  The Court heard oral argument on February 20, 2019.

II.     ANALYSIS

In this case, the Plaintiffs' claims are largely based on the results of their pre-suit investigations.  See Amended Complaint at ¶¶ 335-337, 557-559; Docket No. 754-2 at 14-16.  The investigations were relied on in the complaint and in the Tittemore Affidavit, which Metropolitan submitted in order to obtain an attachment against some of the defendants in this case.  The Law Firm Defendants argue that Metropolitan's reliance on the Tittemore testimony and opinions constitute a waiver of the work product protection over the information that he

relied upon and summarized, and about which he provided his opinions and conclusions in the context of Metropolitan seeking affirmative relief.  Docket No. 907 at 2.

An implied waiver occurs when the party asserting the privilege places protected information at issue for personal benefit through some affirmative act, and to protect against disclosure of that information would be unfair to the opposing party.  In re Keeper of the Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 24 (1st Cir. 2003).  Generally, courts use a three-factor test in determining whether an at-issue waiver has occurred: (1) whether the proponent of the privilege took some affirmative step such as filing a pleading; (2) whether the affirmative act put the privileged information at issue by making it relevant to the case; and (3) whether upholding the privilege would deny the opposing party access to information vital to its case.  Bacchi v. Massachusetts Mut. Life Ins. Co., 110 F. Supp. 3d 270, 276 (D. Mass. 2015) (citations omitted).  This and other courts have also required that the privileged information be not only relevant, but also actually relied upon by the privilege holder to support a claim or defense in the case.  See Trustees of Boston Univ. v. Everlight Electronics Co., Ltd., No. 12-cv-11935, 2014 WL 5786532, at *4-5 (D. Mass. Sept. 24, 2014) aff'd in relevant part and rev'd in part, 2015 WL 3407555 (D. Mass. May 27, 2015).

In Massachusetts Mut. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 293 F.R.D. 244 (D. Mass. 2013), Judge Collings discussed the law regarding implied waivers of privilege when a party conducts a pre-suit investigation and relies on the results of that investigation in framing the allegations in the complaint.  He observed that fairness is a major theme addressed in those cases and that courts have generally found a waiver of privilege when the claims and defenses are so "enmeshed" in the pre-suit investigation materials that it would be unfair to withhold the material from the defending party.  Id. at 248-249.

5

Because the plaintiff in that case did not intend to use the pre-suit forensic review itself as evidence at trial, Judge Collings found no waiver. Id. at 253.  He opined that such a result made sense because it enabled counsel, without fear of waiving privilege, to (1) do that pre-filing work which is necessary to comply with the duty set forth in Rule 11(b)(3) of the Federal Rules of Civil Procedure that "factual contentions have evidentiary support," and (2) undertake whatever investigation is necessary so that the complaint complies with the "plausibility" requirement set forth in the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009).  This Court agrees with Judge Collings' reasoning.

Metropolitan has already used affirmatively its pre-suit investigation activities in support of its claims in this case.  In his affidavit in support of Metropolitan's motions for attachments, Tittemore testified about his review of SIU reports and interview of witnesses, which led him to offer opinions about the defendants' allegedly fraudulent activities and the damages that Metropolitan suffered as a result.  The description of the investigation covers four pages.  This Court presumes that Metropolitan strategically elected to share such details about its investigation.  Its reference to the investigation, including the review of SIU investigation reports, bolstered Metropolitan's arguments regarding its likelihood of success on the merits. Indeed, although they were ultimately vacated, Metropolitan obtained attachments against several defendants on the basis of that evidence.  Under such circumstances, full disclosure of Metropolitan's SIU reports and memoranda is only fair.

In addition, in defending against the defendants' arguments that their claims are barred by the applicable statute of limitations, the Plaintiffs have put both investigations at issue.  The Plaintiffs contend that equitable tolling applies because the fraud was undetectable.  See Docket No. 498 at 56.  Specifically, they allege that "[a]lthough Metropolitan and Commerce's SIU

6

investigations of individual Savin Hill and Logan Chiro patients' claims revealed indications of the Defendants' fraudulent conduct, the scope and breadth of the Defendants' entire fraudulent scheme, including their fraudulent treatment practices and billing protocols remained undetectable in the individual claim investigations." Docket No. 754-2 at 15.  Therefore, the Plaintiffs have put at issue whether and when they knew or should have discovered the alleged fraud.  Under the circumstances, application of work product protection to the SIU materials would deny the Law Firm Defendants information vital to its statute of limitations defense.  Accordingly, upon further reflection, this Court finds that its prior decision was incorrect and the Plaintiffs have waived work product as to SIU notes and memoranda.

III.    ORDER

For the foregoing reasons, this Court grants in part the Law Firm Defendants' motion for reconsideration.  The Plaintiffs shall supplement their productions consistent with this opinion within two weeks.

　　　　　　　　　　　　　　　　　　　　 /s/ Jennifer C. Boal           
　　　　　　　　　　　　　　　　　　　　JENNIFER C. BOAL
　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE