UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                        )
METROPOLITAN PROPERTY AND                               )
CASUALTY INSURANCE                                      )
COMPANY, et al.,                                        )
                                                        )
        Plaintiffs,                                     )
                                                        )
                v.                                      )        Civil Action No. 15-12939-LTS
                                                        )
SAVIN HILL FAMILY                                       )
CHIROPRACTIC, INC., et al.,                             )
                                                        )
        Defendants.                                     )
_____)


ORDER ON LAW OFFICES OF JEFFREY S. GLASSMAN, LLC'S MOTION
TO RESOLVE CLAIM OF PRIVILEGE BY INSURANCE FRAUD BUREAU AND
PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING
ATTORNEY-CLIENT PRIVILEGED AND WORK PRODUCT PROTECTED
DOCUMENTS DISCLOSED TO THE NATIONAL INSURANCE CRIME BUREAU
[Docket Nos. 985, 1132]

March 15, 2019

        Pursuant to a subpoena served by defendant Law Offices of Jeffrey S. Glassman (the

"Law Firm"), third parties Insurance Fraud Bureau ("IFB") and the National Insurance Crime

Bureau ("NICB") produced documents to the Law Firm.  The Plaintiffs claim that IFB and the

NICB inadvertently produced certain privileged documents.  The Law Firm has filed a motion

seeking a finding that any privilege has been waived.  Docket No. 985.  The Plaintiffs have filed

a motion for a protective order requiring the Law Firm to return and/or destroy all attorney-client

privileged and work product protected documents received from the NICB.  Docket No. 1132.

The Court heard oral argument on February 20, 2019.  For the following reasons, this Court

grants the Law Firm's motion and denies the Plaintiffs' motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

        A.      The Subpoena To IFB

        On or around November 30, 2018, the Law Firm served a subpoena on IFB seeking

documents regarding the IFB's investigation of insurance claims by patients of Logan

Chiropractic Inc. ("Logan") and Savin Hill Family Chiropractic, Inc. ("Savin Hill").  See Docket

No. 1033-1.  In response to the subpoena, the IFB stated that:

> . . . the records produced by the IFB in active investigations are an integral
> part of the criminal investigatory process and are disclosed only for law
> enforcement purposes.  The IFB is required to maintain the confidentiality
> of its records, including state agency data and insurance company
> documents, and to disclose such information only to prosecuting authorities,
> in order to avoid prejudice to effective law enforcement and interference
> with pending prosecutions.  In response to compulsory process, the IFB may
> disclose documents and information, not otherwise confidential or
> privileged, obtained in investigations which are no longer pending because
> the initial report was declined for investigation, the investigative file was
> closed without referral for prosecution, or the criminal prosecution has been
> concluded.

Docket No. 1033-5 at 3.  Consistent with that letter, presumably, IFB then produced documents

responsive to the subpoena.  See Docket No. 985 at 2.  Among the documents produced by IFB

was a legal opinion letter that outside counsel provided to the Plaintiffs.  Id.; see also Docket No.

955-1.

        Plaintiffs state that they first discovered that the opinion letter and other similar

documents over which the Plaintiffs claimed attorney-client privilege and/or work product

protection were produced to the Law Firm on December 19, 2018.  Docket No. 1033 at 2.  The

Plaintiffs maintain that these documents were produced to the IFB pursuant to their statutory

duty to report suspected instances of insurance fraud.  Id. at 2, 5.  The IFB, in turn, produced

them to the Law Firm in response to the subpoena.

On December 20, 2018, Plaintiffs' counsel sent a letter to the Law Firm's counsel regarding their claim of privilege over these materials and requesting that the Law Firm return them pursuant to the claw-back procedures set forth in the Amended Protective Order entered in this case.  Docket No. 1033-2.  On December 21, 2018, the IFB's General Counsel sent a letter to the Law Firm stating, among other things, that they had been informed by the Plaintiffs that the IFB's production of documents included documents that may be protected by the attorney-client privilege and/or work product protection; that such materials had been provided to and held by the IFB in accordance with St. 1996, c. 427, Section 13, which requires Massachusetts insurance companies to report suspected fraudulent insurance transactions for investigation; and that production of such materials was inadvertent.  Docket No. 1033-4.  The IFB letter stated that production of any privileged material was erroneous and inadvertent.  Id.  The IFB also requested that the Law Firm maintain the IFB production in a "secure location and do not use, disclose, or distribute the materials, pending further review and resolution of the privilege issues."  Id.

On January 7, 2019, the Law Firm filed the instant motion seeking an order from the Court that any claims of privilege were waived when the Plaintiffs chose to submit legal opinion letters to the IFB.  Docket No. 985.  Because the IFB has indicated that some of the documents it received from the Plaintiffs were destroyed because of age, the Law Firm also seeks an order compelling the Plaintiffs to produce all legal opinions that were provided to the IFB.  Id. at 5-6.

The Plaintiffs filed an opposition to the motion on January 15, 2019.  Docket No. 1033.  The Plaintiffs request that this Court deny the Law Firm's motion and order the Law Firm to return and/or destroy all attorney-client privileged and/or work product protected materials received pursuant to the subpoena to the IFB.  Id. at 2.  They also request that this Court order

the Law Firm and its counsel to show cause why they have refused to follow the provisions of

the Amended Protective Order in this case and to describe the extent of their review of

inadvertently disclosed materials.  Id.  The IFB did not file any pleadings in connection with the

motion, nor did it appear at the hearing.

        B.      <u>The Subpoena To NICB</u>

        The Law Firm served a subpoena on NICB on or about December 19, 2018.  <u>See</u> Docket

No. 1001 at 2.  As of January 7, 2019, NICB had not yet produced responsive documents so the

Law Firm filed a motion to compel.  Docket No. 1000.  On January 15, 2019, the Law Firm

withdrew the motion to compel after it received a response from NICB.  Docket No. 1036.

        On January 15, 2019, the Plaintiffs learned that NICB had produced records in response

to the Law Firm's subpoena.  Docket No. 1133 at 3.  The Plaintiffs reviewed the records

produced by NICB and determined that NICB had produced records that Metropolitan Property

and Casualty Insurance Company ("Metropolitan") maintains are protected by the attorney-client

privilege and/or work product doctrine.  <u>See</u> <u>id.</u>  According to Metropolitan, the records at issue

are Special Investigation Unit ("SIU") reports, which contain the work product of SIU

investigators as well as summary of attorney opinions contained within the SIU reports.  Id.

        On January 21, 2019, the NICB sent a letter to the Law Firm stating that the documents

produced by it in response to the subpoena included documents that may be protected from

disclosure as attorney-client privilege, work product, or otherwise confidential information.

Docket No. 1133-3.[1]  The NICB further stated that it was unable to specify which documents

were subject to Metropolitan's claims of privilege and requested that the Law Firm maintain

---

[1] This letter appears similar to, if not virtually identical, to the December 21, 2018 letter from
IFB referenced above.

NICB's produced documents in a secure location and not use, disclose, or distribute the materials, pending further review and resolution of the privilege issues.  Id.

On January 22, 2019, the Plaintiffs sent a letter to the Law Firm requesting that it agree to comply with the provisions of the Amended Protective Order and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.  Docket No. 1133-2.  On February 11, 2019, the Plaintiffs filed their motion for a protective order seeking return of the privileged documents that NICB had produced to the Law Firm.  Docket No. 1132.  The Law Firm filed an opposition on February 20, 2019.  Docket No. 1158.  The NICB did not file any pleadings in connection with this motion nor did it appear at oral argument.

## II.   ANALYSIS

### A.   Disclosure Of Attorney-Client Privileged Communications To The NICB And The IFB Waived The Attorney-Client Privilege

The Law Firm argues that, by disclosing attorney-client privileged documents to the IFB and the NICB, the Plaintiffs waived the attorney-client privilege as to those documents.  Docket No. 985 at 2-3.  This Court agrees.

Generally, deliberate disclosure of a privileged communication, where no privilege protects such disclosure, waives the privilege.  United States v. Rakes, 136 F.3d 1, 5 (1st Cir. 1998) (citing United States v. MIT, 129 F.3d 681, 684-685 (1st Cir. 1997)).  In United States v. MIT, 129 F.3d 681, the First Circuit rejected a "selective waiver" theory, whereby a party's disclosure to a government agency is not treated as a waiver of the privilege as to parties other than the government agency.  MIT, 129 F.3d at 684-685.

The Plaintiffs argue that the First Circuit's decision is distinguishable from this case. First, they argue that unlike MIT, the Plaintiffs were under a statutory mandate to disclose their claim files, which included attorney-client privileged materials, to the IFB and the NICB and

thus, the disclosure of the attorney-client privileged materials was not "voluntary." Docket No. 1033 at 6; Docket No. 1133 at 2, 4. This Court disagrees.

"The [IFB] is not a State agency but a private entity . . . authorized by special act [of the Legislature] to combat insurance fraud in the workers' compensation and automobile insurance systems by investigating charges of such fraud and referring suspected violations for criminal prosecution." Maxwell v. AIG Domestic Claims, Inc., 460 Mass. 91, 102 (2011) (citation omitted). As an investigatory entity, the IFB has special access to various confidential records and is authorized to request testimony and the production of documents. In re Grand Jury Proceedings, 158 F. Supp. 2d 96, 98-99 (D. Mass. 2001). Failure to provide the IFB with requested information can result in the involvement of the Massachusetts Attorney General. Id. at 99.

"[A]ny insurer . . . having reason to believe that an insurance transaction may be fraudulent . . . shall within thirty days after determination that the transaction may be fraudulent [report the transaction] to [the IFB]." Maxwell, 460 Mass. at 102 (quoting St. 1996, c. 427, § 13). The report shall be "on a form prescribed by the executive director" and include "the information requested by the form and such additional information relative to the transaction and the parties involved as the executive director may require." St. 1996, c. 427, § 13(e).

According to Plaintiffs, the NICB "acts as a portal through which an insurer may satisfy its obligations under the [IFB] enabling statute . . ." Docket No. 1133 at 2. See also Docket No. 1133 at 6 ("In Massachusetts, an insurer can satisfy its statutorily obligated reporting requirement pursuant to the IFB enabling statute by reporting the suspected fraudulent insurance claim to the NICB.").

According to a "form" letter that the Plaintiffs have submitted is typical of ones issued by

the IFB, the IFB requested that the Plaintiffs provide "a certified copy of the insurance company

claim file" at issue.  Docket No. 1133 at 9; Docket No. 1133-7 at 2.  The IFB also stated that:

> **In order to avoid the inconvenience of the IFB requesting further information at a later date, please note the following which will help you provide a <u>complete</u> certified copy at this time**:
>> Based on our experience with requirements of the courts, common omissions to this request include the following: color copies of photographs; **<u>the signed application</u>**; adjuster and special investigative unit running notes; all payment screens, copies of the front and back of checks issued on the claim; recorded statement and tapes; and Examination Under Oath transcripts.  *Including these documents will not only speed up the case investigation process but it will eliminate the need for follow-up requests to you.*
>>
>> Additionally, you are also requested to include all other documents which relate to the claim file referenced above.  If an automobile claim, the request for documents includes all files and subfiles created by the insurer; all policy information; underwriting and application information; coverage confirmation or declination; and all other recorded media.

Docket No. 1033-7 at 2-3 (emphasis in original).

Nothing in the relevant statute or the IFB's correspondence to the Plaintiffs establishes

that, in order to comply with their reporting obligations (1) the Plaintiffs were required to turn

over their legal opinions or to disclose their otherwise privileged material to the IFB; (2) that a

complete file necessarily included legal opinions; or (3) that Plaintiffs had to place their legal

opinions in the file.  Accordingly, the Plaintiffs' decision to produce those legal opinions to the

IFB and the NICB was voluntary and a waiver of the privilege occurred as a result.

The Plaintiffs also argue that there was no waiver because the IFB agreed to keep this

information confidential and the disclosure to the Law Firm was inadvertent.  Docket No. 1033

at 9.  A confidentiality agreement is not sufficient to avoid a waiver of the privilege.  <u>In re Initial</u>

<u>Public Offering Sec. Litig.</u>, 249 F.R.D. 457, 466 (S.D.N.Y. 2008).  Indeed, the IFB

acknowledged that it may be compelled to produce documents pursuant to legal process under

certain circumstances.  See Docket No. 1033-5 at 3.  In addition, the Law Firm does not argue

that a waiver occurred when the IFB produced the documents to it; rather, the waiver occurred

when the Plaintiffs provided the documents to the IFB.  See Docket No. 985 at 4-5.

 Finally, the Plaintiffs argue that the "common interest" doctrine protects the documents

from disclosure.  Docket No. 1033 at 10.  The "common interest" doctrine is not a privilege itself

but "an exception to the general rule that the attorney-client privilege is waived when privileged

information is disclosed to a third party."  Cavallaro v. United States, 284 F.3d 236, 250 (1st Cir.

2002)).  In order for the common-interest exception to apply, "the party asserting the privilege

must show that (1) the communications were made in the course of a joint defense effort, (2) the

statements were designed to further the effort, and (3) the privilege has not been waived."  Ken's

Foods, Inc. v. Ken's Steak House, Inc., 213 F.R.D. 89, 93 (D. Mass. 2002) (citing United States

v. Bay State Ambulance and Hosp. Rental Serv. Inc., 874 F.2d 20, 28 (1st Cir. 1989)). The

subject communications must have been made in confidence.  Id.  While a written agreement is

not a prerequisite for invoking the common-interest doctrine, parties seeking to invoke the

exception must establish that they agreed to engage in a joint effort and to keep the shared

information confidential from outsiders.  Id.  (collecting cases).

 There is no evidence that the IFB and/or the NICB and the Plaintiffs agreed to enter into

a joint effort to investigate fraud on claims related to Savin Hill and Logan.  Rather, the Plaintiffs

reported potential fraud to the IFB and/or the NICB, as they were required to do, and the IFB

requested information in order to conduct that investigation.  "[A] shared desire to see the same

outcome in a legal matter is insufficient to bring a communication between two parties within

[the common interest] exception."  In re Pacific Pictures Corp., 679 F.3d 1121, 1129 (9th Cir.

2012).  Therefore, the Plaintiffs have not established that the common interest doctrine applies to the circumstances of this case.

Accordingly, this Court finds that the attorney-client privilege has been waived as to any attorney-client privileged communications that the Plaintiffs disclosed to the IFB or the NICB. Within two weeks of the date of this order, the Plaintiffs shall supplement their production of documents to produce any privileged communications provided to the IFB or the NICB responsive to the subpoenas to IFB and NICB.

B.    Work Product

It appears that the Plaintiffs also produced work product materials to the IFB and the NICB.  Docket No. 1133 at 1-2, 5.  While disclosure of work product to others may constitute a waiver, work product protection is not as easily waived as the attorney-client privilege.  MIT, 129 F.3d at 687.  "[W]ork product protection is provided against 'adversaries,' so only disclosing material in a way inconsistent with keeping it from an adversary waives work product protection."  Id.  Neither the IFB nor the NICB are adversaries to the Plaintiffs and they are required to maintain the confidentiality of records provided to them.  Therefore, the Plaintiffs' disclosure of work product materials to the IFB and/or the NICB is not inconsistent with keeping it from an adversary and there has been no waiver of work product by disclosing work product materials to the IFB and the NICB.

Nevertheless, this Court recently found that the Plaintiffs have placed their SIU materials at issue in the litigation and, therefore, that an at-issue waiver has occurred.  See Docket No. 1205.  Accordingly, any SIU notes and materials in the possession of the IFB and the NICB are also discoverable.

III.     ORDER

For the foregoing reasons, this Court grants the Law Firm's motion for a finding that the

Plaintiffs waived attorney-client privilege when they produced attorney-client privileged

materials to the IFB and the NICB.  The IFB and the NICB, to the extent that they are

withholding any documents based on the Plaintiffs' claims of attorney-client privilege or work

product protection, must produce documents responsive to the subpoenas consistent with this

order within two weeks.  The Court denies the Plaintiffs' motion for a protective order.  Within

two weeks, the Plaintiffs shall supplement their production of documents to include all privileged

materials that were previously produced to the IFB and the NICB and that are responsive to the

subpoenas.

　　　　　　　　　　　　　　　　　　　 /s/ Jennifer C. Boal
　　　　　　　　　　　　　　　　　　　JENNIFER C. BOAL
　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE