UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY and THE COMMERCE INSURANCE COMPANY, <br>    Plaintiffs, <br><br> v. <br><br> SAVIN HILL FAMILY CHIROPRACTIC, INC., et al., <br>    Defendants. | C.A. No. 1:15-CV-12939-LTS |

## BRIEF IN SUPPORT OF NON-PARTY SMITH & BRINK, P.C.'S MOTION TO ENFORCE THIS COURT'S MARCH 7, 2019 ORDER (DOCKET NUMBER 1183)

David O. Brink, BBO #547370
*Dbrink@smithbrink.com*
Smith & Brink, P.C.
350 Granite Street, Suite 2303
Braintree, MA 02184
Phone 617-770-2214
Fax 617-774-1714
Attorney for non-party Smith & Brink, P.C.

Dated: March 19, 2019

NOW COMES third-party subpoena recipient, Smith & Brink, P.C. (hereinafter "Smith & Brink"), in the above-captioned action and hereby respectfully requests that this Honorable Court enforce its March 7, 2019 Order filed at docket number 1183 ("Order") in the above-referenced case regarding Smith & Brink's response to a subpoena to produce documents.

Smith & Brink was served with a subpoena dated May 14, 2018 ("Subpoena") from defendant Law Offices of Jeffrey S. Glassman, LLC ("Law Firm") that requested, among other things, all documents between Smith & Brink and doctors Rick Cuomo ("Cuomo") and Michael Frustaci ("Frustaci") that predate July 13, 2015 and are regarding patient(s) who treated at Logan Chiropractic, Inc. and/or Savin Hill Family Chiropractic, Inc.  Smith & Brink contested the extremely broad scope of the Subpoena served on it (a non-party to this action) and the Law Firm agreed to withdraw several of its overbroad requests for documents and to limit others.  Smith & Brink and the Law Firm continued to dispute the scope of certain of the Law Firm's remaining subpoenaed document requests, which resulted in Smith & Brink's Motion for Protective Order and to Quash the Law Firm's Subpoena (*see* Docket No. 976) alleging that the production of these documents would invade the attorney-client privilege as well as be prohibitively expensive and time-consuming for Smith & Brink, a non-party to this action. The Court granted in part Smith & Brink's motion and quashed much of the Law Firm's subpoena and limited the rest solely to the Law Firm's "modified requests numbers 2 and 3" as follows:

> [T]his Court finds that the Defendant Law Offices of Jeffrey S. Glassman, LLC's (the "Law Firm") modified requests numbers 2 and 3 seek relevant and discoverable information and orders Smith & Brink to produce documents responsive to only those two requests.  Because Smith & Brink is a non-party to this action, within one week, the Law Firm shall identify the "900 + cases" to which it refers in those request**s**.

*See* Order (emphasis added).  It is clear from the unambiguous language of the Court's Order that Smith & Brink's response to the subpoena is limited to "modified requests 2 and 3" and that "those

requests" are limited to the "900+ cases" to be identified by the Law Firm. Smith & Brink has been diligently searching for the documents sought by "modified requests 2 and 3" related to the "900+ cases," and will respond to the same by the deadline set by the Court. However, the Law Firm has now taken the position that in fact the Court expanded request number 3 and that Smith & Brink must produce documents concerning payment and terms of agreement with Frustaci and Cuomo irrespective of whether the underlying case was on the list of "900+ cases" identified by the Law Firm and irrespective of whether the underlying case involved Commerce Insurance Company ("Commerce") and/or Metropolitan Property and Casualty Insurance Company ("Metropolitan") (i.e., the plaintiffs in the instant case) or some other client of Smith & Brink that has no interest or involvement at all in this case.

The Law Firm's position runs headlong into no less than the Court's Order, which expressly acknowledged that Smith & Brink is a "non-party to this action" and which explicitly stated that "those requests" (plural) to which Smith & Brink must respond are limited by the "900+ cases" to be identified by the Law Firm. The Court's Order directly references both "modified requests numbers 2 and 3" and unequivocally states that the Law Firm must identify the cases to which the "requests" (plural) refer, confirming that "modified requests 2 and 3" pertain <u>only</u> to the "900+ cases" identified by the Law Firm and not to anything outside of that scope. Smith & Brink has attempted to confer in good faith with counsel for the Law Firm regarding this matter, but the Law Firm continues to ignore the express limits imposed by the Court and the unambiguous language of the Order, thereby constraining Smith & Brink to file the within motion.

The Law Firm's position that modified request number 3 can be expanded beyond the "900+ cases" is untenable especially as the Law Firm concedes that modified request number 2 is so limited to the "900+ cases." Indeed, both the "modified requests 2 and 3" should be limited to

instances where patients treated at Logan Chiropractic, Inc. and/or Savin Hill Family Chiropractic, Inc. as identified in the "900+ cases." To ask Smith & Brink to produce any documents which do not involve the defendant clinics in the instant case is both extraneous and irrelevant. Moreover, the original requests contained in the Subpoena were clearly intended for the explicit purpose of obtaining documents relating only to patients who treated at Logan Chiropractic, Inc. and/or Savin Hill Family Chiropractic, Inc. The Law Firm's attempt now to expand modified request number 3 beyond the "900+ cases" and beyond the only clinics at issue in this case (i.e., Logan Chiropractic, Inc. and Savin Hill Family Chiropractic, Inc.) is a clear attempt to endrun the Court's Order and to complicate matters and transform the Subpoena's scope to be far murkier in order to cause Smith & Brink to produce unnecessary documents at unreasonable time and expense. "Modified requests 2 and 3" cannot be read as expanding the scope of the original Subpoena and should be limited only to patients who treated at Logan Chiropractic, Inc. and/or Savin Hill Family Chiropractic, Inc. and are contained within the "900+ cases" identified by the Law Firm.

In the event the Court does not confirm that its Order applies only to the "900+ cases" expressly cited in that Order, Smith & Brink respectfully asks the Court to clarify that modified request number 3 seeking documents concerning payment to and terms of engagement with Frustaci and Cuomo is limited to only cases involving the plaintiffs, Commerce and Metropolitan. Indeed, any other interpretation of modified request number 3 would actually <u>expand</u> that request from the original Subpoena served by the Law Firm in May 2018 and which both the Law Firm and the Court agreed was overbroad and had to be restrained. As stated in the original Subpoena, the only documents being requested concerning Frustaci and Cuomo were those "regarding any treatment of any patient(s) at Logan Chiropractic, Inc. and/or Savin Hill Family Chiropractic, Inc." *See* Docket No. 977, Ex. A. This language is clear on its face as requesting <u>only</u> documents

4

regarding patients who treated at Logan Chiropractic, Inc. and/or Savin Hill Family Chiropractic, Inc., but the Law Firm now refuses to abide by its own chosen language in this request for documents and instead seeks to greatly expand this request even after the Court's Order. It would be incongruous with the Court's express acknowledgement that Smith & Brink is a "non-party to this action," and with the Court's ruling that it is quashing the Law Firm's subpoena except for two modified and tightened requests, to now allow the Law Firm to expand one of those two surviving requests to clients of Smith & Brink that are not parties to or have any involvement in this case. As a practical matter, such an expansion would have the effect of these other clients potentially filing their own objections, motions to quash, and/or motions for protective orders, thereby adding significant non-party motion practice in a case already bursting with an extraordinary amount of motion practice just between the actual parties to the case.

As such, Smith & Brink first requests that the Court's Order as issued be respected by the Law Firm and that modified request number 3 be limited to the "900+ cases" identified by the Law Firm which involve the treatment of patients at Logan Chiropractic, Inc. and/or Savin Hill Family Chiropractic, Inc. Alternatively, Smith & Brink requests that modified request number 3 be limited to only cases involving the plaintiffs (Commerce and Metropolitan) and not any other client of Smith & Brink, as said documents (if they exist) would be irrelevant to the instant case and would result in tremendous expense for Smith & Brink and its other clients.

Smith & Brink assures the Court that it is not seeking to delay its compliance with the Court's Order. To the contrary, Smith & Brink is presently preparing its response to the Law Firm's modified requests numbers 2 and 3 in accordance with the Court's Order and is not seeking an extension of the Court's deadline. But Smith & Brink cannot comply with a moving target, which is what the Law Firm keeps demanding by its nonstop reworking of its Subpoena even now

5

after the Court already issued its ruling expressly limiting the Subpoena.  It is obvious from a cursory review of the docket in this matter that the parties have been involved in particularly acrimonious litigation for several years.  Indeed, the Court (Sorkin, J.) noted on October 12, 2018 that:

> This case has consumed tremendous judicial resources as well as substantial resources of the parties.  The amount of resources consumed has been, to date, disproportionate to the nature of the dispute, and arises from the manner in which all counsel have been conducting the litigation.

*See Docket No. 822, p. 2.*  The Law Firm now seeks to drag Smith & Brink into this morass, even though Smith & Brink is not a party to this action, does not represent any of the parties in this litigation, and is merely trying to comply with the Order actually issued by the Court so that it can remove itself from this case and allow the actual parties to proceed to trial.  Smith & Brink respectfully requests that the Court order the Law Firm to abide by the Court's March 7, 2019 Order and to act in good faith going forward relative to non-party Smith & Brink.

**WHEREFORE**, for the above-stated reasons, Smith & Brink respectfully requests that the Court's March 7, 2019 Order as issued be enforced and respected by the Law Firm and that modified request number 3 be limited to the "900+ cases" identified by the Law Firm which involve the treatment of patients at Logan Chiropractic, Inc. and/or Savin Hill Family Chiropractic, Inc.  Alternatively, Smith & Brink requests that modified request number 3 be limited to only cases involving the plaintiffs (Commerce and Metropolitan) and not any other client of Smith & Brink.

        Respectfully Submitted,

        SMITH & BRINK, PC
        By its Attorney,

        */s/ David O. Brink*
        _____
        David O. Brink, BBO #547370
        *Dbrink@smithbrink.com*
        Smith & Brink, P.C.
        350 Granite Street, Suite 2303
        Braintree, MA 02184
        Phone 617-770-2214
        Fax 617-774-1714

Dated: March 19, 2019