UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY and THE COMMERCE INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 15-12939-LTS |
| SAVIN HILL FAMILY CHIROPRACTIC, INC. et al., | ) ) ) | |
| Defendants. | ) ) ) | |

ORDER ON MOTION FOR EXTENSION OF TIME (DOC. NO. 1199)

March 28, 2019

SOROKIN, D.J. and BOAL, M.J.

On January 30, 2019, Magistrate Judge Boal issued an order requiring Plaintiffs

Metropolitan Property and Casualty Insurance Company ("Metropolitan") and the Commerce

Insurance Company ("Commerce") to produce certain documents regarding First Boston Billing.

Doc. No. 1092 at 2. The Order allotted Plaintiffs until February 15, 2019 to produce the

documents. Id. at 3. Alternatively, if Plaintiffs had, in fact, already produced the documents, the

Order permitted Plaintiffs to file sworn certifications so attesting. Id. at 2. Neither Plaintiff filed

such a certification. Subsequently, upon request of both Plaintiffs, Doc. No. 1138, Judge Boal

extended the disclosure deadline to February 25, 2019, Doc. No. 1139. Plaintiff Commerce

complied. Plaintiff Metropolitan did not. Now pending before the Court is Metropolitan's

motion, filed on March 12, 2019, to extend the February 25, 2019 disclosure deadline. Doc. No.

1199. Metropolitan premises its motion on the assertion that the January 30, 2019, Order

expanded the scope of discovery dramatically, thus necessitating a substantially longer period for compliance. See id. at 2. Because continuances in Court-imposed scheduling deadlines require good cause, the Court examines the events that led to Judge Boal's January 30, 2019, Order.

On April 28, 2017, Plaintiffs identified First Boston Billing as a keeper of relevant records in its initial disclosures under Fed. R. Civ. P. 26(a)(1). Doc. Nos. 463-1 at 18; 464-1 at 60. On December 5, 2017, Defendants served a series of discovery requests on Plaintiffs. See Doc. No. 753 at 7. Among those requests was Request for Production No. 20, which called for "[a]ll documents concerning communications between you and any witness to any event(s) underlying this matter." Doc. No. 754-1 at 10. On March 15, 2018, Plaintiffs served on Defendants their responses and objections to the discovery requests, which included an objection to the production of Plaintiffs' communications with witnesses other than those contained within the claim files alleged as fraudulent in the Amended Complaint. Id. Clearly, the parties disputed the scope of discovery as to Request 20. Plaintiffs asserted discoverable material was limited to the claim files, while Defendants Jeffrey S. Glassman and the Law Offices of Jeffrey S. Glassman (collectively "the Law Firm Defendants") contended the boundaries were broader.

On July 24, 2018, the Law Firm Defendants filed a motion to compel production of various documents that their earlier discovery requests had sought. Doc. No. 753. The motion contended unequivocally that discovery reached First Boston Billing documents beyond documents contained within the files for the allegedly fraudulent claims. Id. at 23. In the motion, the Law Firm Defendants listed as a discovery matter "in dispute" "whether Plaintiffs must search for and produce communications with and concerning a billing company, First Boston Billing, which the pertinent clinics here used." Id. at 5. In laying out the background supporting the various discovery they were asking the Court to compel, they described First Boston Billing

as "an independent billing company . . . responsible for billing at issue based on medical records it received, at least until a few months before this lawsuit" was filed, thereafter apparently ceasing operations due to the passing of its principal. Id. at 7. They asserted that among the "missing items . . . critical to the defense" were "communications with or about First Boston Billing." Id. at 9. Later in their memo, under a separate bolded heading, the Law Firm Defendants referred specifically to Requests for Production Nos. 14, 20 and 32, specifically asserting that "Plaintiffs have not adequately searched for or produced generally their communications with or concerning First Boston Billing. There is no basis for Plaintiffs refraining from broad searches and productions of materials concerning First Boston Billing." Id. at 22–23. They also complained that Plaintiffs had not used "First Boston" or "FBB" as search terms when searching for responsive documents. Id. at 23.

Plaintiffs opposed the motion to compel. Doc. No. 768. As to the First Boston Billing issue, Plaintiffs made two points. First, Plaintiffs argued that the Court should "deny the [Law Firm] Defendants' request that the Court order the Plaintiffs to produce documents with or concerning First Boston Billing, as said records were produced in the Plaintiffs' claim file production." Id. at 6. In short, Plaintiffs contended that the Court should limit discovery related to First Boston Billing to the extent of that entity's appearance in the relevant claim files. Indeed, Plaintiffs had made the same argument to the Law Firm Defendants in the course of discovery letters, which they submitted to the Court in support of its opposition. See Doc. No. 768-1 at 3 ¶ 15. Second, Plaintiffs contended that First Boston Billing documents were not relevant at all because First Boston was involved in only a "limited number of claims." Doc. No. 768 at 6. Plaintiffs further argued that, even on those claims, First Boston's role was limited to sending

bills—various defendants, not First Boston, selected the CPT codes used, according to the Plaintiffs. Id.[1]

The Law Firm Defendants' reply brief squarely addressed the First Boston Billing issue. Doc. No. 784. Defendants reiterated that, in their view, First Boston's role in the billing process was disputed and that, given the nature of the claims in this case, "[t]here could hardly be much more important fact issues . . . than the role of an independent billing company, the very role of which would be to provide coding, quality control and compliance services." Id. at 17–18. Accordingly, they urged the Court to require Plaintiffs "to use 'First Boston' and 'FBB' as search terms, and then to produc[e] all responsive materials, including to Request for Productions Nos. 14, 20 and 32." Id. at 18. At the hearing on the Motion, Plaintiffs conceded "that they had not in fact used the search term 'FBB' or 'First Boston.'" Doc. No. 796 at 6.

In Judge Boal's September 7, 2018, ruling on the motion to compel, she noted that the Law Firm Defendants sought documents responsive to Requests for Production Nos. 14, 20 and 32 about First Boston Billing, and that Plaintiffs had stated that they agreed to produce these categories of documents, citing Plaintiffs' opposition. Doc. No. 796 at 6. The Order then stated:

> However, it is not clear that [Plaintiffs] have in fact searched for all responsive documents. For example, at the hearing, Plaintiffs acknowledged that they had not in fact used the search term "FBB" or "First Boston." The Court orders the Plaintiffs to search for and produce documents responsive to **these requests** within four weeks of the date of this order.

Id. (emphasis added).

This Order unequivocally (1) rejected the position that material outside the claim files was irrelevant to the case and therefore not responsive to, inter alia, Request for Production No.

---

[1] Plaintiffs also contended that the Law Firm Defendants did not properly confer with Plaintiffs about their request that Plaintiffs use "First Boston Billing" as a search term. Doc. No. 768 at 6. That issue is not now relevant.

20, and (2) required both Plaintiffs to search for and produce communications with First Boston

Billing beyond those included in the claim files. Doc. No. 796 at 5–6. The Order resolved the

dispute over the scope of discovery by rejecting Plaintiffs' limited view and endorsing the Law

Firm Defendants' broader view.[2] By the plain terms of the document request, Request for

Production No. 20 sought "documents" both "concerning" any "communications" between

Plaintiffs and "any witness" in the lawsuit and the communications themselves. Doc. No. 754-1

at 10. This sought the production of, <u>inter alia</u>, internal documents discussing First Boston

Billing. Whether this request <u>could</u> have been limited to the claim files is immaterial. Rule 26

considerations did not require such a limitation. Judge Boal expressly required the Plaintiffs to

comply with the request as written and conduct the searches necessary to produce the discovery

sought.

     At that point, Plaintiffs had four options. If they believed the Court did not say what it

meant or that the requirements of the Order were somehow unclear, Plaintiffs could have sought

clarification. They did not. If they believed reconsideration appropriate, they could have filed a

motion seeking such relief. They did not. If they believed the Order erroneous under the

applicable standard, they could have appealed Judge Boal's Order to the undersigned district

judge presiding over this lawsuit. They did not.[3] The only other available alternative was to

---

[2] In ruling on the July 24, 2018, motion to compel, Doc. No. 753, the Court did not need to determine whether the Law Firm Defendants' theory regarding First Boston Billing would carry the day. Rather, the Court needed only to determine whether the Law Firm Defendants had a plausible theory and whether the documents they sought were relevant to that theory. The September 7, 2018, Order, Doc. No. 796, therefore resolved only the relevance of further discovery on First Boston Billing, based on the record before the Court on First Boston Billing's role in the events underlying the case. It did not resolve the role of First Boston Billing for the purpose of the merits of this case, which is a question for summary judgment or trial.
[3] Plaintiffs have done all of these things repeatedly in this case on other issues.

comply with the Court's discovery order. To disregard the Order's clear mandate was not an option.

The Law Firm Defendants then not only pressed for the discovery Judge Boal ordered, but focused further on the First Boston issue in several other requests, serving supplemental requests for production that sought "[a]ll documents concerning inaccurate or otherwise improper billing by or involving First Boston Billing, including but not limited to correspondence, emails, notices, arbitration filings, and/or pleadings." Request for Production No. 4, Doc. No 880-1 at 3; see also Request for Production No. 13, id. at 7 (seeking "[a]ll documents concerning communications by [Plaintiffs] with each other before their entry into a joint defense agreement in this action or with other insurance carriers concerning . . . First Boston Billing"); Request for Production No. 3, id. at 2 (seeking "[a]ll documents concerning SIU transfer or assignment lists concerning in whole or in part First Boston Billing").

Unfortunately, Plaintiffs elected to disregard Judge Boal's ruling. They persisted in their view that discovery into First Boston Billing beyond the claim files was irrelevant. See Doc. No. 924-9 at 5.[4] On November 26, 2018, the Law Firm Defendants filed another motion to compel, asking the Court, inter alia, again to "compel the Carriers to search for and produce all materials concerning actual or potential inaccurate or improper billing by First Boston Billing." Doc. No. 880 at 12. The motion claimed that, despite the Court's September Order, Plaintiffs had "refused

---

[4] The Court has considered whether Judge Boal's March 15, 2019, ruling that Plaintiffs had waived work product privilege with respect to certain SIU documents, reversing in part her earlier ruling, Doc. No. 891, that such documents were privileged, can explain the sequence of events described in the text. It does not. Metropolitan has not even advanced this argument. In any event, Judge Boal's September 7, 2018, ruling, Doc. No. 796, and the discovery requests leading to the second motion to compel, Doc. No. 880, plainly required searching for and producing First Boston Billing documents in addition to the documents that Judge Boal's now-vacated ruling held were covered by work product privilege.

again to search for and produce such documents." Id. at 10. Instead, "without showing hit reports" reflecting their use of the search terms "First Boston" and "FBB," Plaintiffs had "claimed ambiguously that not much more exists." Id. The renewed motion to compel again made clear that the Law Firm Defendants' request for production sought all communications between Plaintiffs and First Boston Billing, not only those contained in the claim files already produced. Id. at 10. It also sought compliance with the three supplemental Requests for Production regarding First Boston Billing, Nos. 3, 4, and 13. Id. at 3.

Plaintiffs opposed the renewed motion to compel, stating that the Law Firm Defendants "continue to make wild and unfounded accusations against the Plaintiffs, attributing nefarious intent." Doc. No. 924 at 2. They wrote that the Law Firm Defendants' "continued diatribe regarding the production of documents concerning First Boston Billing reflects not only an unwillingness to accept a reality for which they have direct knowledge, but also an attempt to distort the record." Id. at 3. With respect to the production the Court had ordered in September, the opposition stated that "**Plaintiffs conducted the required search and have produced all responsive, non-privileged documents related to Request[s] for Production Nos. 14, 20 and 32, which called for documents, concerning First Boston Billing, pursuant to this Court's Order on the [Law Firm] Defendants' first Motion to Compel**." Id. at 5 (emphasis added). Plaintiffs further alleged that the Law Firm Defendants' claims to the contrary were made "with no good faith basis." Id.

Plaintiffs' opposition also renewed their arguments about the relevance of communications with First Boston Billing. Id. at 8. They argued that the Law Firm Defendants had "presented no proof that First Boston Billing or its role in relation to Savin Hill or Logan Chiro, has any relevance in this matter, and instead [sought] discovery concerning First Boston

7

Billing which is completely inconsistent with the evidence refuting that First Boston Billing had any responsibility in the determination of coding and prices." Id. at 7–8.

On December 20, 2018, Judge Boal held a hearing on, inter alia, the renewed motion to compel. See Doc. No. 962. At the hearing, Plaintiffs' counsel explained that Plaintiffs had performed "searches for First Boston Billing and FBB in connection with every single claim that's identified in this case. We ran it all. We've already turned over those." Doc. No. 1029 at 75. Counsel further stated that "there's been no limitation of search. . . . There's no, I'm not trying to be coy. I'm not trying to phrase it a certain way. It's as simple as the, both plaintiffs have searched First Boston." Id. at 80. When Judge Boal then directly questioned counsel about whether Plaintiffs had produced documents showing why First Boston had been placed on a list of billing providers about whom there existed concerns, counsel first disputed that such documents would be relevant. Id. at 80–83. Counsel then stated that "there's just no investigatory documents. There's no document that says let's put First Boston on a list. It just doesn't exist." Id. at 85.

On January 30, 2019, Judge Boal allowed the Law Firm Defendants' motion to compel in part. Doc. No. 1092. The Court's Order stated in relevant part:

> On September 7, 2018, this Court ordered the Plaintiffs to search electronic files for the relevant custodians for the terms "FBB" or "First Boston." Docket No. 796 at 6. To the extent that they have not already done so, Plaintiffs shall search electronic files, including email, for the relevant custodians and produce documents responsive to Request Nos. 3, 4, and 13. If Plaintiffs maintain that they have already done so, they shall provide a sworn certification, signed by counsel and an appropriate client representative, to that effect.

The Court ordered that such production be made by February 15, 2019. Id. at 3. Given the vigorous assertions Metropolitan and Commerce each made that they had run the searches without limitation, that they had therefore complied with the September 30, 2018, Order, that there was no further responsive material regarding First Boston Billing, and that the Law Firm

Defendants lacked a good faith basis to claim otherwise, the Court fully expected Metropolitan

and Commerce each to submit certifications that they had produced previously the First Boston

Billing discovery.

On February 13, 2019, Plaintiffs moved to extend the deadline for compliance with the

Court's January 30, 2019, Order. Doc. No. 1138. In their motion, Metropolitan and Commerce

reasserted their contention that Requests for Production Nos. 14, 20, and 32 "were limited to

solely to the subject claims in this litigation." Id. at 2. That assertion is simply untrue. Nothing in

the language of Request for Production No. 20, the briefing on the motions to compel, or the

plain terms of Judge Boal's Order even arguably supports such a contention.[5] As "proof" for this

contention, Metropolitan and Commerce stated that the Glassman Law Office's counsel

"recognized" this limitation at the December 20, 2018, hearing before Judge Boal. Id. at 2. The

passage Metropolitan and Commerce cite in no way supports their contention.[6] In any event, the

Court's rulings speak for themselves. If a party requires clarification, they must obtain such

clarification from the Court. Without comment, Judge Boal extended the compliance deadline to

February 25, 2019. Doc. No. 1139. Apparently, Commerce then complied with the extended

deadline. See Doc. No. 1199 at 3.

Metropolitan charted a different path. On or before February 25, 2019, it neither

complied nor sought an extension in the deadline to comply.[7] Instead, on February 25,

---

[5] Certainly, Plaintiffs wanted the Court to limit Request for Production No. 20 in that regard, but
they lost that battle on September 7, 2018. See Doc. No. 796 at 5–6.

[6] Counsel for the Glassman Law Office "recognized" that the requests at issue in the September
order were "narrower" than the supplemental requests that the Law Firm Defendants had served
in the interim, thus requiring additional searches even if Plaintiffs had complied with the earlier
Order. Doc. No. 1029 at 85:17–20. That does not suggest that the earlier requests were limited to
the claim files.

[7] The Court's January 30, 2019, Order had compelled the production of four categories of
documents other than the First Boston Billing documents. See Doc. No. 1092. Metropolitan

Metropolitan contacted counsel for the Law Firm Defendants to request assent to a motion for an extension. See Doc. No. 1199-2 at 4–5. After a series of communications between counsel, Metropolitan ultimately filed a motion on March 12, 2019, to extend the February 25, 2019, deadline. Doc. No. 1199. Its motion claims that the January 30, 2019, Order "for the first time" required Plaintiffs "to search their electronic files for the search terms 'FBB' or 'First Boston.'" Id. at 2. This claim, which is patently untrue for the reasons noted above, is part of the persistent pattern of disregarding the Court's rulings or attempting to rewrite this litigation's basic facts. See, e.g., Doc. Nos. 896 (noting that Plaintiffs redacted their own names from documents from which they had been ordered to redact "third-party named and identifiers"), 911 (noting that Plaintiffs had "unilaterally" limited the applicability of an Order compelling certain production), 945 (noting that Plaintiffs sought clarification of a "crystal clear" Order one day before compliance was required), 1199-2 at 3 (February 25, 2019, letter disputing that the Law Firm Defendants requested the First Boston Billing documents in December 2017). The motion also makes clear that Metropolitan first began searching for responsive First Boston Billing documents outside of the claim files at issue in this case only after the January 30, 2019, Order. See Doc. Nos. 1199-7 at 4, 1199 at 5.

When a litigant seeks an extension of time after a deadline has already passed, "she must show that her failure to request an extension in a timeous manner constitutes excusable neglect," which "encompasses inadvertence, mistake, or carelessness, as well as intervening circumstances beyond the party's control." Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc., 730 F.3d 23, 26 (1st Cir. 2013) (internal quotations and citations omitted). "Determining the

---

represented in its motion that it had completed document production with respect to those other four categories, Doc. No. 1199 at 2, and they are not now at issue.

existence vel non of excusable neglect is an equitable exercise that takes into account the totality of the circumstances." Id. at 27.

Metropolitan has no sufficient reason for failing to seek an extension prior to the deadline. In addition, as the Court has previously stated, the Court's Orders and Court-established deadlines are not subject to change at Metropolitan's sole discretion. However, there are two considerations that do warrant an extension: first, that the defendants are entitled to the Court-ordered production of the documents at issue, and second, that, based on the affidavit from its Director of Litigation Support, Doc. No. 1199-7, Metropolitan now appears to be working diligently to produce the discovery ordered. In light of these considerations, the totality of the underlying circumstances, and the schedule governing this case, the motion for extension of time, Doc. No. 1199, is ALLOWED IN PART to April 5, 2019, subject to three further points that follow.

First, the Court awards the Law Firm Defendants their reasonable attorney fees and expenses in securing compliance with the September 7, 2018, Order, including the motion to compel resulting in the January 30, 2019, Order. Metropolitan and Commerce shall each pay one-half of this award. In addition, Metropolitan alone shall pay the Law Firm Defendants reasonable attorney fees and expenses relating to the motion for extension of time, Doc. No. 1199, including those incurred for the communications between counsel. See Fed. R. Civ. P. 37(b)(2)(C).

The Law Firm Defendants shall submit their claimed fees and expenses by April 11, 2019. They shall provide the same to Plaintiffs by April 5, 2019, so that the parties may confer in advance of the filing. Any response to the submission is due seven days after its filing. Neither

Metropolitan nor Commerce waive any objection to the <u>award</u> of fees by agreeing that the amount of some or all of the awarded fees and expenses is reasonable.

Second, in its motion, Metropolitan also seeks "reconsideration" regarding what it asserts is a requirement to enable searches of the documents in its Trexo system of claim files. Doc. No. 1199 at 7–9. Previously, the Court ordered Metropolitan to make available to the defendants a terminal for electronic access to this claim database. <u>See</u> Doc. No. 838. Nothing in the briefing or Judge Boal's orders requires or even suggests that Metropolitan must spend the hundreds of thousands of dollars it says it would cost to convert the documents within this database to a different format to permit a text search across claims for First Boston Billing. The focus of the entire course of discovery here has been on internal discussions regarding First Boston Billing. Indeed, the Law Firm Defendants never argued for such search capabilities; disclaimed interest in, for example, billing cover sheets from First Boston Billing at the December hearing, Doc. No. 1029 at 77; and have now specifically disclaimed interest in that type of search, <u>see</u> Doc. No. 1234 at 3. Accordingly, the request for reconsideration is DENIED AS MOOT.[8]

Third, Commerce and Metropolitan shall each file an affidavit, in the form described in Judge Boal's January 30, 2019, Order, certifying compliance with all aspects of both the

---

[8] In any event, the time to raise this issue was after the Court's September 7, 2018, Order, Doc. No. 796, not in the second motion for extension of time to comply with the Court's January 30, 2019, Order, Doc. No. 1092.

September 7, 2018, and January 30, 2019, Orders. These affidavits shall be signed by the person

within each company responsible for the productions. They shall be filed by April 5, 2019.


SO ORDERED.


 /s/ Leo T. Sorokin                          /s/ Jennifer C. Boal
Leo T. Sorokin                              Jennifer C. Boal
United States District Judge                United States Magistrate Judge