UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, and THE COMMERCE INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| SAVIN HILL FAMILY CHIROPRACTIC, INC., LOGAN CHIROPRACTIC, INC., LAW OFFICES OF JEFFREY S. GLASSMAN, LLC, METRO COACH, INC., JEFFREY S. GLASSMAN, ESQ., BRANDY SOTO, HEGER ASENJO, KENNETH RAMOS, TONY RAMOS, WILLIAM HERNANDEZ, RICHARD MCGOVERN, D.C., MARSELLA IMONTI, D.C., ALLISON ROBIN, D.C., CHARLES RONCHETTI, D.C., TARA O'DESKY, D.C., ARISMENDY RAMOS, MAXIMO SOTO, APRIL STEWART, TANISHA RAMOS, and KARLA MENDOZA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.: 1:15-CV-12939-LTS |
| Defendants. | ) ) | |

**AUTO INJURY SOLUTIONS, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION BY LAW OFFICES OF JEFFREY S. GLASSMAN TO ENFORCE SUBPOENA *DUCES TECUM* ON AUTO INJURY SOLUTIONS, INC.**

Non-party respondent Auto Injury Solutions, Inc. ("AIS") received a subpoena *duces tecum* from movant the Law Offices of Jeffrey S. Glassman ("Movant"). AIS has already begun gathering documents—amounting to thousands of pages thus far—and has informed Movant that it intends to respond to the subpoena, subject to Rule 45's protections from undue burdens placed on non-parties. Because AIS is complying with Movant's subpoena, producing documents in the

{H0094215.1}   1

coming weeks, and willing to confer in good faith with Movant's counsel regarding its document production going forward, Movant's motion should be denied as moot.

## I. BACKGROUND

Movant served AIS with a subpoena *duces tecum* seeking production of documents. *See* No. 19-mc-114 (ALC), ECF No. 2-3 (the "Subpoena). GLO filed the instant motion to compel (the "Motion") on Monday, March 11, 2019, in the United States District Court for the Southern District of New York. No. 19-mc-114 (ALC), ECF. No. 1. On March 22, 2019, the District Court for the Southern District of New York ordered the Motion transferred to this Court pursuant to Rule 45(f). No. 19-mc-114 (ALC), ECF No. 7.

On March 21, 2019, AIS's counsel wrote to GLO's that AIS was in the process of "search[ing] for and identify[ing] the records you seek." *See* March 21, 2019 Email fr. A. Schrag to P. Duffy (Ex. 1 hereto). AIS noted a large volume of potentially responsive documents but "re-iterated [AIS's] intention to produce all non-privileged, non-work product documents responsive to the [S]ubpoena to the extent it can do so without undue burden in violation of FRCP 45(d)." *Id.* AIS provided an estimate of timing, including that AIS's counsel would begin to receive documents from AIS by March 29, 2019 and would "begin producing them to you promptly thereafter on a rolling basis." *Id.* On that basis, AIS noted that "it seems prudent for the parties to resolve the motion to compel by agreement to avoid unnecessarily burdening the Court with a matter that will soon be resolved by agreement," and suggested continuing the Motion until May 1, which would allow AIS to complete its production and Movant to review it. *Id.* Because Movant's counsel never responded to that offer, AIS submits this opposition to the Motion to preserve its rights and inform the Court of its ongoing efforts to comply with the Subpoena.

## II.  ARGUMENT

AIS is complying with the Subpoena.  Subject to Rule 45's protection for non-parties, AIS's stated commitment to "produce all non-privileged, non-work product documents responsive to the [S]ubpoena to the extent it can do so without undue burden" holds firm.  *See* Ex. 1.  AIS has not objected to the Subpoena, and is going to produce its responsive, non-privileged, non-work product documents in response to it.

In fact, AIS is already in the process of doing so.  AIS performs medical bill review services for plaintiff The Commerce Insurance Company ("Commerce"), and in connection to that work, appears to have maintained a substantial number of records responsive to the Subpoena.  AIS has already collected potentially responsive documents regarding nearly eight hundred individuals insured by Commerce, amounting to thousands of pages, which were delivered to AIS's counsel yesterday.  AIS's counsel is now reviewing them for privilege and confidentiality.  Following that review, and a short (approximately 48-hour) processing time for the application of Bates and confidentiality labels, AIS will produce non-privileged, non-work product documents responsive to the Subpoena on a rolling basis, beginning next week.  The Motion is thus moot.  *See Financial Guaranty Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 88 (S.D.N.Y. 2016) ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot.").  For that reason, the Motion should be denied without prejudice, to allow Movant to review AIS's upcoming document production and renew the Motion only if necessary.

AIS's has made its compliance with the Subpoena clear to Movant.  *See* Ex. 1 (stating that AIS intends "to produce all non-privileged, non-work product documents responsive to the [S]ubpoena to the extent it can do so without undue burden in violation of FRCP 45(d)").

Although Movant has not agreed to continue this Motion or otherwise resolve it by agreement, the Court may deny the Motion without prejudice, and without impinging on any of Movant's rights. *Ferring Pharmaceuticals Inc. v. Braintree Laboratories, Inc.*, 168 F. Supp. 3d 355, 362 (D. Mass. 2016) (denial without prejudice "did not bar [movant] from renewing the motion at a later stage"). Indeed, denial without prejudice would preserve judicial resources, and encourage Movant to clarify any purported shortcomings in AIS's production after AIS has actually produced documents—which AIS is going to do—rather than before. *Cf.* L.R. 7.1(a)(2) ("No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."); *A.J. Amer Agency, Inc. v. Astonish Results, LLC*, 2013 WL 9663951 (D. R.I. 2013) (ordering parties to meet and confer in good faith to define scope of discovery dispute rather than ruling on merits of motion to compel discovery).

### III.     CONCLUSION

For the foregoing reasons, AIS respectfully requests that the Court deny GLO's Motion to Compel without prejudice, and issue an appropriate order requiring AIS and Movant to meet and confer in good faith regarding any future disputes over the scope of AIS's response to the Subpoena, and requests such further relief as the Court deems appropriate.

Respectfully Submitted,

**AUTO INJURY SOLUTIONS, INC.**,

By Its Attorney,

/s/ Michael S. Batson

Michael S. Batson, BBO No. 648151
mbatson@hermesnetburn.com
Matthew F. Renna, BBO No. 691589
mrenna@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
& SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110
Tel: (617) 728-0050

Dated: March 29, 2019

## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on March 29, 2019.

/s/ Michael S. Batson

Michael S. Batson

{H0094215.1}                                5