UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAVIN HILL FAMILY CHIROPRACTIC, INC., et al., <br><br> Defendants. | Civil Action No. 15-12939-LTS |

ORDER ON LAW OFFICES OF JEFFREY S. GLASSMAN, LLC MOTION TO COMPEL
RESPONSES TO SUBPOENA BY MEDICAL EVALUATION SPECIALISTS, INC.
[Docket No. 992]

April 1, 2019

On January 7, 2019, defendant Law Offices of Jeffrey S. Glassman, LLC (the "Law Firm") moved to compel the production of records held by non-party Medical Evaluation Specialists, Inc. ("MES"). Docket No. 992. MES contracts with doctors and other health care professionals to conduct independent medical examinations ("IMEs") and independent medical reviews ("IMRs"), peer reviews, and other related services for its clients, including the Plaintiffs. Docket No. 1077 at 3. From 2011 to the present, MES opened a combined total of approximately 18,237 matters for the Plaintiffs. Id.

The Law Firm served a subpoena on MES seeking certain categories of documents, including documents regarding patients of defendants Logan Chiropractic, Inc. ("Logan") or Savin Hill Family Chiropractic, Inc. ("Savin Hill"). See Docket No. 993-3. With respect to Requests 1, 2, 4, 6, and 10, MES objects on the grounds that such documents could and should

1

have been obtained directly from the Plaintiffs.  Docket No. 1077 at 6-8.  There is no rule against obtaining documents from a third party, especially where, as here, it is not clear that the Plaintiffs have in fact produced such documents.  Accordingly, this objection is overruled.

With respect to Requests Nos. 2, 3, 4, 7, 8, 9, 10, MES objects on the grounds of undue burden.  Those requests seek certain categories of documents regarding Logan and Savin Hill patients.  According to MES, it does not categorize its files for IMEs and record reviews based upon the underlying treating provider and, therefore, it would have to review all 18,237 files in order to find responsive documents.[1]  Docket No. 1077 at 9.  It estimates that such review will take 6,000 hours to perform.  Id. at 11; Docket No. 1077-1 at 2.  However, at the hearing on this matter, MES indicated that it would be able to search its files by patient name and the Law Firm indicated that it would be able to provide a list of approximately 1,000 patients for which it seeks responsive documents.  Accordingly, the Law Firm will provide the list of patients to MES within one week.  Within two weeks thereafter, MES shall search its files for those names and produce documents responsive to Requests Nos. 2, 3, 4, 7, 8, 9, and 10 based on those searches.[2]

---

[1] This Court notes that the subpoena is broader than the 18,237 matters that MES handled for the Plaintiffs.  Requests 3, 7, and 8 seek documents regarding patients of Logan and Savin Hill generally, regardless of whether they were related to matters involving the Plaintiffs.

[2] Plaintiffs objected to the production of documents responsive to Requests Nos. 2, 3, 4, 7 and 10 on the grounds that they are protected by the work product doctrine and argued that this Court had already so found.  Docket No. 1060 at 4-5, 8-9.  This Court has not in fact so ruled.  In addition, this Court notes that it recently found that the Plaintiffs had waived attorney work product as to certain categories of SIU documents.  See Docket No. 1205.  Accordingly, to the extent that the Plaintiffs or MES contend that responsive documents are privileged, they must produce a privilege log.

It shall also produce documents responsive to Requests Nos. 1 and 6 and, if necessary, a privilege log.[3]

**So Ordered.**

      /s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE

---

[3] At the February 20, 2019 hearing, MES represented that it does not have documents responsive to Request No. 5.