UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY and THE COMMERCE INSURANCE COMPANY,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SAVIN HILL FAMILY CHIROPRACTIC, INC. et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 15-12939-LTS |

ORDER ON MOTION TO COMPEL (MISC. NO. 1)[1]

April 4, 2019

SOROKIN, J.

On April 7, 2018, and May 10, 2018, the Law Offices of Jeffrey S. Glassman ("the GLO") served subpoenas duces tecum on Michael Frustaci and Rick Cuomo, respectively. See Misc. No. 3 at 4; Doc. No. 1263-5. Neither produced any documents in response to the subpoenas. Misc. No. 3 at 4. Accordingly, GLO filed this motion to compel Frustaci and Cuomo to produce documents responsive to one category of the requests in its subpoenas. Misc. No. 1.[2] Frustaci and Cuomo opposed the motion. Doc. Nos. 1227, 1229.

---

[1] Docket entries in the miscellaneous case, Misc. No. 19-91104-LTS, created by the transfer of this motion to compel from the Southern District of New York are cited as "Misc. No.", while docket entries in the above-captioned case are cited as "Doc. No.".

[2] The motion to compel was originally filed in the Southern District of New York, see Law Offices of Jeffrey S. Glassman, LLC v. Frustaci et al, No. 19-MC-00109-GBD (S.D.N.Y. filed Mar. 7, 2019), and subsequently transferred back to this Court, Misc. No. 6.

Cuomo first asserts a preliminary objection applicable only to him. He claims that the motion to compel "must be denied because Cuomo was never served with the Subpoena." Doc. No. 1230 at 3. In support thereof, Cuomo submitted an affidavit in which he states that he "was never served with a copy of the Subpoena Duces Tecum that is the subject of this Affidavit at [his] current residential/business address in Norwalk, CT." Doc. No. 1230-1 at 2.

This argument lacks a factual basis and borders on frivolous. The motion papers contain an affidavit that establishes proper service. Doc. No. 1263-5. Nothing in Cuomo's submission supports the contention that he was not served or contradicts the assertion that he was served. Rather, he claims only that he was not served at his residential or business address. Cuomo offers no authority that requires or even suggests that service on an individual must take place at their residential or business address. Cf. Fed. R. Civ. P. 45(b)(2) ("A subpoena may be served at any place within the United States.").[3] Accordingly, the Court concludes that the GLO served the subpoena on Cuomo as required and turns to the merits of Frustaci and Cuomo's objections.[4]

Frustaci and Cuomo make two principal arguments in opposition to the pending motion to compel. They first argue that the subpoena is essentially an end run around the expert disclosure schedule established by the Court. Doc. Nos. 1228 at 3, 1230 at 5; see also Doc. No. 1216 at 13 (establishing expert discovery schedule). But the Court has previously found that Frustaci and Cuomo are both fact and expert witnesses. Doc. No. 1216 at 11 n.8. In these unusual circumstances, the subpoena does not circumvent the expert discovery schedule, nor does Fed. R.

---

[3] The motion papers raise serious questions about the veracity of the assertions in Cuomo's affidavit. Compare Doc. No. 1230-1 at 1–2 (Cuomo asserting, inter alia, that he has not conducted business at the Greenwich address served since July 2009) with Doc. No. 1263-4 at 1 (April 15, 2012 document created by Cuomo bearing the Greenwich address served). The Court need not answer these questions to resolve the pending motion.

[4] Frustaci does not challenge the sufficiency of service.

Civ. P. 45 require the GLO to seek this information from the Plaintiffs rather than from Frustaci and Cuomo.

Frustaci and Cuomo next argue that the subpoenas are overly burdensome and seek information irrelevant to the underlying matter. Doc. Nos. 1228 at 3, 1230 at 4. Given the nature of the claims and counterclaims in this matter, Frustaci and Cuomo's extensive role in the underlying events, the information sought by the subpoena clearly bears on witness bias and is therefore relevant and discoverable. Further, the GLO is only pressing one narrow category of documents requested by its original subpoenas, see Misc. No. 1 at 2, and Frustaci and Cuomo have not provided any attestation, such as an affidavit, as evidence of the burden of producing the documents now sought.

Accordingly, the motion to compel, Misc. No. 1, is ALLOWED. Frustaci and Cuomo shall produce the documents sought by April 15, 2019.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge