UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY and THE COMMERCE INSURANCE COMPANY,<br>　　　　Plaintiffs,<br><br>v.<br><br>SAVIN HILL FAMILY CHIROPRACTIC, INC. et al.,<br>　　　　Defendants. | C.A. No. 1:15-CV-12939-LTS |

**MOTION TO EXTEND TIME FOR NON-PARTIES GOVERNMENT EMPLOYEES INSURANCE COMPANY & GEICO GENERAL INSURANCE COMPANY TO PROVIDE ADDITIONAL RESPONSES TO SUBPOENA DUCES TECUM BY THE DEFENDANT JEFFERY S. GLASSMAN**

　　NOW COME non-parties Government Employees Insurance Company and GEICO General Insurance Company (hereinafter collectively referred to as, "GEICO") and respectfully request that the Court permit an additional 60 days, up to and including, June 26, 2019, for GEICO to provide additional responses to the Keeper of Records subpoena (the "Subpoena") issued by the defendant Law Offices of Jeffrey S. Glassman, LLC ("GLO"), and as modified by this Court's Orders of February 20, 2019 (Dkt. No. 1157) and April 4, 2019 (Dkt. No. 1269) and by agreement of the parties, the scope of which is set forth in the Joint Status Report filed on April 9, 2019 (Dkt. No. 1277).  In support of its Motion, GEICO states as follows:

　　1.　　GEICO has made, and continues to make, good faith diligent efforts to identify, locate and produce all responsive documents to the Subpoena as modified by the Court's orders and by agreement of the parties.  To date, GEICO has produced in excess of 3,000 pages of responsive

1

documents. GEICO also has searched nearly 140,000 email communications in GEICO's email system for responsive documents meeting the parties' agreed upon data criteria. However, following a diligent review, none of those emails were responsive to the Subpoena, as modified. GEICO has, therefore, produced any and all responsive documents to the Subpoena, as modified, that are in its current control, custody, and possession.

2. GEICO has also agreed to search and produce additional responsive documents from 18 of GEICO's off-site Magnetic Disaster Recovery Backup Data Tapes, which are currently in the process of being decrypted and restored by a third-party vendor so that GEICO may perform the necessary searches at and for the parties' agreed upon data criteria. This restoration process is the final stage GEICO must undertake to comply with the Courts orders and the parties' agreement. Once the decryption environment is up and running, GEICO intends to decrypt, process, and review each tape on a rolling basis so that GEICO can produce any additional responsive documents to GLO as they become available. In other words, GEICO will produce, on a rolling basis, any additional responsive documents from the 18 of GEICO's Backup Data Tapes to GLO as soon as conceivably possible.

3. In short, GEICO (a non-party) has made, and is continuing to make, good faith and diligent efforts to comply with the Courts orders and the parties' agreement. Notwithstanding these efforts, GEICO requires additional time to decrypt, process, and review the documents included on the 18 Backup Data Tapes for responsiveness and attorney-client privilege. To be clear, GEICO's request for additional time is solely because of the time necessary for its third-party vendor to complete the decryption process and the time counsel expects it will take to review the decrypted documents. It is not related in any way to GEICO's decision to retain new counsel in connection

with this matter.

4.      This extension will not prejudice the parties but, rather, is consistent with the parties' understanding that GEICO had until April 26, 2019 to produce any additional responsive documents it located on its active email system and to move, without prejudice, for additional time to the extent necessary to complete the reconstruction process with its archival company. (Dkt. No. 1277). Furthermore, as stated above, GEICO will make its best effort to produce any additional responsive materials, on a rolling basis, on or before June 26, 2019 -- nearly a month prior to the parties' deadline to complete all fact depositions in this case (Dkt. No. 1216).

WHEREFORE, GEICO respectfully requests that the Court permit an additional 60 days, up to and including, June 26, 2019, for GEICO to provide additional responses to the Subpoena, as modified the Court and by agreement of the parties, on a rolling basis as set forth herein.

Respectfully Submitted,

Government Employees Insurance Company
and GEICO General Insurance Company

By its Attorneys,

/s/ James L. Tuxbury
James L. Tuxbury (BBO # 624916)
Tara A. Singh (BBO #697128)
HINCKLEY, ALLEN & SNYDER, LLP
28 State Street
Boston, Massachusetts 02109
Tel: 617-378-4314
Fax: 617-345-9020
jtuxbury@hinckleyallen.com
tsingh@hinckleyallen.com

**LOCAL RULE 7.1 CERTIFICATE**

In accordance with Local Rule 7.1, I hereby certify that on April 26, 2019, I conferred with counsel for the GLO via email in an attempt in good faith to resolve or narrow the issues that are the subject of this motion. Notwithstanding these efforts, the parties were unable to resolve or otherwise reach an agreement as to these issues.

/s/ James L. Tuxbury

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on April 26, 2019.

/s/ James L. Tuxbury