UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY and THE COMMERCE INSURANCE COMPANY, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 15-12939-LTS ) |
| SAVIN HILL FAMILY CHIROPRACTIC, INC. et al., | ) ) ) ) |
| Defendants. | ) ) |

ORDER ON MOTION FOR RECONSIDERATION (DOC. NO. 1282)

May 2, 2019

SOROKIN, J.

Pending before the Court is Commerce's motion for reconsideration, Doc. No. 1282, of the Court's earlier Order on case management, Doc. No. 1216. Since Commerce joined this case as a new plaintiff in the Amended Complaint, Metropolitan and Commerce have, to the Court's recollection, made all of their filings prior to this one together, except in one other instance.[1] Here, Commerce alone seeks additional depositions and to compel further production by certain defendants. Plaintiffs offer no explanation for why they are proceeding separately. Now, as throughout this litigation, they are represented by the same law firm. In light of the history of this litigation, this unexplained behavior in which one Plaintiff seeks relief for both Plaintiffs raises

---

[1] When Metropolitan alone failed to meet a discovery deadline, it moved alone for an extension to that deadline. Doc. No. 1199. Metropolitan has also now made other filings on its own. See Doc. Nos. 1302, 1303, 1309. The Court does not now address those filings.

concerns. The Court sets these concerns to the side, however, and does not consider them in resolving this motion.

The Court presumes familiarity with its prior discovery rulings, and this Order does not recount that long history. See Doc. Nos. 507, 591, 806, 1057, 1102, 1216 (setting the scope of discovery and establishing and extending case management deadlines). On this backdrop, Commerce makes two requests for reconsideration of the Court's most recent scheduling order, Doc. No. 1216.

"[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). They "are not to be used as a vehicle for a party to undo its own procedural failures or allow a party to advance arguments that could and should have been presented to the district court prior to judgment." Id. (internal quotations and citations omitted). Because Commerce's motion seeks revision of the scheduling order in this case, Commerce must also demonstrate that good cause exists for such a change at this point. See O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir. 2004).

First, Commerce asks the Court to reopen paper discovery as to the Clinic Defendants. Doc. No. 1283 at 10–14. Nearly two years ago, the Court ordered the Clinic Defendants to disclose certain patient files related to the claims in this case. Doc. No. 507. Thereafter, Magistrate Judge Boal issued various orders requiring the Clinic Defendants to produce certain documents. See, e.g., Doc. No. 699. The Clinic Defendants then produced some paper files and gave Plaintiffs at least some access to electronic files. Doc. No. 1283 at 5–6.

On August 15, 2018, the Clinic Defendants both declared bankruptcy. Doc. Nos. 771, 772. After the Clinic Defendants entered bankruptcy, Plaintiffs at no point asked the Bankruptcy Court to issue a protective order requiring preservation of the documents sought, to require the bankruptcy trustee to take physical possession of physical and electronic files, or to allow Plaintiffs to review the remaining evidence.[2] Before the September 5, 2018, hearing on a revised schedule for this case, see Doc. No. 795, Plaintiffs could have, but did not, seek to stay the entire case pending resolution of the bankruptcies or advised the Court that they would need to revisit and reopen clinic discovery if either entity emerged from bankruptcy. Similarly, their subsequent motion, Doc. No. 801, failed to make such a request, despite its extensive discussion of the Clinic Defendants' bankruptcies.

Three months into the bankruptcy proceedings, Plaintiffs finally moved to lift the automatic stay that resulted from the Clinic Defendants' bankruptcies. Doc. No. 1283 at 6. On January 29, 2019, with the bankruptcy trustee's concurrence, the bankruptcy stay was lifted. See Doc. No. 1087. Neither then nor in their later motion to revise the schedule did Plaintiffs account in any way for reopening paper discovery as to the Clinics. Now, all the motions to compel have been resolved, the resulting discovery completed, the reports of Plaintiffs' experts produced,[3] and the first depositions taken. The trial date in this matter, which has long been firmly set, see Doc. No. 806 at 2, is now six months away.

---

[2] Instead, four years into this litigation, Plaintiffs still have not completed a review of the files now long available to them.

[3] Plaintiffs' expert reports by Michael Frustaci and/or Rick Cuomo were to be disclosed by May 1, 2019. Doc. No. 1216 at 13. The Court assumes that the reports were disclosed timely and reminds the parties that the Court anticipates no extension to any deadline now established in this case. Id.

In these circumstances, reopening paper discovery at this point would cause substantial disruption to the schedule for the remainder of this litigation. It would affect expert disclosures, depositions taken, and deposition preparation underway, and interfere with the capacity of the parties to meet the established schedule. Significantly, Commerce's request articulates no relationship between the additional discovery sought and the schedule now established in this case. Commerce offers no explanation for how the additional discovery would bear on the schedule. It does not even articulate specifically what discovery Commerce wants or a timetable for such discovery, let alone how this would intersect with the existing schedule. This falls woefully short of good cause or a basis for reconsideration.[4]

Commerce points out that new counsel for the Clinic Defendants recently entered an appearance, Doc. No. 1254, whereas the clinics were unrepresented and seemingly headed for default at the time of Commerce's prior motion to revise the schedule, Doc. No. 1283 at 10. Commerce misapprehends the significance of this fact. If the documents possessed by the clinics are as significant to Plaintiffs' pending claims as Commerce suggests, Commerce should have pursued them diligently, any possible defaults notwithstanding. To the extent the documents are significant only to the Clinic Defendants' counterclaims, Commerce has failed to propose a reasonable discovery plan, as described above, or to address the issues that might arise from the documents' use.[5] Accordingly, Commerce's request to reopen written discovery is DENIED.

---

[4] The Court further notes that Plaintiffs have not been diligent in taking discovery in this matter. The Court has been warning both Plaintiffs from the outset of this litigation that they bear the burden of proving their case as to each defendant they elected to sue. They have had ample opportunity to take party discovery, and nothing precluded depositions either on the substance of Plaintiffs' claims or on the deponent's knowledge of relevant records before the Clinic Defendants' bankruptcies. Instead, Plaintiffs elected to take no depositions. Doc. No. 1082 at 1.
[5] The Court takes no position now on issues that might arise if the Clinic Defendants seek to offer at trial a document that would have been responsive to a timely, properly propounded discovery request but was never in fact produced. Plaintiffs' motion for reconsideration does not

4

Second, Commerce requests to take the depositions of the six Employee Defendants.[6] When the Court revised the schedule for this litigation in January, Doc. No. 1102, Plaintiffs did not propose a reasonable schedule that included depositions of the Employee Defendants. Plaintiffs similarly made no reasonable proposal including such depositions when the Court later revised the schedule yet again. See Doc. No. 1216. As a result, Plaintiffs are currently authorized to take the depositions of only the ten people they identified in their papers as their ten depositions as of right. See Doc. No. 1216 at 9; Doc. No. 1141 at 4–5. The ten depositions Plaintiffs chose based upon the presumptive limit of ten did not include the Employee Defendants. Id. Now, for the first time, Commerce proposes taking depositions of the Employee Defendants that are limited to two hours per deponent. Doc. No. 1282 at 2.

This request is also DENIED. Commerce offers no plan for completing the additional depositions they request within the time that now remains for fact depositions. Plaintiffs have already failed to meet discovery deadlines on numerous occasions. See Doc. No. 1250. They provide neither assurance nor, more importantly, a reasoned plan to accomplish the additional depositions. Realistically, each additional two-hour deposition would take at least a half-day, including time for questions from other Defendants and possibly the Employee Defendants' own counsel. See Doc. No. 1216 at 11 (providing time for Plaintiffs' questions at time-limited depositions to be taken by Defendants). The additional depositions therefore add at least three business days of depositions into already tight period for fact depositions, of which only just over

---

raise this issue as a justification for reopening discovery, thereby forfeiting it as an argument for the instant motion. However, nothing in this Order should be read as an authorization to Clinic Defendants to use such documents either in their defense or to prove their counterclaims. The Court declines to address at this point the hypothetical issues that such use might raise.

[6] The six Employee Defendants are William Hernandez, Maximo Soto, Arismendy Ramos, Tanisha Ramos, Karla Mendoza, and April Stewart.

sixty business days remain. The other thirty depositions already allowed will require nearly thirty full business days under the best of circumstances. <u>See</u> Doc. No. 1216 at 9–11. At this point, adding three additional days of depositions, which, given potential scheduling issues, may well require as many as six different dates, is therefore very significant. The Court concludes, based on Plaintiffs' conduct in this case, that they will not be able to accomplish the depositions on the allowed timeline. Their failure to offer a reasoned plan confirms the Court's conclusion.

For the foregoing reasons, Commerce's motion for reconsideration, Doc. No. 1282, is DENIED in its entirety.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge